**R. GIBSON PAGTER, JR.**
California State Bar No. 116450
**PAGTER AND MILLER**
525 N. Cabrillo Park Drive, Suite 104
Santa Ana, CA 92701
Telephone: (714) 541-6072
Facsimile: (714) 541-6897
Email: gibson@pagterandmiller.com

Attorneys for CARL H. REINHART
Debtor and Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No. 8:09-bk-16774 TA |
| | Chapter 11 |
| CARL H. REINHART, | DEBTOR'S CHAPTER 11 ORIGINAL PLAN |
| | <u>Disclosure Statement Hearing</u><br>Date: May 5, 2010<br>Time: 10:00 a.m. |
| Debtor and<br>Debtor-in-Possession. | Ctrm: 5B<br>    411 W. 4th St<br>    Santa Ana, CA 92701 |
| | <u>Plan Confirmation Hearing</u><br>See Disclosure Statement for Voting and<br>Objecting Procedures<br>Date:<br>Time:<br>Ctrm: 5B<br>    411 W. 4th St<br>    Santa Ana, CA 92701 |

///

///

plan

## TABLE OF CONTENTS

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 3 |
| II. | CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS | | 3 |
| | A. | General Overview | 3 |
| | B. | Unclassified Claims | 3 |
| | | 1. Administrative Expenses | 4 |
| | | 2. Priority Tax Claims | 5 |
| | C. | Classified Claims and Interests | 5 |
| | | 1. Classes of Secured Claims | 5 |
| | | 2. Classes of Priority Unsecured Claims | 24 |
| | | 3. Class of General Unsecured Claims | 24 |
| | | 4. Class(es) of Interest Holders | 25 |
| | D. | Means of Performing the Plan | 25 |
| | | 1. Funding for the Plan | 25 |
| | | 2. Post-confirmation Management | 25 |
| | | 3. Disbursing Agent | 25 |
| III. | TREATMENT OF MISCELLANEOUS ITEMS | | 26 |
| | A. | Executory Contracts and Unexpired Leases | 26 |
| | | 1. Assumptions | 26 |
| | | 2. Rejections | 26 |
| | B. | Changes in Rates Subject to Regulatory Commission Approval | 27 |
| | C. | Retention of Jurisdiction | 27 |
| IV. | EFFECT OF CONFIRMATION OF PLAN | | 27 |
| | A. | Discharge | 27 |
| | B. | Revesting of Property in the Debtor | 27 |
| | C. | Modification of Plan | 27 |
| | D. | Post-Confirmation Status Report | 28 |
| | E. | Quarterly Fees | 28 |
| | F. | Post-Confirmation Conversion/Dismissal | 28 |
| | G. | Final Decree | 29 |

I.

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

plan

I.

## INTRODUCTION

CARL H REINHART ("REINHART" or "DEBTOR") is the Debtor in the above Chapter 11 bankruptcy case. On July 7, 2009, Debtor commenced his bankruptcy case by filing a voluntary Chapter 11 petition under the United States Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. §101 et seq. This document is the Chapter 11 Plan ("Plan") proposed by Mar Vista Development Corporation ("Plan Proponent"). Sent to you in the same envelope as this document is the Disclosure Statement which has been approved by the Court, and which is provided to help you understand the Plan.

This is a reorganization plan. DEBTOR seeks to accomplish payments under the Plan by sales of certain real property, new loans secured upon certain real property, and the use of personal services income. The Effective Date of the proposed Plan is 30 days after entry of an Order approving the Plan.

II.

## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

**A.    General Overview**

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code. The Plan states whether each class of claims or interests is impaired or unimpaired. The Plan provides the treatment each class will receive under the Plan.

**B.    Unclassified Claims**

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

-3-

plan

automatically entitled to specific treatment provided for them in the Bankruptcy Code. As such, the Proponent has not placed the following claims in a class. The treatment of these claims is provided below.

### 1.    Administrative Expenses

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case which are allowed under Code Section 507(a)(1). The Code requires that all administrative claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment. Pagter and Miller, general counsel to the Debtor and Debtor-in-Possession is an administrative expense claimant. Bob Chapman and Coast Sotheby's International Realty is an administrative expense claimant.

The following chart lists all of the Debtor's §507(a)(1) administrative claims and their treatment under this Plan.

| NAME | AMOUNT OWED | TREATMENT |
|------|-------------|-----------|
| Pagter and Miller | Approx. $5,000-15,,000 | Paid in full upon approval of Fee Application, or thereafter |
| | | |
| | | |

Court Approval of Fees Required:

The Court must approve all professional fees listed in this chart. For all fees except Clerk's Office fees and U.S. Trustee's fees, the professional in question must file and serve a properly noticed fee application and the Court must rule on the application. Only the amount of fees allowed by the Court will be required to be paid under this Plan.

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6932

plan

### 2.    Priority Tax Claims

Priority tax claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8). The Code requires that each holder of such a 507(a)(8) priority tax claim receive the present value of such claim in deferred cash payments, over a period not exceeding six years from the date of the assessment of such tax.

The following chart lists all of the Debtor's Section 507(a)(8) priority tax claims and their treatment under this Plan.

a.    Internal Revenue Service: 2007 income taxes and interest thereon to the Petition Date of approximately $33,000. REINHART will pay this sum, and any related penalties, with accrued interest thereon at the IRS' statutory rate, in full at $100/month and from the first available net sales proceeds of the above real properties, but no later than July 7, 2014.

b.    Franchise Tax Board:  2007 income taxes and interest thereon to the Petition Date of approximately $25,000. REINHART will pay this sum, and any related penalties,with accrued interest thereon at the Board's statutory rate, in full from the first available net sales proceeds of the above real properties, but no later than July 7, 2014.

c.    Orange County Tax Collector: 2009 business taxes of $312. REINHART will pay this sum, and any related penalties, with accrued interest thereon at the Collector's statutory rate, in full at the rate of $50/month from the first available net sales proceeds of the above real properties, but no later than July 7, 2014.

### C.    Classified Claims and Interests

### 1.    Classes of Secured Claims

plan

Secured claims are claims secured by liens on property of the estate. The following chart lists all classes containing Debtor's secured pre-petition claims and their treatment under this Plan. Secured claims are claims secured by liens on property of the estate. The following lists all classes containing REINHART's secured pre-petition claims and their treatment under the Plan.

Class 1: Orange County Tax Collector ("OCTC") Claim —secured on various real properties

Classification: Class 1 consists of the OCTC Claim—Secured on Properties 1-8 defined hereinabove, for pre-petition and post-petition real estate taxes, estimated at $75,000. The OCTC Claim as to FISHER was paid by Wells Fargo as an advance, and the post-petition taxes as to 28106-28162 Silverado Canyon Road have been paid by the Debtor through March 22, 2010.

