1   Stephen F. Lambert(SBN 113868)
    Patrick T. Sullivan (SBN 263613)
2   LAMBERT & ROGERS, APLC
    359 West Madison Avenue, Ste. 100
3   El Cajon, California 92020
    Telephone:   (619) 588-7600
4   Facsimile:   (619) 588-7889

5   Attorneys for Movant,
    COMMERCIAL BANK OF CALIFORNIA

6

7

8              UNITED STATES BANKRUPTCY COURT

9       CENTRAL DISTRICT OF CALIFORNIA -- SANTA ANA DIVISION

10

11  In re:                        )   Case No.: 8:09-BK-16774-TA
                                  )
12  CARL HEINZ REINHART,          )   MOTION FOR CONVERSION OR
                                  )   DISMISSAL
13                 Debtor,        )
                                  )   [11 U.S.C. §§ 1112(b)]
14                                )
                                  )   Date: 1/26/2010
15                                )   Time: 10:00 a.m.
                                  )   Courtroom: 5B
16                                )
                                  )
17                                )   Hon. Theodor C. Albert,
    _____)   United State Bankruptcy Judge
18

19

20       Secured Creditor COMMERCIAL BANK OF CALIFORNIA ("BANK")

21  hereby moves the Court for an order converting the above-entitled

22  case to a case under Chapter 7 of the United States Bankruptcy

23  Code, or alternatively, dismissal of the above-entitled case, and

24  alleges as follows:

25                              I.

26                          JURISDICTION

27       This proceeding arises in In re Carl Heinz Reinhart,

28  Bankruptcy Case No. 8:09-BK-16774-TA, a case pending under Chapter

1    11, Title 11, United States Code, in this Court. This proceeding

2    arises under 11 U.S.C. section 1112(b). This proceeding has been

3    referred to the Bankruptcy Court by general order under 28 U.S.C.

4    section 157(a), and this proceeding is a core proceeding under 11

5    U.S.C. section 157(b).

6                                **II.**

7                         **STATEMENT OF FACTS**

8        1.    CARL HEINZ REINHART ("DEBTOR") commenced this case by

9    filing his petition for relief under Chapter 11 of the Bankruptcy

10   Code on July 7, 2009.

11       2.    DEBTOR is a real estate broker and developer who owns,

12   manages and brokers real property primarily in Orange County,

13   California.  DEBTOR's principal asset is the real property located

14   at 14311 Ladd Canyon Road, Silverado, California, comprised of a

15   partially finished residence on an undivided 91.68-acre rural

16   property (the "Ladd Property").

17       3.    BANK holds first and second in priority deeds of trust

18   encumbering the Ladd Property in the combined amount of

19   $2,010,359.11.  BANK filed its proof of claim, Claim No. 34, on

20   May 10, 2010, in the secured amount of $2,010,359.11.  The Ladd

21   Property is also encumbered by a third in priority deed of trust

22   in favor of Main Street Santa Ana LLC in the approximate amount of

23   $400,000.

24       4.    On October 23, 2009, BANK filed a *MOTION FOR RELIEF*

25   *FROM STAY*, Docket No. 28, on the Ladd Property, seeking relief

26   from the automatic stay on the grounds that DEBTOR failed to

27   provide evidence of adequate insurance on the Ladd Property.  BANK

28   withdrew its motion, Docket No. 34, on November 12, 2009, after

DEBTOR provided evidence of insurance on the Ladd Property.

5.    DEBTOR filed the *ORIGINAL DISCLOSURE STATEMENT OF DEBTOR, CARL H REINHART, DESCRIBING CHAPTER 11 PLAN DATED MARCH 22, 2010* (the "Disclosure Statement"), Docket No. 58, and *DEBTOR'S CHAPTER 11 ORIGINAL PLAN* (the "Plan") Docket No. 59, on March 22, 2010.   DEBTOR filed a *ORIGINAL FIRST AMENDED DISCLOSURE STATEMENT OF DEBTOR, CARL H REINHART, DESCRIBING CHAPTER 11 PLAN DATED June 7, 2010* (the "Amended Disclosure Statement"), Docket No. 71, and *DEBTOR'S FIRST AMENDED CHAPTER 11 ORIGINAL PLAN* (the "Amended Plan") Docket No. 72, on June 6, 2010.   At a hearing on July 14, 2010, this Court did not approve the Amended Disclosure Statement.

6.    BANK filed a *MOTION FOR ORDER DETERMINING VALUE OF REAL PROPERTY* (the "Motion to Value"), Docket No. 78, on June 22, 2010. After hearings held on November 3, 2010, and November 9, 2010, this Court issued a *STATEMENT OF DECISION VALUING REAL PROPERTY CONSISTING OF IMPROVEMENTS AND ADJOINING 91.68 ACRES COMMONLY KNOWN AS 14311 LADD CANYON ROAD, SILVERADO, CALIFORNIA [11 U.S.C. §506(a)*, Docket No. 104, whereby this Court determined the value of the Ladd Property to be $3,415,500, comprised of a $2,500,000 value for the vacant land and an "as is" value of the residence of $915,500.

