Stephen F. Lambert (SBN 113868)
Patrick T. Sullivan (SBN 263613)
LAMBERT & ROGERS, APLC
359 West Madison Avenue, Ste. 100
El Cajon, California 92020
Telephone:  (619) 588-7600
Facsimile:  (619) 588-7889

Attorneys for Movant,
COMMERCIAL BANK OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA -- SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>CARL HEINZ REINHART,<br><br>          Debtor, | Case No.: 8:09-BK-16774-TA<br><br>**REPLY TO OPPOSITION BY DEBTOR TO MOTION FOR CONVERSION OR DISMISSAL**<br><br>[11 U.S.C. §§ 1112(b)]<br><br>Date: 1/26/2010<br>Time: 10:00 a.m.<br>Courtroom: 5B<br><br>**Hon. Theodor C. Albert,<br>United State Bankruptcy Judge** |

Secured Creditor COMMERCIAL BANK OF CALIFORNIA ("BANK") hereby replies to *OPPOSITION BY DEBTOR TO MOTION FOR CONVERSION OR DISMISSAL* (the "Opposition") as follows:

1. The Opposition refers to sections 1112(b)(1) and (2), which provide for exceptions to the requirement that the court shall convert or dismiss the case once movant has established cause.

    A. Section 1112(b)(1) provides that the court shall

1 - *REPLY TO OPPOSITION BY DEBTOR TO MOTION FOR CONVERSION OR DISMISSAL*

1  not dismiss or convert the case if the court specifically
2  identifies unusual circumstances that establish that dismissal or
3  conversion is not in the best interest of creditors or the estate.
4  While Section 1112(b) does not define "unusual circumstances",
5  the phrase contemplates conditions that are not common in chapter
6  11 cases. *In re Products Int'l Co.*, 395 B.R. 101, 109 (Bankr. D.
7  Ariz. 2008). Here, it cannot be said that the Opposition has
8  raised circumstances in this case are *unusual* compared to a
9  typical Chapter 11 case.
10              B.    While the Opposition does refer to Section
11 1112(b)(2), which sets forth a specific set of facts which must
12 preclude dismissal or conversion, the Opposition misstates the law
13 by omitting the word "and" at the end of Section 1112(b)(2)(A),
14 and completely omitting Section 1112(b)(2)(B). The most pertinent
15 reading of Section 1112(b)(2) is:

> [A]bsent unusual circumstances, the Court must not
> convert or dismiss the case if (1) there is a reasonable
> likelihood that a plan will be confirmed within a
> reasonable time, (2) the "cause" for dismissal or
> conversion is something other than a continuing loss or
> diminution of the estate coupled with a lack of
> reasonable likelihood of rehabilitation; and (3) there
> is a reasonable justification or excuse for a debtor's
> act or omission and the act or omission will be cured
> within a reasonable time.

*In re Orbit Petroleum, Inc.*, 395 B.R. 145, 147 (Bankr. D.N.M.
2008). The burden is on the objecting party to establish all of
the factual elements stated in subparagraphs (A) and (B) of
Section 1112(b)(2). 7-Collier on Bankruptcy P 1112.05[2] (15th
ed.). Debtor has provided no evidence to establish all three
elements.
            2.    The Opposition references *In re Warner*, 83 B.R. 807