Treatment: Class 1 is impaired under the Plan. Except to the extent that the OCTC agrees to different treatment, in full satisfaction of Class 1 Claim REINHART shall pay it as follows:

    a.    Principal Amount: The OCTC Principal Amount shall be the base taxes assessed by the OCTC as to Properties 1-8

    b.    Interest/Penalties: Pre-petition and post-petition interest/penalties that have/has accrued or will accrue on the above Principal shall be calculated at the OCTC's statutory rates, or such other rates as shall be determined by the Court or as Debtor and OCTC may agree.

    c.    Payments/Maturity Date: Unless otherwise agreed by Debtor and OCTC, or as determined by the Court, the sums due to Class 1 shall be paid as follows: as to FISHER (aka Property 1), a single payment shall be paid to OCTC from close of escrow for the sale of same, but no later than September 30, 2012; (as to LADD (aka Property 2), a single payment shall be paid to OCTC from any new loan placed upon LADD after March 22, 2010, or from a sale of LADD, or any parcelized portion thereof, but in no event shall this date be later than September 30, 2012; as to APN 876-032-05 (aka Property 3) a single payment shall be paid to OCTC from a sale of LADD, or any parcelized portion thereof, but in no event shall this date be later than September 30, 2012; as to 28192-28202 Silverado Canyon Road, Silverado CA/APN 876-032-04 (aka Property 4), a single payment shall be paid to OCTC from a sale of it, but in no event shall this date be later

-6-

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

plan

than September 30, 2012; as to 28222 Silverado Canyon Road, Silverado CA/APN 876-032-03 (aka Property 5), a single payment shall be paid to OCTC from a sale of it, but in no event shall this date be later than September 30, 2012; as to APN 876-032-02 (aka Property 6), a single payment shall be paid to OCTC from a sale of LADD, or any parcelized portion thereof, but in no event shall this date be later than September 30, 2012; as to 28106-28192 Silverado Canyon Road, Silverado CA/APN 876-032-04,-05 (aka Property 7), a single payment shall be paid to OCTC  from a sale of LADD, or any parcelized portion thereof, but in no event shall this date be later than September 30, 2012; as to APN 876-033-03, a single payment shall be paid to OCTC  from a sale of LADD, or any parcelized portion thereof, but in no event shall this date be later than September 30, 2012.

d.    Principal Reduction Payments: Debtor may make a principal reduction payment on or payment in full of the OCTC Claim 1 at his option, at any time prior to the Maturity Date, without any prepayment payment penalty or fee.

e.    Retention of Collateral: The validity and priority of the OCTC Claim 1 shall remain in full force and effect following the Effective Date.

Class 2: Commercial Bank of California ("CBC") Claim—Note Secured by 1st Position Deed of Trust on LADD

Classification: Class 2 consists of the CBC Claim—Note Secured by 1st Position Deed of Trust on LADD, defined to be that certain Promissory Note dated May 1, 2008 ("CBC 2008 $1.6MM Note") in the principal amount of $1,600,000 executed by Debtor in favor of CBC, a Note which extended an earlier Promissory Note from December 2005 and is secured by a Construction Deed of Trust dated December 1, 2005 and recorded in the Office of the Orange County Recorder on December 8, 2005 ("CBC $1.6MM TD").

Treatment: Class 2 is impaired under the Plan. Except to the extent that CBC agrees to different treatment, in full satisfaction of Class 2 Claim the CBC 2008 $1.6 MM Note  and the CBC $1.6 MM TD shall be modified as follows:

f.    Principal Amount: The CBC 2008 $1.6 MM Note shall have a principal amount of $1,600,000.

g.    Interest:  The pre-petition interest that accrued on the above Principal shall be calculated at the non-default rate set in the CBC 2008 $1.6 MM Note, that is Prime + 1.5% with a floor of 7% simple annual interest, or such other interest rate

-7-

Papter and Miller
525 N Cabrido
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

plan

as shall be determined by the Court or as Debtor and CBC may agree, and any accelerated interest rate shall be disallowed. The post-petition interest rate interest that has accrued, and will accrue on the above Principal until it shall be paid in full as provided in this Plan shall be calculated at the non-default rate set in the CBC 2008 $1.6 MM Note, that is Prime + 1.5% with a floor of 7% simple annual interest, or such other interest rate as shall be determined by the Court or as Debtor and CBC may agree, and any accelerated interest rate shall be disallowed.

h.   Attorneys' Fees: To the extent such fees and related costs are authorized under the CBC 2008 $1.6 MM Note, they shall be paid when the Principal is paid.

i.   Payments/Maturity Date: Unless otherwise agreed by Debtor and CBC, or as determined by the Court, a single payment of Principal, Interest, and Attorneys' Fees shall be paid to CBC from the sale of LADD, or any parcelized portion thereof, but in no event shall this date be later than September 30, 2012.

j.   Principal Reduction Payments: Debtor may make a principal reduction payment on or payment in full of the CBC 2008 $1.6 MM Note, at his option, at any time prior to the Maturity Date, without any prepayment payment penalty or fee.

k.   Retention of Collateral: Subject to any superpriority secured loan in the principal sum of up to $1.2 MM that Debtor may obtain against LADD in a position senior to the CBC 2008 $1.6 MM TD prior to or as a part of confirmation of the Plan, the validity and priority of the CBC 2008 $1.6 MM TD shall remain in full force and effect following the Effective Date.

Class 3: California Commercial Bank ("CBC") Claim—Note Secured by 2nd Position Deed of Trust on LADD

Classification: Class 3 consists of the CBC Claim—Note Secured by 2nd Position Deed of Trust on LADD, defined to be that certain Promissory Note dated May 1, 2008 ("CBC 2008 $.4 MM Note") in the principal amount of $400,000 executed by Debtor in favor of CBC, a Note which refinanced an earlier Promissory Note from June 2007 and is secured by a Construction Deed of Trust dated June 4, 2007 and recorded in the Office of the Orange County Recorder on June 11, 2007 ("CBC $.4 MM TD").