## III.

### DISCUSSION

Upon request of a creditor or other party in interest, the bankruptcy court may convert a Chapter 11 case to a case under Chapter 7 or may dismiss the case outright "for cause".   11 U.S.C. § 1112(b).   A motion to dismiss or convert a Chapter 11 case requires a two-step analysis: (1) whether cause exists to dismiss

or convert the Chapter 11 case; (2) which option is in the best
interest of the creditors and the estate. *In re AVI, Inc.*, 389
B.R. 721, 729 (9th Cir. BAP 2008); *In re Nelson*, 343 B.R. 671, 675
(9th Cir. BAP 2006).

1.    **Cause exists to dismiss or convert the chapter 11 case**

Section 1112(b)(4) sets forth sixteen grounds upon which a
bankruptcy court may dismiss a Chapter 11 case or convert it into
a case under Chapter 7.  These statutorily enumerated grounds are
not exclusive. 11 U.S.C. § 1112(b)(4); see also *Hall v. Vance*, 887
F.2d 1041, 1044 (10th Cir. 1989).

a.    **Substantial or Continuing Loss to or Diminution of the
Estate and the Absence of a Reasonable Likelihood of
Rehabilitation; 11 U.S.C. § 1112(b)(4)(A)**

Section 1112(b)(4)(A) provides that cause exists for
conversion or dismissal where there is "substantial or continuing
loss to or diminution of the estate and the absence of a
reasonable likelihood of rehabilitation."  This standard has two
basic requirements both of which must be satisfied: (1) whether,
after the commencement of the case, the debtor has suffered or
continues to experience a negative cash flow; and (2) whether
there is a reasonable likelihood that the debtor, or some other
party, will be able to stem the debtor's losses and place the
debtor's business back on a solid financial footing within a
reasonable amount of time.  7 Collier on Bankruptcy, P. 1112.04
(15th ed.).

i.    **Substantial or Continuing Loss or Diminution**

A finding of "substantial or continuing loss to … the
estate" is justified where the estate has sustained a substantial

1  loss following the commencement of the case, or the debtor is

2  operating with a sustained negative cash flow or diminution in

3  asset value after the commencement of the case. *In re Gateway*

4  *Solutions, Inc.*, 374 B.R. 556, 564 (Bankr. M.D. Pa. 2007).

5      Here, even after allowing the non-cash depreciation and

6  amortization, the Profit and Loss Statements in the Monthly

7  Operating Reports filed by DEBTOR indicate that DEBTOR has

8  incurred a loss in every month for the year 2010 and, as of

9  November 30, 2010, a cumulative post-petition loss of $721,060

10  after allowing the non-cash allowance for depreciation and

11  amortization of $255,000.  The Balance Sheet for the Monthly

12  Operating Report for the month ending November 30, 2010, Docket

13  No. 107, shows this post-petition loss of $721,060.87, which is

14  over 17.8% of the equity in DEBTOR's estate.

15      **ii.  Likelihood of Rehabilitation**

16      In order to determine whether the debtor's business

17  prospects are sufficient to justify a finding of a reasonable

18  likelihood of rehabilitation, the court should determine not only

19  whether the causes of the debtor's continuing losses can be

20  corrected, but also whether the debtor or some other party in

21  interest is capable of performing the necessary remediation.  In

22  most cases the debtor's prospects will depend upon whether the

23  debtor has formulated, or can formulate within a reasonable amount

24  of time, a reasonably detailed business plan.  The court is not

25  bound to clog its docket with visionary or impracticable schemes

26  for rehabilitation.  *Tennessee Publishing Co. v. American Nat'l*

27  *Bank*, 299 U.S. 18, 22.  If outside financing is needed for

28  rehabilitation it must be clearly in sight.  *In re K.C. March Co.,*

1  *Inc.*, 12 B.R. 401, 403 (Bankr. D. Mass. 1981).

2      As of the date of hearing on this Motion, this case will

3  have been pending for over eighteen months.  The exclusivity

4  period terminated on November 4, 2009.  While DEBTOR did file the

5  Disclosure Statement and the Amended Disclosure Statement, the

6  respective disclosure statements were not approved by this Court

7  at the hearing held on July 14, 2010.  Five and a half months

8  later DEBTOR has yet to file any further disclosure statement or

9  plan.

10      The respective disclosure statements and plans filed by

11 DEBTOR were visionary schemes and contained no showing of

12 feasibility.  DEBTOR based the disclosure statements and plans

13 upon post-petition financing, the subdivision and development of

14 the remaining vacant land on the Ladd Property, and sale of the

15 subdivided tracts.  As discussed below, DEBTOR provided no

16 evidence of any financing to complete construction of the

17 residence and provided no evidence of any prior experience in

18 subdividing and developing real property.