Main Document    Page 3 of 8

1  (Bankr. M.D. Fla. 1988), and *In re Hall*, 15 B.R. 913 (Bankr. 9th
2  Cir. 1981), to support its contention that cause for dismissal
3  will not exist if dismissal will result in a possible prejudice to
4  the creditors.  However, both cases were well before the
5  amendments to Section 1112(b) under the Bankruptcy Abuse
6  Prevention and Consumer Protection Act of 2005, where, among other
7  changes, Congress substituted the word "shall" for "may" in
8  Section 1112(b)(1)'s directions to the court, thereby limiting the
9  court's discretion to whether it should dismiss or convert. *In re*
10 *Products Int'l Co.*, 395 B.R. at 108.
11      3.   The Opposition states that DEBTOR "has expended as much
12 as $225,000 from his post-bankruptcy earnings to fix up,
13 rehabilitate, and safeguard estate assets, with the goal of
14 selling same expeditiously."  This claim fails to account for the
15 fact that the Balance Sheet for the month ending November 30,
16 2010, Docket No. 107, shows there has been a post-petition loss of
17 $721,060.87 in DEBTOR's equity.  This amount is over 17.8% of
18 DEBTOR's equity in the estate.
19      4.   The Opposition and declaration in support claim that
20 DEBTOR's "ability to reorganize and to file a Motion to Borrow
21 against LADD or to propose a new Plan and Disclosure Statement,
22 reliant upon the LADD property, has been slowed by CBC's Motion to
23 Value and the recent holidays."  This claim omits the fact that
24 DEBTOR promised that he would file a Motion to Borrow prior to
25 BANK's Motion to Value the Ladd Property.  In *DEBTOR'S FIRST*
26 *AMENDED CHAPTER 11 DISCLOSURE STATEMENT*, filed on June 8, 2010,
27 DEBTOR stated that he had "reached an agreement to be reduced to a
28 motion to borrow in this case, to be filed in the week of 14 June

2010, on a superpriority basis". Docket No. 71, p. 11. No such motion was filed in the week of June 14, 2010. BANK's Motion to Value, which DEBTOR claims caused the delay in filing a Motion to Borrow, was filed on June 20, 2010, i.e. after the deadline which DEBTOR himself had set for the filing of a Motion to Borrow.

5. Assuming that the Motion to Borrow would be for a loan on a superpriority basis, based upon the value of the Ladd Property set forth in the *STATEMENT OF DECISION VALUING REAL PROPERTY*, Docket No. 104, DEBTOR does not have enough equity in the Ladd Property to obtain financing on a superpriority basis. The combined "as is" value of the residence and land has been set by the Court at $3,415,500. The Ladd Property is encumbered by deeds of trusts in favor of BANK and Main Street Santa Ana LLC in the combined about of $2,410,359.19, leaving DEBTOR with $1,005,140.81 in equity in the Ladd Property. This equity is insufficient to support a superpriority loan in the amount of $1,200,000.

6. Page 3, lines 3-5, of the Opposition misstates the grounds upon which BANK seeks conversion or dismissal, as well as the law on the respective grounds, claiming: "CBC seeks conversion or dismissal of this case due to the alleged substantial losses and the absence of a reasonable likelihood of rehabilitations AND unreasonable delay that is prejudicial to ALL creditors". BANK set forth three separate grounds for which cause exists to convert or dismiss: (1) substantial or continuing loss to or diminution of the estates and the absence of a reasonable likelihood of rehabilitation; (2) inability to effectuate a plan; or (3) unreasonable delay by the debtors that is prejudicial to

1  creditors. DEBTOR's claim that BANK seeks conversion due to
2  "unreasonable delay that is prejudicial to ALL creditors"
3  misstates the law. Former section 1112(b)(3) provided that cause
4  exists based upon the "unreasonable delay by the debtor that is
5  prejudicial to creditors".

6      7.  The Opposition misstates the "best interests of the
7  estate" test as set forth in the cases of *In re Staff Investment*
8  *Co.*, 146 B.R. 256 (Bankr. E.D. Cal. 1992), and *In re Superior*
9  *Sliding & Window, Inc.*, 14 F.3d 240 (4th Dist. 1994). The best
10 interest of the estate test is invoked once cause is shown to
11 determine which option the court should choose. *In re Staff*
12 *Investment Co.*, 146 B.R. at 260; *In re Superior Sliding & Window,*
13 *Inc.*, 14 F.3d at 242-243. As discussed above, once cause is
14 established, the court's discretion is limited to whether the case
15 should be converted to a chapter 7 case or dismissed. The best
16 interest test is used to determine which of the two options the
17 court should choose.