Treatment: Class 3 is impaired under the Plan. Except to the extent that CBC agrees to different treatment, in full satisfaction of Class 3 Claim the CBC 2008 $.4 MM Note  and the CBC $.4 MM TD shall be modified as follows:

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 543 6072

plan

l.    <u>Principal Amount:</u> The CBC 2008 $.4 MM Note shall have a principal amount of $400,000.

m.    <u>Interest:</u>  The pre-petition interest that accrued on the above Principal shall be calculated at the non-default rate set in the CBC 2007 $.4 MM Note, that is Prime + 1.5% with a floor of 7% simple annual interest, or such other interest rate as shall be determined by the Court or as Debtor and CBC may agree, and any accelerated interest rate shall be disallowed. The post-petition interest rate interest that has accrued, and will accrue on the above Principal until it shall be paid in full as provided in this Plan shall be calculated at the non-default rate set in the CBC 2007 $.4 MM Note, that is Prime + 1.5% with a floor of 7% simple annual interest, or such other interest rate as shall be determined by the Court or as Debtor and CBC may agree, and any accelerated interest rate shall be disallowed.

n.    <u>Attorneys' Fees:</u> To the extent such fees and related costs are authorized under the CBC 2007 $.4 MM Note, they shall be paid when the Principal is paid.

o.    <u>Payments/Maturity Date:</u> Unless otherwise agreed by Debtor and CBC, or as determined by the Court, a single payment of Principal, Interest, and Attorneys' Fees shall be paid to CBC from the sale of LADD, or any parcelized portion thereof, but in no event shall this date be later than September 30, 2012.

p.    <u>Principal Reduction Payments:</u> Debtor may make a principal reduction payment on or payment in full of the CBC 2007 $.4 MM Note, at his option, at any time prior to the Maturity Date, without any prepayment payment penalty or fee.

q.    <u>Retention of Collateral:</u> Subject to any superpriority secured loan in the principal sum of up to $1.2 MM that Debtor may obtain against LADD in a position senior to the CBC $.4 MM TD prior to or as a part of confirmation of the Plan, the validity and priority of the CBC $.4 MM TD shall remain in full force and effect following the Effective Date.

<u>Class 4: Wells Fargo Bank ("Wells") Claim—Note Secured by 1st Position Deed of Trust on FISHER</u>

Classification: Class 4 consists of the Wells Claim—Note Secured by 1st Position Deed of Trust on FISHER, defined to be that certain Promissory Note dated March 21, 1997 ("WELLS Note") in the principal amount of $380,000 executed by Debtor in favor of Wells' predecessor in interest, a Note secured by a Deed of Trust dated March 21, 1997 and recorded in the Office of the Orange County Recorder on April 1, 1997 ("Wells TD").

Payter and Miller
925 N Calvalio
Park Drive
Suite 101
Santa Ana, CA
92701
(714) 541-6072

plan

Treatment: Class 4 is impaired under the Plan. Except to the extent that WELLS agrees to different treatment, in full satisfaction of the Class 4 Claim the WELLS Note and the WELLS TD shall be modified as follows:

    r.    Principal Amount: The WELLS Note shall have a principal amount of $302,675.18.

    s.    Interest:  The pre-petition and post-petition interest that will accrue and has accrued on the above Principal shall be calculated at the non-default rate set in the WELLS Note, that is currently 3.125% simple annual interest, or such other interest rate as shall be determined by the Court or as Debtor and WELLS may agree, and any accelerated interest rate shall be disallowed. Attorneys' Fees: To the extent such fees and related costs are authorized under the WELLS, they shall be paid when the Principal is paid.

    t.    Payments/Maturity Date: Unless otherwise agreed by Debtor and WELLS, or as determined by the Court, a single payment of Principal, Interest, and Attorneys' Fees shall be paid to WELLS from the sale of FISHER, but in no event shall this date be later than September 30, 2012.

    u.    Principal Reduction Payments: Debtor may make a principal reduction payment on or payment in full of the WELLS Note, at his option, at any time prior to the Maturity Date, without any prepayment payment penalty or fee.

    v.    Retention of Collateral: The validity and priority of the WELLS TD shall remain in full force and effect following the Effective Date.

Class 5: CCRC Farms LLC ("CCRC") Claim—Note Secured by 1st Position Deed of Property 3, 4, 5, and 6

Classification: Class 5 consists of the CCRC Farms, LLC Claim—Note Secured by 1st Position Deed of Trust on Property 3, 4, 5, and 6, defined to be a Promissory Note executed by Debtor in favor of CCRC ("CCRC Note"), a Note secured by one or more Deeds of Trust and recorded in the Office of the Orange County Recorder ("CCRC TD").

Treatment: Class 5 is impaired under the Plan. Except to the extent that CCRC agrees to different treatment, in full satisfaction of the Class 5 Claim the CCRC Note and the CCRC TD shall be modified as follows:

Pagter and Miller
925 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

plan

w.     **Principal Amount:** The CCRC Note shall have a principal amount of $570,000.

x.     **Interest:**  The pre-petition and post-petition interest that will accrue and has accrued on the above Principal shall be calculated at the non-default rate set in the CCRC Note, or such other interest rate as shall be determined by the Court or as Debtor and CCRC may agree, and any accelerated interest rate shall be disallowed.

y.     **Attorneys' Fees:** To the extent such fees and related costs are authorized under the CCRC Note, they shall be paid when the Principal is paid.

z.     **Payments/Maturity Date:** Unless otherwise agreed by Debtor and CCRC, or as determined by the Court, a single payment of Principal, Interest, and Attorneys' Fees shall be paid to CCRC from the sale of Property 4 or Property 5, whichever first occurs, but in no event shall this date be later than September 30, 2012. In addition, on the Effective Date, any cash collateral remaining in the Debtor in Possession account for Properties 3, 4, 5, and 6 may be used for any purpose required under the Plan, and after the Effective Date, REINHART shall pay all post-operational rental income from Properties, 3, 4, 5, and  6 to CCRC until its Claim is paid in full.

aa.     **Principal Reduction Payments:** Debtor may make a principal reduction payment on or payment in full of the CCRC Note, at his option, at any time prior to the Maturity Date, without any prepayment payment penalty or fee.

bb.     **Retention of Collateral:** The validity and priority of the CCRC TD shall remain in full force and effect following the Effective Date.

**Class 6:** The Koll Trust ("Koll") Claim—Note Secured by 2nd Position Deed of Property 3, 4, 5, and 6

Classification: Class  6 consists of the KOLL Claim—Note Secured by 2nd Position Deed of Trust on Property 3, 4, 5, 6, and 7, defined to be a Promissory Note executed by Debtor in favor of KOLL ("KOLL Note"), a Note secured by one or more Deeds of Trust and recorded in the Office of the Orange County Recorder ("CCRC TD").