19      DEBTOR has been stating since the *CASE STATUS REPORT (No.*

20 *1)*, Docket No. 24, filed on October 6, 2009, that he is close to a

21 loan to finance the final construction of the residence but has

22 yet to secure any loan or file a motion to borrow.  DEBTOR stated

23 in the Amended Disclosure Statement that he had reached an

24 agreement with a lender for a loan in the principal amount of

25 $1,200,000 on a superpriority basis, which would be reduced to a

26 motion to borrow which would be filed in the week of June 14,

27 2010.  On September 8, 2010, DEBTOR's attorney, R Gibson Pagter,

28 provided BANK's attorney, Stephen F. Lambert, a loan commitment

1  letter dated July 2, 2010.  The loan was to be from a third party

2  individual, DEBTOR's sister's friend, George Helland, in the

3  amount of $1,200,000, on a priming lien, i.e. the loan was to be

4  secured by a first deed of trust on the Ladd Property.  By its

5  terms the offer in the loan commitment letter expired 45 days

6  after the date of the letter, i.e. August 16, 2010.  The loan

7  commitment letter was sent to Mr. Lambert after the offer had

8  terminated without the financing in place.  No further loan

9  commitments have been provided to BANK or BANK's counsel.  As of

10 the date of this motion, approximately six and a half months after

11 DEBTOR stated he would file a motion to borrow, no such motion has

12 been filed.  Furthermore, any potential loan could not be secured

13 by a "priming" lien on the Ladd Property as requested by Mr.

14 Helland, due to inadequate equity in the Ladd Property for a

15 $1,200,000 loan.  The Ladd Property is currently valued at

16 $3,415,500, and encumbered by deeds of trusts in favor of BANK and

17 Main Street Santa Ana LLC in the combined amount of $2,410,359.19,

18 leaving only $1,005,140.81 in equity in the Ladd Property, which

19 would be insufficient to cover the $1,200,000 needed to complete

20 the residence.

21 **b.      Inability to effectuate a plan**

22     While no longer an enumerated ground after the enactment of

23 the Bankruptcy Abuse Prevention and Consumer Protection Act

24 amended section 1112, conversion or dismissal of a Chapter 11

25 bankruptcy case is appropriate where the court finds that a

26 proposed plan is not feasible and that a feasible plan is not

27 possible.  *In re 3 Ram, Inc.*, 343 B.R. 113, 117-118 (E.D. Penn.

28 2006).  If the Chapter 11 case cannot achieve a reorganization

within the statutory requirements of the Bankruptcy Code, then there is no point in expending estate assets on administrative expenses, or delaying creditors in the exercise of their nonbankruptcy law rights. *Id.* at 118.

As discussed above, DEBTOR has not been able to propose or effectuate a feasible plan during the eighteen months which this case has been pending. The disclosure statements and plans filed by DEBTOR were visionary schemes which contained no information regarding financing, DEBTOR's ability to subdivide and develop the vacant land, and future market value of the Ladd Property. DEBTOR has taken no action towards proposing a viable disclosure statement and plan during the five and a half months since the Amended Disclosure Statement was not approved.

**c.   Unreasonable Delay by the Debtor that is Prejudicial to Creditors**

Under former section 1112(b)(3), the court may dismiss or convert a Chapter 11 case based upon the "unreasonable delay by the debtor that is prejudicial to creditors". The "unreasonable delay" standard in former section 1112(b)(3) must be read in conjunction with former section 1112(b)(2)which merits dismissal or conversion based upon inability to effective a plan and section 1112(d)(4)(J) which permits conversion or dismissal based upon failure to file a plan. *Id.*

As discussed above, this case has been pending for over eighteen months without any sign of a feasible plan in the near future. Said delay has been detrimental to the creditors of the estate in that creditors have not been able to exercise nonbankruptcy rights due to the imposition of the automatic stay.

## 2.   Best interest of creditors and the estate

If cause has been established, the court shall consider whether to dismiss the case, convert the case to one under Chapter 7, or appoint a Chapter 11 trustee.   11 U.S.C. § 1112(b)(1); *In re Products Int'l Co.*, 395 B.R. 101, 111 (Bankr. D. Ariz. 2008). Once cause has been shown, the court's discretion is limited to whether to dismiss the case, convert the case to one under Chapter 7, or appoint a Chapter 11 trustee.   *Id.*   In making this determination the court must consider the interests of all creditors.   *Shulkin Hutton, Inc., P.S. v. Reiger (In re Owens)*, 552 F.3d 958, 961 (9th Cir. 2009).   Courts must consider and weigh the totality of facts and circumstances of the individual case when determining what is in the best interest of the creditors. *In re Hampton Hotel Investors, L.P.*, 270 B.R. 346, 359 ( Bankr. S.D.N.Y. 2001).   The ultimate decision as to which option is in the best interest of all creditors rests within the sound discretion of the court.   *Id.*

Visionary schemes that entail risk to creditors without any reasonable probability of success usually warrant conversion to chapter 7.   *In re Great Am. Pyramid Joint Venture*, 144 B.R. 780, 791 (Bankr. W.D. Tenn. 1992).   Here, DEBTOR has not been able to propose a feasible plan or disclosure statement during the eighteen month pendency of this case.   As such, it would be in the best interest of creditors and the estate to convert this case to a case under Chapter 7 of the Bankruptcy Code.