19 DATED: January 18, 2011

20                             LAMBERT & ROGERS, APLC

21                             By:/s/ *Patrick T. Sullivan*
                               Patrick T. Sullivan, Esq.
22                             Attorney for Movant/Secured Creditor
                            COMMERCIAL BANK OF CALIFORNIA

5 - *REPLY TO OPPOSITION BY DEBTOR TO MOTION FOR CONVERSION OR DISMISSAL*

| In re:<br>CARL HEINZ REINHART                              Debtor(s). | CHAPTER 11<br>CASE NUMBER 8:09-bk-16774-TA |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
LAMBERT & ROGERS, APLC
359 West Madison Avenue, Suite 100
El Cajon, CA 92020

A true and correct copy of the foregoing document described **MOTION FOR CONVERSION OR DISMISSAL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>January 18, 2011</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Evan C Borges    eborges@irell.com, bblythe@irell.com
- Deborah Conley    bkmail@prommis.com
- Nancy S Goldenberg    nancy.goldenberg@usdoj.gov
- Christopher M McDermott    ecfcacb@piteduncan.com    ☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On ___January 18, 2011_____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

JUDGE
Hon. Theodor C. Albert
United States Bankruptcy Court - Central District of California
411 West Fourth Street, Suite 5085
Santa Ana, CA 92701-4593

DEBTOR
Carl Heinz Reinhart
P.O. Box 4476
Irvine, CA 92616

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 18, 2011 | Janice L. Rogers | _/s/_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                            F 9013-3.1

| In re:<br>CARL HEINZ REINHART<br>Debtor(s). | CHAPTER 11<br>CASE NUMBER 8:09-bk-16774-TA |
|---|---|

**ADDITIONAL SERVICE INFORMATION:**

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**

- R G Pagter    gibson@pagterandmiller.com, pandm@pagterandmiller.com;pagterandmiller@yahoo.com
- John D Schlotter    ecfmail@aclawllp.com
- Patrick T Sullivan    patricksullivan@lambertrogers.com
- David A Tilem    davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
- Linh K Tran    bline.chapter13@blinellc.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Alan Steven Wolf    wdk@wolffirm.com

II. **SERVED BY U.S. MAIL:**

**MANUAL NOTICE LIST:**

SELECT PORTFOLIO SERVICING, INC.
PO Box 65777
Salt Lake City, UT 84165

The Huntington National Bank, as Trustee for Franklin Mortgage Asset Trust 2009-A, by Franklin Credit Management Corporation as Servicing Agent c/o Franklin Credit Management Corporation
PO Box 2301
Jersey City, NJ 07303-2301

Jim T Tice
38 Sorrento
Irvine, CA 92614

**TWENTY LARGEST UNSECURED CREDITORS**

American Express
Attn Managing Agent
P.O. Box 981535
El Paso, TX 79998

Capital One
Attn Managing Agent
P.O. Box 30273
Salt Lake City, UT 84130

Chase
Attn Managing Agent
P.O. Box 15298
Wilmington, DE 19850

Citi Bank
Attn Managing Agent
P.O. Box 6000
The Lakes, NV 89163

Eoin L. Kreditor, Esq.
Friedman Stroffe & Gerard PC
19800 MacArthur Blvd #100
Irvine, CA 92612

Franchise Tax Board
Special Procedures Branch
P.O. Box 2952
Sacramento, CA 95812-2952

Ganahl Lumber
P.O. Box 31
Anaheim, CA 92815

George Helland
2626 29th Street
San Diego, CA 92104

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

Lincoln Wholesale Electric Co.
Attn Managing Agent
1451-A Lincoln Blvd
Santa Monica, CA 90401

Marguerite Reinhart
18800 Florida St #333
Huntington Beach, CA 92648

Michael Britt
28435 Zurita
Mission Viejo, CA 92692

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

| In re: | | CHAPTER 11 |
|---|---|---|
| CARL HEINZ REINHART | Debtor(s). | CASE NUMBER 8:09-bk-16774-TA |

Michael Lanphere, Esq.
400 N Tustin Ave, Ste 225
Santa Ana, CA 92705

Peninsula Investment RE Broker
Attn Managing Agent
P.O. Box 14130
Irvine, CA 92623

Union Bank of California
Attn Managing Agent
Wilcox, AZ 85643

WB Contento
P.O. Box 6397
Santa Ana, CA 92701

Wells Fargo Bank
Attn Managing Agent
P.O. Box 10347
Des Moines, IA 50306

Yocum-Baldwin Development
Attn Managing Agent
3299 Horseless Carriage Dr
Norco, CA 92860

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1