Treatment: Class 6 is impaired under the Plan. Except to the extent that KOLL agrees to different treatment, in full satisfaction of the Class 6 Claim the KOLL Note and the KOLL TD shall be modified as follows:

-11-

Papiec and Miller
325 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 543 6002

plan

cc.  Principal Amount: The KOLL Note shall have a principal amount of $1,000,000.

dd.  Interest:  The pre-petition and post-petition interest that will accrue and has accrued on the above Principal shall be calculated at the non-default rate set in the KOLL Note, or such other interest rate as shall be determined by the Court or as Debtor and KOLL may agree, and any accelerated interest rate shall be disallowed.

ee.  Attorneys' Fees: To the extent such fees and related costs are authorized under the KOLL Note, they shall be paid when the Principal is paid.

ff.  Payments/Maturity Date: Unless otherwise agreed by Debtor and KOLL, or as determined by the Court, payments of Principal, Interest, and Attorneys' Fees shall be paid to KOLL from the sale of Property 4 or Property 5, whichever first occurs, such that KOLL shall release its deed(s) of trust on whichever parcel 4 or 5 sells first in exchange for all net sales proceeds from same (after costs of sale and payment of the senior liens of OCTC and CCRC), but in no event shall this date be later than September 30, 2012. In addition, on the Effective Date, any cash collateral remaining in the Debtor in Possession account for Properties 3, 4, 5, and 6 may be used for any purpose required under the Plan, and after the Effective Date, REINHART shall pay all post-operational rental income from Properties 3, 4, 5, and 6 to KOLL, but only after full payment of the CCRC Claim, until its Claim is paid in full.

gg.  Principal Reduction Payments: Debtor may make a principal reduction payment on or payment in full of the KOLL Note, at his option, at any time prior to the Maturity Date, without any prepayment payment penalty or fee.

hh.  Retention of Collateral: The validity and priority of the KOLL TD shall remain in full force and effect following the Effective Date.

Class 7: Bob Heinrich ("Heinrich") Claim—Note Secured by 3rd Position Deed of Property 3, 4, 5, and 6

Classification: Class 7 consists of the HEINRICH Claim—Note Secured by 3rd Position Deed of Trust on Property 3, 4, 5, 6, and 7, defined to be a Promissory Note executed by Debtor in favor of HEINRICH ("CCRC Note"), a Note secured by one or more Deeds of Trust and recorded in the Office of the Orange County Recorder ("HEINRICH TD").

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

plan

Treatment: Class 7 is impaired under the Plan. Except to the extent that HEINRICH agrees to different treatment, in full satisfaction of the Class 7 Claim the HEINRICH Note and the HEINRICH TD shall be modified as follows:

ii.    Principal Amount: The HEINRICH Note shall have a principal amount of $350,000.

jj.    Interest:  The pre-petition and post-petition interest that will accrue and has accrued on the above Principal shall be calculated at the non-default rate set in the HEINRICH Note, or such other interest rate as shall be determined by the Court or as Debtor and HEINRICH may agree, and any accelerated interest rate shall be disallowed.

kk.    Attorneys' Fees: To the extent such fees and related costs are authorized under the HEINRICH Note, they shall be paid when the Principal is paid.

ll.    Payments/Maturity Date: Unless otherwise agreed by Debtor and HEINRICH, or as determined by the Court, payments of Principal, Interest, and Attorneys' Fees shall be paid to HEINRICH from the sale of Property 4 or Property 5, whichever first occurs, such that HEINRICH shall release its deed(s) of trust on whichever parcel 4 or 5 sells first in exchange for all net sales proceeds from same (after costs of sale and payment of the senior liens of OCTC, CCRC, and KOLL). In addition, on the Effective Date, any cash collateral remaining in the Debtor in Possession account for Properties 3, 4, 5, 6, and 7 may be used for any purpose required under the Plan, and after the Effective Date, REINHART shall pay all post-operational rental income from Property 4 and Property 5 to HEINRICH, but only after full payment of the CCRC and KOLL Claims, until its Claim is paid in full.

mm.    Principal Reduction Payments: Debtor may make a principal reduction payment on or payment in full of the HEINRICH Note, at his option, at any time prior to the Maturity Date, without any prepayment payment penalty or fee.

nn.    Retention of Collateral: The validity and priority of the HEINRICH TD shall remain in full force and effect following the Effective Date.

Class 8: FRANKLIN CREDIT ("FC") Claim—Note Secured by 2nd Position Deed of Trust on FISHER

Classification: Class 8 consists of the FC Claim—Note Secured by 2nd Position Deed of Trust on FISHER, defined to be that certain Promissory Note dated August 22, 1997 ("FC Note") in the principal amount of $70,000 executed by Debtor in favor of FC's predecessor in interest, a

-13-

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

plan

Note secured by a Deed of Trust of even date and recorded in the Office of the Orange County Recorder on August 27, 1997 ("FC TD").

Treatment: Class 8 is impaired under the Plan. Except to the extent that FC agrees to different treatment, in full satisfaction of the Class 8 Claim the FC Note and the FC TD shall be modified as follows:

oo. <u>Principal Amount:</u> The FC Note shall have a principal amount of $61,312.62.

pp. <u>Interest:</u>  The pre-petition and post-petition interest that will accrue and has accrued on the above Principal shall be calculated at the non-default rate set in the FC Note, that is 14.25% simple annual interest, or such other interest rate as shall be determined by the Court or as Debtor and FC may agree, and any accelerated interest rate shall be disallowed. <u>Attorneys' Fees:</u> To the extent such fees and related costs are authorized under the FC NOTE, they shall be paid when the Principal is paid.

qq. <u>Payments/Maturity Date:</u> Unless otherwise agreed by Debtor and FC, or as determined by the Court, a single payment of Principal, Interest, and Attorneys' Fees shall be paid to FC from the sale of FISHER, but in no event shall this date be later than September 30, 2012.

rr. <u>Principal Reduction Payments:</u> Debtor may make a principal reduction payment on or payment in full of the FC Note, at his option, at any time prior to the Maturity Date, without any prepayment payment penalty or fee.

ss. <u>Retention of Collateral:</u> The validity and priority of the FC TD shall remain in full force and effect following the Effective Date.

<u>Class 9:</u> Best Value Roofing ("BVR") Claim—Mechanic's Lien on FISHER

Classification: Class 9 consists of the BVR Claim— Mechanic's Lien on FISHER ("BVR Lien"), secured on Debtor's 51% interest therein.

Treatment: Class 9 is impaired under the Plan. Except to the extent that BVR agrees to different treatment, in full satisfaction of the Class 9 Claim the BVR Claim and BVR Lien shall be modified as follows:

tt. <u>Principal Amount:</u> The BVR Claim shall have a principal amount of $11,000.

Papez and Miller
575 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

plan

uu.   Interest:  NO interest shall be paid to BVR on its claim.

vv.   Attorneys' Fees: NO attorneys' fees or costs shall be paid to BVR on its claim.

ww.   Payments/Maturity Date:  Unless otherwise agreed by Debtor and BVR, or as determined by the Court, a single payment of Principal, Interest, and Attorneys' Fees shall be paid to BVR from the sale of FISHER, but in no event shall this date be later than September 30, 2012.

xx.   Retention of Collateral: The validity and priority of the BVR Lien shall remain in full force and effect following the Effective Date.