///

///

///

## VII.

### REQUEST FOR RELIEF

WHEREFORE, Movant, COMMERCIAL BANK OF CALIFORNIA, prays for relief as follows:

A.    For an Order converting the case from Chapter 11 to Chapter 7 or, alternatively, dismissing this bankruptcy case; and

B.    For such other and further relief as the Court deems proper.

DATED: December 30, 2010

                         LAMBERT & ROGERS, APLC

                         By:*/s/ Patrick T. Sullivan*
                         Patrick T. Sullivan, Esq.
                         Attorney for Movant/Secured Creditor
                         COMMERCIAL BANK OF CALIFORNIA

### DECLARATION OF STEPHEN F. LAMBERT

I, Stephen F. Lambert, declare as follows:

1.    If sworn as a witness, I would testify to the following facts of my own knowledge.

2.    I am attorney licensed to practice law in the State of California and the United States Bankruptcy Court for the Central District of California and I am a shareholder of Lambert & Rogers, APLC, attorneys-of-record for COMMERCIAL BANK OF CALIFORNIA.

3.    Following the assertions of R Gibson Pagter, attorney for Debtor CARL H REINHART ("DEBTOR"), that DEBTOR had reached an agreement with a lender for a loan in the principal amount of $1,200,000 to finance the completion of the residence on the property located at 14311 Ladd Canyon Road, Silverado, California,

1  I requested that Mr. Pagter send me a copy of loan commitment on

2  said loan.  On September 8, 2010, I received an email from Mr.

3  Pagter, stating the lender would be DEBTOR's sister's friend.

4  Attached to the email was a copy of the loan commitment letter and

5  a construction budget.  A true and correct copy of the email and

6  attached loan commitment letter and construction budget is

7  attached hereto as Exhibit "1".  By its terms, the offer in the

8  loan commitment letter, dated July 2, 2010, was valid for 45 days

9  from the date of the letter, i.e. August 16, 2010.  Thus, Mr.

10 Pagter's email contained an offer on a loan that was no longer

11 valid.

12      I declare under the penalty of perjury under the laws of the

13 United States of America that the foregoing is true and correct

14 and that this Declaration was executed on December 30, 2010, at El

15 Cajon, California.

16

17 _____

Stephen F. Lambert

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

## Steve Lambert

| | |
|---|---|
| **From:** | R. Gibson Pagter Jr. [gibson@pagterandmiller.com] |
| **Sent:** | Wednesday, September 08, 2010 8:01 AM |
| **To:** | Steve Lambert; Patrick Sullivan |
| **Cc:** | 'Carl Reinhart' |
| **Subject:** | Reinhart/CBC--New Loan Dox requested |
| **Attachments:** | 2010_07_12_17_41_43.pdf; 14311 Ladd Canyon Road, McDonald construction budget, 7-10-10.xls |

Steve

Steve
Thank you for your prompt reply. I thought I had given you the new loan commitment back in July 2010. In any event, here it is. The lender is Carl's sister's friend, and I have seen his bank's written loan commitment to him. . The commitment is still available, and the budget is still accurate. I have been waiting for the MAI appraisal to submit the Motion to Borrow.

As to the deposition of the Bank's appraiser, I changed my mind about taking it, in that I will want Carl's new appraiser to assist me in preparing trial cross-examination instead, and his appraisal will serve as a form of "cross-ex," if you will. Carl located Mr. Marschall on or about 7/6/10, but only first communicated with him on or about 7/8/10. He declined to do any substantive work until his retainer was signed, which he prepared on 7/30/10, and which was signed on 8/9/10. He then went on a prepaid vacation in August. These delays were mainly beyond Carl's and my control. While he was gone Carl worked with Mr Marschall's associate, and I understand they may have the appraisal completed by 9/14/10.

While I understand your frustration at the seemingly slow progress in this case, I ask you to reconsider your decision on recommending the short continuance of the Motion to Value to a date after your 10/18/10 vacation return, convenient to your calendar. I am unavailable on 10/20 at 2 PM and 11/2 at 2 PM.

Sincerely,
GIB
R Gibson Pagter, Jr.

EXHIBIT  1

**GEORGE HELLAND**
2626 29TH Street
San Diego, California 92104
619-283-3139

July 2, 2010

**Mr. Carl H. Reinhart**
**Post Office Box 4476**
**Irvine, CA 92616**

**RE: Loan Secured by Property at 14311 Ladd Canyon Road, Silverado, CA.**

Dear Carl:

This letter pertains to our recent discussions regarding my providing a loan to you for the completion of the residence located at 14311 Ladd Canyon Road, Silverado, CA, APN 105-051-11, (the "Property.")   I have inspected the property, reviewed valuations of the property, and I am prepared to provide a loan to you on the following terms:

1) The Lender will be George Helland.
2) The amount of the loan will be $1,200,000.
3) The loan will be secured by a first deed of trust on the above property. The existing liens on the Property may continue to exist on a subordinated basis.
4) There will be an origination fee equal to one and one-half of one percent (1.5%) of the above loan amount.
5) The Borrower will pay the costs of escrow, title insurance, legal, and other normal fees associated with my making of the above loan.  Such costs will be paid from the Borrower's loan proceeds, concurrent with initial funding.
6) The loan will bear interest at an annual rate of 7.0% percent and will have a thirty-month term.  Interest only payments will be due monthly and an amount equal to the interest due for the full term of the loan will be held by the lender in a reserve account upon loan closing.  Interest payments will be drawn from the reserve account by the lender on a monthly basis, in arrears.
7) There will be no penalty for early payoff of the loan-i. e., no prepayment penalty.
8) Borrower has delivered to Lender a detailed budget for completion of construction at the Property (the "Budget.")  The Budget specifies line items for all remaining construction and related costs, including, but not limited to required property taxes and insurance premiums. Upon closing of the loan escrow, loan proceeds will be held by the lender in a reserve account at a federally-insured financial institution selected by Lender and disbursed directly by Lender to contractors, subcontractors and vendor