**Class 10:** GEORGE AND ELLEN MINICHIELLO ("GEM") Claim—Note Secured by 4th Position Deed of Trust on FISHER

Classification: Class 10 consists of the GEM Claim—Note Secured by 4th Position Deed of Trust on FISHER, defined to be that certain Promissory Note ("GEM Note") in the principal amount of $50,000 executed by Debtor in favor of GEM, a Note secured only on Debtor's 51% interest in FISHER by a Deed of Trust of even date and recorded in the Office of the Orange County Recorder ("GEM TD").

Treatment: Class 10 is impaired under the Plan. Except to the extent that GEM agrees to different treatment, in full satisfaction of the Class 10 Claim the GEM Note and the GEM TD shall be modified as follows:

yy.   Principal Amount: The GEM Note shall have a principal amount of $50,000.

zz.   Interest:  The pre-petition and post-petition interest that will accrue and has accrued on the above Principal shall be calculated at the non-default rate set in the GEM, or such other interest rate as shall be determined by the Court or as Debtor and GEM may agree, and any accelerated interest rate shall be disallowed.

aaa.   Attorneys' Fees: To the extent such fees and related costs are authorized under the GEM NOTE, they shall be paid when the Principal is paid.

bbb.   Payments/Maturity Date: Unless otherwise agreed by Debtor and GEM, or as determined by the Court, a single payment of Principal, Interest, and Attorneys' Fees shall be paid to GEM from the sale of FISHER, but in no event shall this date be later than September 30, 2012.

ccc.   Principal Reduction Payments: Debtor may make a principal reduction payment on or payment in full of the GEM Note, at his option, at any time prior to the Maturity Date, without any prepayment payment penalty or fee.

ddd.   Retention of Collateral: The validity and priority of the GEM TD shall remain in full force and effect following the Effective Date.

-15-

Pachter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

plan

Class 11: GEORGE HELLAND ("HELLAND" ) Claim—Note Secured by 7th Position Deed of Trust on FISHER

Classification: Class 11 consists of the HELLAND Claim—Note Secured by 7th Position Deed of Trust on FISHER, defined to be that certain Promissory Note ("HELLAND Note") in the principal amount of $35,000 executed by Debtor in favor of HELLAND, a Note secured by a Deed of Trust on Debtor's 51% interest in FISHER of even date and recorded in the Office of the Orange County Recorder ("HELLAND TD").

Treatment: Class 11 is impaired under the Plan. Except to the extent that HELLAND agrees to different treatment, in full satisfaction of the Class 11 Claim the HELLAND Note and the HELLAND TD shall be modified as follows:

   eee. Principal Amount: The HELLAND Note shall have a principal amount of $35,000.
   fff. Interest: The pre-petition and post-petition interest that will accrue and has accrued on the above Principal shall be calculated at the non-default rate set in the HELLAND NOTE, or such other interest rate as shall be determined by the Court or as Debtor and HELLAND may agree, and any accelerated interest rate shall be disallowed.
   ggg. Attorneys' Fees: To the extent such fees and related costs are authorized under the HELLAND NOTE, they shall be paid when the Principal is paid.
   hhh. Payments/Maturity Date: Unless otherwise agreed by Debtor and HELLAND, or as determined by the Court, a single payment of Principal, Interest, and Attorneys' Fees shall be paid to HELLAND from the sale of FISHER, but in no event shall this date be later than September 30, 2012.
   iii. Principal Reduction Payments: Debtor may make a principal reduction payment on or payment in full of the HELLAND Note, at his option, at any time prior to the Maturity Date, without any prepayment payment penalty or fee.
   jjj. Retention of Collateral: The validity and priority of the HELLAND TD shall remain in full force and effect following the Effective Date.

Classification: Class 12.1 consists of the RH Meine Trust ("RHMT") Claim—Note Secured by 3rd Position Deeds of Trust on FISHER, defined to be one or more Promissory Notes ("RHMT $100K Note") in the principal amount of $100,000 executed by Debtor in favor of RHMT, a

Pagter and Miller
325 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

plan

Note secured by a Deed of Trust on 100% of FISHER of even date and recorded in the Office

of the Orange County Recorder ("RHMT $100K TD").

Treatment: Class 12.1 is impaired under the Plan. Except to the extent that RHMT agrees to

different treatment, in full satisfaction of the Class 12.1 Claim the RHMT $100K NOTE and the

RHMT $100K TD shall be modified as follows:

kkk.   Principal Amount: The RHMT $100K Note shall have a principal amount of
$100,000.

lll.   Interest: The pre-petition and post-petition interest that will accrue and has
accrued on the above Principal shall be calculated at the non-default rate set in
the RHMT $100K NOTE, or such other interest rate as shall be determined by
the Court or as Debtor and RHMT may agree, and any accelerated interest rate
shall be disallowed.

mmm. Attorneys' Fees: To the extent such fees and related costs are authorized under
the RHMT $100K NOTE, they shall be paid when the Principal is paid.

nnn.   Payments/Maturity Date: Unless otherwise agreed by Debtor and RHMT, or as
determined by the Court, a single payment of Principal, Interest, and Attorneys'
Fees shall be paid to RHMT from the sale of FISHER, but in no event shall this
date be later than September 30, 2012.

ooo.   Principal Reduction Payments: Debtor may make a principal reduction payment
on or payment in full of the RHMT $100K NOTE, at his option, at any time prior to
the Maturity Date, without any prepayment payment penalty or fee.

ppp.   Retention of Collateral: The validity and priority of the RHMT $100K TD shall
remain in full force and effect following the Effective Date.

Classification: Class 12.2 consists of the RH Meine Trust ("RHMT") Claim—Note Secured by

5th Position Deed of Trust on FISHER, defined to be a Promissory Note ("RHMT $93K Note")

in the principal amount of $93,000 executed by Debtor in favor of RHMT, a Note secured by a

Deed of Trust on Debtor's 51% interest in FISHER of even date and recorded in the Office of

the Orange County Recorder ("RHMT $93K TD").