Page 2
July 2, 2010
14311 Ladd Canyon Loan

and other bonafide payees in amounts not to exceed line items scheduled in the Budget, except that, Lender, at its sole discretion, and upon request from Borrower, may elect to approve modifications to budgeted line items.

9) Borrower's acceptance of the Loan is contingent on approval of the U.S. Bankruptcy Court. The Lender is to fund the Loan within forty-five days of the above approval.

10) Upon completion of the term of the loan (30 months) or upon default under the terms of the note, Borrower agrees not to contest foreclosure which Lender will have the right to pursue.

11) Borrower agrees to contract with a general contractor licensed by the state of California for the performance of all construction work specified in the Budget.

The terms offered above are valid for 45 days from the date of this letter. Thereafter, the rate and pricing is subject to change based on my cost of funds.

Call me if you have questions.

Very truly yours,

George Helland

EXHIBIT 1

CARL H. REINHART
POST OFFICE BOX 4476
IRVINE, CALIFORNIA  92616

July 10, 2010

George Helland
2626 29th Street
San Diego, CA 92104

RE: Budget for completion of 14311 Ladd Canyon Road

Dear George,

You have asked in your loan commitment letter for a budget indicating the uses for the $1,200,000 loan.  The following is the total budget for the use of the above funds:

| | |
|---|---:|
| Construction budget for house completion (attached)............ | $ 804,055.00 |
| Property taxes past due.......................................... | $48,858.12 |
| Property taxes projected for 30 months........................... | 50,990.00 |
| Course of construction insurance (already paid thru 5/1/11) future cost projected at $1,000 per month.......................... | 18,000.00 |
| General liability insurance projected at $850 per month........ | 25,500.00 |
| Loan closing costs estimated...................................... | 15,000.00 |
| Loan points payable to you ...................................... | 18,000.00 |
| Interest payable to you over 30 months ............................ | 210,000.00 |
| Contingency reserve.............................................. | 9,596.88 |
| Total | $1,200,000.00 |

Please note that there is a contingency reserve of $40,000.00 in the general contractor's construction budget of $804,055.00, in addition to the above $9,596.88 contingency reserve, so there are total contingency reserves of $49,596.88 for the completion of the project.  Obviously, these costs will vary slightly due to the actual dates of the funding of the loan, of the completion of construction, and of the sale of the property.

Please contact me if you have questions.

Sincerely,

Carl H. Reinhart

Enclosure

EXHIBIT  1

# MICHAEL MCDONALD

## GENERAL CONTRACTOR
### CUSTOM HOMES & REMODELS
Lic.# B405218

July 10, 2010

Mr. Carl H. Reinhart
Post Office Box 4476
Irvine, CA 92616

Dear Mr. Reinhart:

Thank you for the opportunity to make a presentation to you and your associates for my firm to complete the construction of your single-family home located at 14311 Ladd Canyon Road, Silverado, California. The home has a truly outstanding design and is situated on an exceptional site, and I would welcome the opportunity to complete it for you.

I have now met with you and your associates on several occasions to discuss the plans and design concept. I have inspected the existing physical condition of the house with a licensed architect and on multiple occasions with potential sub-contractors. I have also met at the property with an inspector from the County of Orange Building Department so that I have a clear understanding of the construction that has been completed as well as the scope of the remaining construction. As a result, I have great confidence that my enclosed projected budget for the completion of the house is accurate and achievable.

If you elect to contract with me for my firm to complete the construction of the house, I am prepared to commence such construction within thirty days of the execution of a contract, and I can likely begin some of the preliminary work prior to the above thirty days. I understand that you are in the process of obtaining additional financing for the remaining construction, and that any agreement is subject to your approval of the agreement and obtaining the financing.

I look forward to the opportunity to work with you in the completion of the above project.