Treatment: Class 12.2 is impaired under the Plan. Except to the extent that RHMT agrees to

different treatment, in full satisfaction of the Class 12.2 Claim the RHMT $93K NOTE and the

RHMT $93K TD shall be modified as follows:

Parker and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

plan

qqq.  Principal Amount: The RHMT $93K Note shall have a principal amount of $93,000.

rrr.  Interest: The pre-petition and post-petition interest that will accrue and has accrued on the above Principal shall be calculated at the non-default rate set in the RHMT $93K NOTE, or such other interest rate as shall be determined by the Court or as Debtor and RHMT may agree, and any accelerated interest rate shall be disallowed.

sss.  Attorneys' Fees: To the extent such fees and related costs are authorized under the RHMT $93K NOTE, they shall be paid when the Principal is paid.

ttt.  Payments/Maturity Date: Unless otherwise agreed by Debtor and RHMT, or as determined by the Court, a single payment of Principal, Interest, and Attorneys' Fees shall be paid to RHMT from the sale of FISHER, but in no event shall this date be later than September 30, 2012.

uuu.  Principal Reduction Payments: Debtor may make a principal reduction payment on or payment in full of the RHMT $93K NOTE, at his option, at any time prior to the Maturity Date, without any prepayment payment penalty or fee.

vvv.  Retention of Collateral: The validity and priority of the RHMT $93K TD shall remain in full force and effect following the Effective Date.

Classification: Class 13 consists of the First Franklin Financial Corporation ("FFFC") Claim—Note Secured by 1st Position Deed of Trust on Property 7/28106-28192 Silverado Canyon Road, Silverado, CA, defined to be a Promissory Note ("FFFC Note") in the principal amounts of $480,000 executed by Debtor in favor of FFFC in July 2005, a Note secured by a Deed of Trust of even date and recorded in the Office of the Orange County Recorder ("FFFC TD").

Treatment: Class 13 is impaired under the Plan. Except to the extent that FFFC agrees to different treatment, in full satisfaction of the Class 13 Claim the FFFC Note and the FFFC TD shall be modified as follows:

www.  Principal Amount: The FFFC Note shall have a principal amount of $470,646.89.

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

-18-

plan

xxx.   <u>Interest:</u>  The pre-petition and post-petition interest that will accrue and has accrued on the above Principal shall be calculated at the non-default rate set in the FFFC NOTE, or such other interest rate as shall be determined by the Court or as Debtor and FFFC may agree, and any accelerated interest rate shall be disallowed.

yyy.   <u>Attorneys' Fees</u>: To the extent such fees and related costs are authorized under the FFFC NOTE, they shall be paid when the Principal is paid.

zzz.   <u>Payments/Maturity Date</u>: Unless otherwise agreed by Debtor and FFFC, or as determined by the Court, the FFFC Note shall be amended and restructured to provide for payments, as follows: (i) starting on the 1st calendar day of the first full month after the Effective Date, a monthly payment of $1,500, for 12 months; (2) $2,000/month for the next 12 months; (iii) $2,500/month for the next 12 months; $3,000 for the next 12 months; (iv) $3,500 for the next 72 months; and (vi) a balloon payment on the 120th month after the Effective Date. In addition, on the Effective Date, any cash collateral remaining in the Debtor in Possession account for Property 7 forthwith shall be paid to FFFC, and that account closed.

aaaa.   <u>Principal Reduction Payments</u>: Debtor may make a principal reduction payment on or payment in full of the FFFC Note, at his option, at any time prior to the Maturity Date, without any prepayment payment penalty or fee.

bbbb.   <u>Retention of Collateral</u>: The validity and priority of the FFFC TD shall remain in full force and effect following the Effective Date.

<u>Class 14</u>: Agricredit ("AG") Claim—Note Secured by 1st Position lien on a 428-C Backhoe

Classification: Class 14 consists of the AG Claim—Note Secured by 1st Position Deed of Trust on FISHER, defined to be that certain Refinancing Agreement dated March 2009 ("AG Note") in the principal amount of $11,148.21 executed by Debtor in favor of AG, secured by a UC-1 from April 2006 on a 428-C backhoe ("AG LIEN").

Treatment: Class 14 is impaired under the Plan. Except to the extent that AG agrees to different treatment, in full satisfaction of the Class 4 Claim the AG Note and the AG LIEN shall be modified as follows:

cccc.   <u>Principal Amount:</u> The AG Note shall have a principal amount of $11,008.

dddd.   <u>Interest:</u>  The pre-petition and post-petition interest that will accrue and has accrued on the above Principal shall be calculated at the non-default rate set in the AG Note, or such other interest rate as shall be determined by the Court or as Debtor and AG may agree, and any accelerated interest rate shall be disallowed.

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

plan

but in no event shall this date be later than September 30, 2012, and thereafter DEBTOR shall pay the AG NOTE according to its terms.

gggg. <u>Principal Reduction Payments</u>: Debtor may make a principal reduction payment on or payment in full of the AG Note, at his option, at any time prior to the Maturity Date, without any prepayment payment penalty or fee.

hhhh. <u>Retention of Collateral</u>: The validity and priority of the AG LIEN shall remain in full force and effect following the Effective Date.

<u>Class 15</u>: Plumbing Customs, fka West Coast Plumbing and Martin Vellandi ("WCP") Claim—April 2009 Mechanic's Lien on LADD

Classification: Class 15 consists of the WCP Claim regarding disputed work performed at and goods supplied to LADD in 2006-2008. 1997 ("WCP CLAIM"), a claim secured by a mechanic's lien recorded in April 2009 in the Office of the Orange County Recorder on April 1, 1997 ("WCP LIEN").

Treatment: Class 15 is impaired under the Plan. Except to the extent that WCP agrees to different treatment, in full satisfaction of the Class 15 Claim the WCP CLAIM and the WCP LIEN shall be modified as follows:

iiii. <u>Principal Amount:</u> The WCP Note shall have a principal amount of $13,000.

jjjj. <u>Interest:</u> The pre-petition and post-petition interest that will accrue and has accrued on the above Principal shall be calculated at 5% simple annual interest, or such other interest rate as shall be determined by the Court or as Debtor and WCP may agree, and any accelerated interest rate shall be disallowed.

kkkk. <u>Attorneys' Fees</u>: To the extent such fees and related costs are authorized under the WCP NOTE or applicable non-bankruptcy law, they shall be paid when the Principal is paid.

llll. <u>Payments/Maturity Date</u>: Unless otherwise agreed by Debtor and WCP, or as determined by the Court, a single payment of Principal, Interest, and Attorneys' Fees shall be paid to WCP from the sale of LADD, but in no event shall this date be later than September 30, 2012.

mmmm. <u>Principal Reduction Payments</u>: Debtor may make a principal reduction payment on or payment in full of the WCP Note, at his option, at any time prior to the Maturity Date, without any prepayment payment penalty or fee.

nnnn. <u>Retention of Collateral</u>: The validity and priority of the WCP TD remain in full force and effect following the Effective Date.

-20-

Pupier and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6012

plan

<u>Class 16:</u> W.B. Contento ("WBC") Claim—Winnebago Lien

Classification: Class 16 consists of the WBC Claim regarding a purchase money loan to buy a 2002 Winnebago ("WBC Note"), secured by a lien on it filed with the DMV ("WBC LIEN").