Sincerely,

Michael McDonald

| Project: | Reinhart/Nichols Residence | | | | | |
| | 14311 Ladd Canyon | | | | | |
| | Silverado Canyon, CA | | | | | |
| Phone # | | | | | | |
| | | | | | | |
| | | | **Cost to Complete** | | | |
| | | | | | | |
| Description | | | Cost | | | Cost to Complete |
| | | | | | | |
| **Permits/ inspection fees** | allowance | | $3,000.00 | | | $3,000.00 |
| | | | | | | |
| **Geo or soil reports** | allowance | | $3,000.00 | | | $3,000.00 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| **Septic tank to house poc** | | | $1,000.00 | | | $1,000.00 |
| | | | | | | |
| | | | | | | |
| **Portable toilet** | not included | | $800.00 | | | $800.00 |
| | | | | | | |
| **Grading/excavation, landscape allowance** | | | $35,000.00 | | | $35,000.00 |
| | | | | | | |
| | | | | | | |
| **Dumpster and haul away** | | | $3,000.00 | | | $3,000.00 |
| | | | | $45,800.00 | | |
| | | | | | | |
| **Concrete** | Driveway 800 sf allowance | | $10,000.00 | | | $10,000.00 |
| **Concrete** | landings | | $2,000.00 | | | $2,000.00 |
| **Concrete** | front steps allowance | | $5,000.00 | | | $5,000.00 |
| | | | | $17,000.00 | | |
| | | | | | | |
| **Asphalt from gate to house** | | | $20,000.00 | | | $20,000.00 |
| **Asphalt from gate to existing end of road** | | | $50,000.00 | | | $50,000.00 |
| | | | | $70,000 | | |
| **Lumber Rough** | Material allowance | | $5,000.00 | | | $5,000.00 |
| | | | | | | |
| | | | | | | |
| **Carpentry Rough** | Pick up work allowance | | $10,000.00 | | | $10,000.00 |
| | | | | | | |
| **Siding & trim** | Installation | | $10,000.00 | | | $10,000.00 |
| **Hardware Rough** | Material allowance | | $1,000.00 | | | $1,000.00 |
| | | | | $26,000.00 | | |

EXHIBIT 1

| Description | | | Cost | | | Cost to Complete |
|---|---|---|---|---|---|---|
| Doors | | Knotty alder | $5,000.00 | | | $5,000.00 |
| Entry door | | installation | $1,000.00 | | | $1,000.00 |
| Finish Material | | baseboard and casing | $7,500.00 | | | $7,500.00 |
| | | | | | | |
| Carpentry Finish | | doors and trim labor | $28,000.00 | | | $28,000.00 |
| | | | | | | |
| | | | | | | |
| Door hardware | | allowance | $5,000.00 | | | $5,000.00 |
| Bath hardware | | allowance | $1,000.00 | | | $1,000.00 |
| Cabinet Hardware | | allowance | $1,000.00 | | | $1,000.00 |
| | | | | $48,500.00 | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| Skylights | | installation in roofing | | | | |
| Window repairs | | allowance | $5,000.00 | | | $5,000.00 |
| | | | | $5,000.00 | | |
| | | | | | | |
| | | | | | | |
| Plumbing Rough | | Repairs | $4,000.00 | | | $4,000.00 |
| Plumbing Rough | | water main to house poc | $3,500.00 | | | $3,500.00 |
| Plumbing Rough | | fire water tank | $8,000.00 | | | $8,000.00 |
| Plumbing Rough | | Domestic tank | $5,000.00 | | | $5,000.00 |
| Fire Sprinklers | | per plan original contract | $9,000.00 | | | $9,000.00 |
| | | | | $29,500.00 | | |
| | | | | | | |
| Hot mop showers | | | $1,000.00 | | | $1,000.00 |
| | | | | $1,000.00 | | |
| Electrical | | Per plans | $15,000.00 | | | $15,000.00 |
| Electrical | | Main panel | $3,800.00 | | | $3,800.00 |
| Electrical | | Audio video | $10,000.00 | | | $10,000.00 |
| Electrical | | Underground utilities | $25,000.00 | | | $25,000.00 |
| | | | | | | |
| Electrical | | Fixtures | $10,000.00 | | | $10,000.00 |
| | | | | $63,800.00 | | |
| | | | | | | |
| HVAC | | 2, 5Ton 100KBTU furnaces | $21,580.00 | | | $21,580.00 |
| | | | | | | |
| Sheet Metal | | flashing misc. | $1,500.00 | | | $1,500.00 |
| Sheet Metal | | Hood vent installation | $600.00 | | | $600.00 |
| Sheet Metal | | Bathrooms, dryer | $1,200.00 | | | $1,200.00 |
| | | | | | | |
| Roofing | | labor | $12,000.00 | | | $12,000.00 |
| Roofing | | caulking, screws, felt, misc. | $5,000.00 | | | $5,000.00 |
| | | | | | | |
| Waterproof decks | | | $5,000.00 | | | $5,000.00 |
| | | | | | | |
| Insulation | | Title-24 | $4,795.00 | | | $4,795.00 |

EXHIBIT 1

| Description | | | Cost | | | Cost to Complete |
| --- | --- | --- | --- | --- | --- | --- |
| Insulation | | Interior walls/ceilings | $1,500.00 | | | $1,500.00 |
| | | | | | | |