Treatment: Class 16 is impaired under the Plan. Except to the extent that WBC agrees to different treatment, in full satisfaction of the Class 16 Claim the WBC Note and the WBC LIEN shall be modified as follows:

oooo. <u>Principal Amount:</u> The WBP Note shall have a principal amount of $32,000.

pppp. <u>Interest:</u> The pre-petition and post-petition interest that will accrue and has accrued on the above Principal shall be calculated at 10% simple annual interest, or such other interest rate as shall be determined by the Court or as Debtor and WBC may agree, and any accelerated interest rate shall be disallowed.

qqqq. <u>Attorneys' Fees:</u> To the extent such fees and related costs are authorized under the WBC NOTE or applicable non-bankruptcy law, they shall be paid when the Principal is paid.

rrrr. <u>Payments/Maturity Date:</u> Unless otherwise agreed by Debtor and WBC, or as determined by the Court, a single payment of Principal, Interest, and Attorneys' Fees shall be paid to WBC from the sale of LADD, but in no event shall this date be later than September 30, 2012.

ssss. <u>Principal Reduction Payments:</u> Debtor may make a principal reduction payment on or payment in full of the WBC Note, at his option, at any time prior to the Maturity Date, without any prepayment payment penalty or fee.

<u>Class 17:</u> Main Street Santa Ana LLC ("MAIN") Claim—Note Secured by 3rd Position Deed of Trust on LADD

Classification: Class 17 consists of the MAIN Claim—Note Secured by 3rd Position Deed of Trust on LADD, defined to be a certain Promissory Note or guarantee ("MAIN Note") in the principal amount of $400,000 executed by Debtor in favor of MAIN, a Note which secured by a Deed of Trust recorded in the Office of the Orange County Recorder ("MAIN TD").

Payter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

plan

Treatment: Class 17 is impaired under the Plan. Except to the extent that MAIN agrees to

different treatment, in full satisfaction of its Class 17 Claim the MAIN Note  and the MAIN TD

shall be modified as follows:

    tttt.    <u>Principal Amount:</u> The MAIN Note shall have a principal amount of $400,000.

    uuuu.  <u>Interest:</u>  The pre-petition interest that accrued on the above Principal shall be calculated at the non-default rate set in the MAIN NOTE, or such other interest rate as shall be determined by the Court or as Debtor and MAIN may agree, and any accelerated interest rate shall be disallowed. The post-petition interest rate interest that has accrued, and will accrue on the above Principal until it shall be paid in full as provided in this Plan shall be calculated at the non-default rate set in the MAIN Note, or such other interest rate as shall be determined by the Court or as Debtor and MAIN may agree, and any accelerated interest rate shall be disallowed.

    vvvv.  <u>Attorneys' Fees</u>: To the extent such fees and related costs are authorized under the MAIN Note, they shall be paid when the Principal is paid.

    wwww.     <u>Payments/Maturity Date</u>: Unless otherwise agreed by Debtor and MAIN, or as determined by the Court, a single payment of Principal, Interest, and Attorneys' Fees shall be paid to MAIN from the sale of LADD, or any parcelized portion thereof, but in no event shall this date be later than September 30, 2012.

    xxxx.  <u>Principal Reduction Payments</u>: Debtor may make a principal reduction payment on or payment in full of the MAIN Note, at his option, at any time prior to the Maturity Date, without any prepayment payment penalty or fee.

    yyyy.  <u>Retention of Collateral</u>: Subject to any superpriority secured loan in the principal sum of up to $1.2 MM that Debtor may obtain against LADD in a position senior to the MAIN NOTE prior to or as a part of confirmation of the Plan, the validity and priority of the MAIN TD shall remain in full force and effect following the Effective Date.

<u>Class 18</u>: Main Street Santa Ana LLC ("MAIN LLC") Claim—Note Secured by  1st Position Deed of Trust on Property 8

Classification: Class 18 consists of the MAIN Claim—Note Secured by 1st Position Deed of Trust on Property 8, defined to be a certain Promissory Note ("MAIN LLC Note") in the principal amount of $37,500 executed by Debtor in favor of MAIN LLC, a Note secured by a Deed of Trust recorded in the Office of the Orange County Recorder ("MAIN LLC TD").

Papier and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

plan

Treatment: Class 18 is impaired under the Plan. Except to the extent that MAIN LLC agrees to different treatment, in full satisfaction of its Class 18 Claim the MAIN LLC Note  and the MAIN LLC TD shall be modified as follows:

    zzzz.  Principal Amount: The MAIN LLC NOTE shall have a principal amount of $37,500.

    aaaaa.       Interest:  The pre-petition interest that accrued on the above Principal shall be calculated at the non-default rate set in the MAIN LLC NOTE, or such other interest rate as shall be determined by the Court or as Debtor and MAIN LLC may agree, and any accelerated interest rate shall be disallowed. The post-petition interest rate interest that has accrued, and will accrue on the above Principal until it shall be paid in full as provided in this Plan shall be calculated at the non-default rate set in the MAIN LLC NOTE, or such other interest rate as shall be determined by the Court or as Debtor and MAIN LLC may agree, and any accelerated interest rate shall be disallowed.

    bbbbb.       Attorneys' Fees: To the extent such fees and related costs are authorized under the MAIN LLC Note, they shall be paid when the Principal is paid.

    ccccc. Payments/Maturity Date: Unless otherwise agreed by Debtor and MAIN, or as determined by the Court, a single payment of Principal, Interest, and Attorneys' Fees shall be paid to MAIN LLC from the sale of LADD, or any parcelized portion thereof, but in no event shall this date be later than September 30, 2012.

    ddddd.      Principal Reduction Payments: Debtor may make a principal reduction payment on or payment in full of the MAIN LLC Note, at his option, at any time prior to the Maturity Date, without any prepayment payment penalty or fee.

    eeeee.       Retention of Collateral: The validity and priority of the MAIN TD shall remain in full force and effect following the Effective Date.

## 2)    Classes of Priority of Unsecured Claims

Certain priority claims that are referred to in Code Sections 507(a)(3), (4), (5), (6), (7), (8), (9), and (10) are required to be placed in classes.  These types of claims are entitled to priority treatment as follows: the Code requires that each holder of such a claim receive cash on the Effective Date equal to the allowed amount of such claim.  However, a class of unsecured priority claimholders may vote to accept deferred cash payments of a value as of the Effective Date, equal to the allowed amount of such claims.