EXHIBIT 1

| Description | | Cost | | | Cost to Complete |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| Stone veneer | Fireplace facing interior | $7,500.00 | | | $7,500.00 |
| Stone veneer | Fireplace facing interior | $3,000.00 | | | $3,000.00 |
| Stone veneer | entry stairway allowance | $10,000.00 | | | $10,000.00 |
| | | | | | |
| Drywall | | $32,270.00 | | | $32,270.00 |
| | | | | | |
| | | | | | |
| Raingutters | | $5,000.00 | | | $5,000.00 |
| | | | | | |
| Dumbwaiter | | $6,000.00 | | | $6,000.00 |
| | | | | | |
| Stairway railings | interior allowance | $1,000.00 | | | $1,000.00 |
| | | | | | |
| Painting | interior | $20,000.00 | | | $20,000.00 |
| Painting | exterior | $16,800.00 | | | $16,800.00 |
| Painting | cabinets | $5,000.00 | | | $5,000.00 |
| | | | $159,745.00 | | |
| Tile and stone | | | | | |
| Kitchen counter | slab allowance | $4,088.00 | | | $4,088.00 |
| Kitchen counter | fabrication,mitered apron | $7,429.00 | | | $7,429.00 |
| Kitchen counter | backsplash labor | $2,200.00 | | | $2,200.00 |
| Kitchen counter | sealer | $275.00 | | | $275.00 |
| Laundry room counter | slab allowance incl. | $0.00 | | | $0.00 |
| Laundry room counter | fabrication, bullnose | $410.00 | | | $410.00 |
| Bath 1 counter | slab allowance incl. | $0.00 | | | $0.00 |
| Bath 1 counter | fabrication, bullnose | $791.00 | | | $791.00 |
| Bath 1 counter | backsplash incl. | $0.00 | | | $0.00 |
| Bath 1 tub surround | tile labor | $4,410.00 | | | $4,410.00 |
| Bath 1 floor | tile labor | $945.00 | | | $945.00 |
| Bath 2 counter | slab allowance incl. | $0.00 | | | $0.00 |
| Bath 2 counter | fabrication, bullnose | $663.00 | | | $663.00 |
| Bath 2 counter | backsplash | $0.00 | | | $0.00 |
| Bath 2 shower | tile labor | $5,130.00 | | | $5,130.00 |
| Bath 2 floor | tile labor | $750.00 | | | $750.00 |
| Master bath counters | slab allowance | $818.00 | | | $818.00 |
| Master bath counters | fabrication | $1,373.00 | | | $1,373.00 |
| Master bath counters | backsplash incl. | $0.00 | | | $0.00 |
| Master bath shower | tile labor | $6,795.00 | | | $6,795.00 |
| Master bath tub deck | slab allowance | $818.00 | | | $818.00 |
| Master bath tub deck | fabrication, bullnose | $1,377.00 | | | $1,377.00 |
| Master bath tub deck | riser and splash tile labor | $2,500.00 | | | $2,500.00 |
| Master bath floor | tile labor | $1,290.00 | | | $1,290.00 |
| 2nd level master deck | stone installation | $3,000.00 | | | $3,000.00 |
| 2nd level back deck | stone installation | $2,500.00 | | | $2,500.00 |
| Entry | stone installation | $8,240.00 | | | $8,240.00 |
| Front porch | stone installation | $3,000.00 | | | $3,000.00 |
| Porch BR 1 | stone installation | $3,000.00 | | | $3,000.00 |
| Back porches main level | stone installation | $6,000.00 | | | $6,000.00 |
| | | | | | |
| Lower level hall/steps | tile labor | $1,650.00 | | | $1,650.00 |

EXHIBIT  1

| Description | | | Cost | | | Cost to Complete |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| Stone material | | allowance | $20,000.00 | | | $20,000.00 |
| Total | | | | $89,452.00 | | |

EXHIBIT   1

| Description | | Cost | | | Cost to Complete |
|---|---|---|---|---|---|
| Cabinets | | | | | |
| Kitchen | Knotty alder | $22,750.00 | | | $22,750.00 |
| Bath 1 | Knotty alder | $1,975.00 | | | $1,975.00 |
| Bath 2 | Knotty alder | $1,175.00 | | | $1,175.00 |
| Master Bath | Knotty alder | $5,475.00 | | | $5,475.00 |
| | | | | | |
| Laundry room | Knotty alder | $2,500.00 | | | $2,500.00 |
| | | | $33,875.00 | | |
| Fireplace | Family room | $2,500.00 | | | $2,500.00 |
| Fireplace | Great room | $2,500.00 | | | $2,500.00 |
| | | | $5,000.00 | | |
| | | | | | |
| | | | | | |
| Mirrors | | $1,000.00 | | | $1,000.00 |
| | | | | | |
| Bath 1 shower door | | $1,200.00 | | | $1,200.00 |
| Bath 2 shower door | | $1,000.00 | | | $1,000.00 |
| Master bath shower door | | $950.00 | | | $950.00 |
| | | | $4,150.00 | | |
| Deck railings | exterior allowance | $4,000.00 | | | $4,000.00 |
| | | | $4,000.00 | | |
| Garage Door | 3 doors allowance | $12,000.00 | | | $12,000.00 |
| Garage Door | 3 coats sikkens finish | $1,600.00 | | | $1,600.00 |
| | | | $13,600.00 | | |
| Wood floor kitchen, dining, stairs, mud, porch | | $15,533.00 | | | $15,533.00 |
| | | | | | |
| Carpet BR 1, BR2, Master, FR, Great room | | $14,500.00 | | | $14,500.00 |
| | | | $30,033.00 | | |
| Appliances | | $5,000.00 | | | $5,000.00 |
| Appliance installation | | $1,200.00 | | | $1,200.00 |
| | | | $6,200.00 | | |
| Site Clean Up | | $5,000.00 | | | $5,000.00 |
| | | | | | |
| Sand bags/plastic etc. | | $3,000.00 | | | $3,000.00 |
| | | | | | |
| Final Cleaning | | $3,500.00 | | | $3,500.00 |
| | | | $11,500.00 | | |
| Contingency | | $40,000.00 | | | $40,000.00 |
| | | | | | |
| Contractor Fee (Overhead and profit) | | $100,000.00 | | | $100,000.00 |
| | | | $140,000.00 | | |
| | | | | | |
| Total proposed contract amount | | $804,155.00 | $804,155.00 | | $804,155.00 |