The following lists all classes containing REINHART's 507(a)(3-10) claims:

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

plan

REINHART has no priority unsecured claims pursuant to 507(a)(3-7 or 9-10), but he does have the following 507(a)(8) claims:

a.      Internal Revenue Service: Filed at $57,062, but estimated by REINHART at less. Unless this claim dispute is resolved, and unless the IRS and Debtor otherwise agree or this Court orders differently, REINHART intends to file an objection to same, but will pay 100% of the principal balance of IRS' allowed claim, and all prepetition and postpetition statutory interest thereon at the IRS' normal rate(s), at the rate of at least $100/month starting 30 days after the Effective Date of the Plan, with any balance due being paid in full no later than July 6, 2014, and shall be paid in full prior to or contemporaneously with the payment of the claims of any allowed general unsecured creditors.

b       CA Franchise Tax Board: Filed at $17,972, but estimated by REINHART at less. Unless this claim dispute is resolved, and unless the FTB and Debtor otherwise agree or this Court orders differently, REINHART intends to file an objection to same, but will pay 100% of the principal balance of IRS' allowed claim, and all prepetition and postpetition statutory interest thereon at the FTB's normal rate(s), at the rate of at least $100/month starting 30 days after the Effective Date of the Plan, with any balance due being paid in full no later than July 6, 2014, and shall be paid in full prior to or contemporaneously with the payment of the claims of any allowed general unsecured creditors.

**3)      Class of General Unsecured Claims**

General unsecured claims are unsecured claims not entitled to priority under Code Section 507(a). The following chart identifies this Plan's treatment of the class containing <u>all</u> of REINHART's general unsecured claims.   Attached to this Disclosure Statement is a list of each unsecured creditor and its allowed claim amount.

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

plan

| CLASS | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 19 | General Unsecured claims = Approx. 33 claims<br><br>Total amount of claims = approx.<br><br>$400,000 | Y | Pymt Interval – 1 pmt at close of escrow from the first available net sales proceeds of the above real properties, but no later than September 30, 2012.<br>Interest rate 5%<br>Total Payout =approx. $450,000 |

### 4)    Class(es) of Interest Holders

Interest holders are the parties who hold ownership interest (i.e., equity interest) in the Debtor. If the Debtor is a corporation, entities holding preferred or common stock in the Debtor are interest holders. If the Debtor is a partnership, the interest holders include both general and limited partners. If the Debtor is an individual, the Debtor is the interest holder. The following chart identifies the Plan's treatment of the class of interest holders.

| Class | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 20 | Interest holder –<br><br>CARL H Reinhart | N | After all other classes of creditors, administrative claims, and taxes have been paid in full, the class 18 claimholder will retain all properties and receive whatever sums remain |

### D.    Means of Effectuating the Plan

#### 1)    Funding for the Plan

The Plan will be funded by operations, sale and/or refinance of the above-described real properties, as well as REINHART's post-bankruptcy earnings.

#### 2)    Post-Confirmation Management

**REINHART** will remain in control of the Debtor and all estate assets.

#### 3)    Disbursing Agent

plan

REINHART shall act as the disbursing agent for the purpose of making all distributions provided for under the Plan, other than payments to be made through any escrow in connection with the sale of any real property.    The Disbursing Agent shall serve without bond and shall not be compensated for distribution services rendered. The net proceeds of sale or refinance will be maintained in a segregated interest-bearing account ("Fund"). The Fund will be used for payments required under the Plan.

E.    **Other Provisions of the Plan**

    **1)    Executory Contracts and Unexpired Leases**

REINHART is not a party to any executory contracts, but is the lessor to Canyon Market under an unexpired lease. Upon Confirmation of the Plan REINHART will assume that lease. On the Effective Date, the unexpired listed above shall be assumed as an obligation of the reorganized Debtor. The Order of the Court confirming the Plan shall constitute an Order approving the assumption of each lease listed above. If you are a party to a lease or contract to be assumed and you object to the assumption of your lease or contract, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.

    **2)    Rejections**

The reorganized Debtor herby rejects any and all other unexpired leases or executory contracts not assumed above. The order confirming the Plan shall constitute an order approving the rejection of the lease or contract. If you are a party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.    THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE

Pogter and Miller
523 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

plan

REJECTION OF A LEASE OR CONTRACT IS will be the Effective Date of the Plan.  Any claim based on the rejection of an executory contract or unexpired lease will be barred if the proof of claim is not timely filed, unless the Court later orders otherwise.

### 3)    Changes in Rates Subject to Regulatory Commission Approval

This Debtor is not subject to governmental regulatory commission approval of its rates.

### 4)    Retention of Jurisdiction

The Court will retain jurisdiction to the extent provided by law.

## IV.

## EFFECT OF CONFIRMATION OF PLAN

### A.    Discharge

This Plan provides that upon payment in full of proposed plan payments to the unsecured creditors, Debtor shall be discharged of liability for payment of debts incurred before confirmation of the Plan, to the extent specified in 11 U.S.C. §1141.4. However, any liability imposed by the Plan will not be discharged.

### B.    Revesting of Property in the Debtor

Except as provided herein all non-exempt property of the Estate shall revest in Debtor only after all creditors provided for herein are paid as provided for under the Plan.  However, upon confirmation all exempt property of the Estate shall revest in Debtor.

### C.    Modification of Plan

The Proponent of the Plan may modify the Plan at any time before confirmation. However, the Court may require a new disclosure statement and/or revoting on the Plan if proponent modifies the Plan before confirmation.

Papier and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 543-6072

plan

The Proponent of the Plan may also seek to modify the Plan at any time after confirmation so long as (1) the Plan has not been substantially consummated <u>and</u> (2) if the Court authorizes the proposed modifications after notice and a hearing.

**D.    Post-Confirmation Status Report**

Within 120 days of the entry of the order confirming the Plan, Plan Proponent shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan. The status report shall be served on the United States Trustee, the twenty largest unsecured creditors and those parties who have requested special notice. Further status reports shall be filed every 120 days and served on the same entities.

**E.    Quarterly Fees**

Quarterly fees accruing under 28 U.S.C. §1930(a)(6) to date of confirmation shall be paid to the United States Trustee on or before the effective date of the Plan. Quarterly fees accruing under 28 U.S.C. §1930(a)(6) after confirmation shall be paid to the United States Trustee in accordance with 28 U.S.C. §1930(a)(6) until entry of a final decree, or entry of an order of dismissal or conversion to Chapter 7.

**F.    Post-Confirmation Conversion/Dismissal**

A creditor or party in interest may bring a motion to convert or dismiss the case under §1112(b), after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7 estate, and the automatic stay will be reimposed upon the revested property only to the extent that relief from stay was not previously granted by the Court during this case.

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

plan

G.    **Final Decree**

Once the Plan has been substantially consummated or the Estate fully administered as referred to in Bankruptcy Rule 3022, the Plan Proponent, or such other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case.

Date: March 22, 2010

CARL H REINHART

R. Gibson Pagter, Jr.
Pagter and Miller
Attorneys for CARL H. REINHART

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

plan