EXHIBIT  1

| In re:<br>CARL HEINZ REINHART | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 8:09-bk-16774-TA |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
LAMBERT & ROGERS, APLC
359 West Madison Avenue, Suite 100
El Cajon, CA 92020
A true and correct copy of the foregoing document described **MOTION FOR CONVERSION OR DISMISSAL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On December 30, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Evan C Borges    eborges@irell.com, bblythe@irell.com
- Deborah Conley    bkmail@prommis.com
- Nancy S Goldenberg    nancy.goldenberg@usdoj.gov
- Christopher M McDermott    ecfcacb@piteduncan.com  ☒    Service information continued on attached page


II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On    December 30, 2010    I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

JUDGE
Hon. Theodor C. Albert
United States Bankruptcy Court - Central District of California
411 West Fourth Street, Suite 5085
Santa Ana, CA 92701-4593    ☒

DEBTOR
Carl Heinz Reinhart
P.O. Box 4476
Irvine, CA 92616
Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 30, 2010 | Janice L. Rogers | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9013-3.1**

| In re:<br>CARL HEINZ REINHART | | CHAPTER 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER 8:09-bk-16774-TA |

## ADDITIONAL SERVICE INFORMATION:

### I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):

- R G Pagter    gibson@pagterandmiller.com, pandm@pagterandmiller.com;pagterandmiller@yahoo.com
- John D Schlotter    ecfmail@aclawllp.com
- Patrick T Sullivan    patricksullivan@lambertrogers.com
- David A Tilem    davidtilem@tilemlaw.com,
  malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
- Linh K Tran    bline.chapter13@blinellc.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Alan Steven Wolf    wdk@wolffirm.com

### II.  SERVED BY U.S. MAIL:

### MANUAL NOTICE LIST:

SELECT PORTFOLIO SERVICING, INC.
PO Box 65777
Salt Lake City, UT 84165

The Huntington National Bank, as Trustee for Franklin Mortgage Asset Trust 2009-A, by Franklin Credit Management
Corporation as Servicing Agent c/o Franklin Credit Management Corporation
PO Box 2301
Jersey City, NJ 07303-2301

Jim T Tice
38 Sorrento
Irvine, CA 92614

### TWENTY LARGEST UNSECURED CREDITORS

| | | |
|---|---|---|
| American Express<br>Attn Managing Agent<br>P.O. Box 981535<br>El Paso, TX 79998 | Capital One<br>Attn Managing Agent<br>P.O. Box 30273<br>Salt Lake City, UT 84130 | Chase<br>Attn Managing Agent<br>P.O. Box 15298<br>Wilmington, DE 19850 |
| Citi Bank<br>Attn Managing Agent<br>P.O. Box 6000<br>The Lakes, NV 89163 | Eoin L. Kreditor, Esq.<br>Friedman Stroffe & Gerard PC<br>19800 MacArthur Blvd #100<br>Irvine, CA 92612 | Franchise Tax Board<br>Special Procedures Branch<br>P.O. Box 2952<br>Sacramento, CA 95812-2952 |
| Ganahl Lumber<br>P.O. Box 31<br>Anaheim, CA 92815 | George Helland<br>2626 29th Street<br>San Diego, CA 92104 | Internal Revenue Service<br>P.O. Box 21126<br>Philadelphia, PA 19114 |
| Lincoln Wholesale Electric Co.<br>Attn Managing Agent<br>1451-A Lincoln Blvd<br>Santa Monica, CA 90401 | Marguerite Reinhart<br>18800 Florida St #333<br>Huntington Beach, CA 92648 | Michael Britt<br>28435 Zurita<br>Mission Viejo, CA 92692 |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                    F 9013-3.1

| In re:<br>CARL HEINZ REINHART<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 8:09-bk-16774-TA |
|---|---|

Michael Lanphere, Esq.
400 N Tustin Ave, Ste 225
Santa Ana, CA 92705

Peninsula Investment RE Broker
Attn Managing Agent
P.O. Box 14130
Irvine, CA 92623

Union Bank of California
Attn Managing Agent
Wilcox, AZ 85643

WB Contento
P.O. Box 6397
Santa Ana, CA 92701

Wells Fargo Bank
Attn Managing Agent
P.O. Box 10347
Des Moines, IA 50306

Yocum-Baldwin Development
Attn Managing Agent
3299 Horseless Carriage Dr
Norco, CA 92860

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                    F 9013-3.1