**R. GIBSON PAGTER, JR.**
California State Bar No. 116450
**PAGTER AND MILLER**
California State Bar No. 116450
525 N. Cabrillo Park Drive, Suite 104
Santa Ana, CA 92701
Telephone: (714) 541-6072
Facsimile: (714) 541-6897
Email: gibson@pagterandmiller.com

Attorneys for Carl H. Reinhart
Debtor and Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No. 8:09-bk-16774 TA |
| CARL H. REINHART, | Chapter 11 |
| | NOTICE OF MOTION AND MOTION FOR ORDER APPROVING DEBTOR'S SECOND DISCLOSURE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF CARL H REINHART AND R. GIBSON PAGTER, JR. IN SUPPORT THEREOF |
| | Date: March 3, 2011 |
| Debtor and Debtor-in-Possession. | Time: 10:00 a.m. |
| | Ctrm: 5B |

TO THE HONORABLE THEODOR ALBERT, UNITED STATES BANKRUPTCY JUDGE, PARTIES IN INTEREST, AND THE OFFICE OF THE U.S. TRUSTEE:

**PLEASE TAKE NOTICE** that on March 3, 2011 at 10:00 a.m. Debtor and Debtor in Possession, Carl Reinhart, will appear in Courtroom 5B of the United States Bankruptcy Court, Central District of California, 411 W. 4th Street, Santa Ana, California and move the Court for

M-approve 2d-disc stmt

-1-

an order approving his Second Amended Disclosure Statement Describing Chapter 11 Plan Dated 1/21/2011 ("Disclosure Statement") as having adequate information pursuant to 11 U.S.C. §1125(b). Debtor has filed a Disclosure Statement describing his Chapter 11 Plan, dated 01/21/2011, and his Original Plan.

This Motion is made pursuant to Local Bankruptcy Rule 3017-1. It is based upon this Notice of Motion and Motion, supporting Memorandum of Points and Authorities, the Declarations of Carl H. Reinhart and R. Gibson Pagter, Jr., the argument of counsel, and any and all evidence presented to the Court at or before the scheduled hearing.

**PLEASE TAKE NOTICE that** pursuant to Local Bankruptcy Rule 3017-1, any parties wishing to object to the Disclosure Statement must do so in writing, and file and serve their objection on the Debtor's counsel (at the address listed in the upper-left hand corner of the first page of this Notice) and the Office of the U.S. Trustee, 411 W. 4th St., Ste 9041, Santa Ana, California, 92701 no later than 14 days before the hearing.

Dated: January 21, 2011                    PAGTER AND MILLER

/s/ R. GIBSON PAGTER, JR.
R. GIBSON PAGTER, JR.
Attorneys for Debtor

## MEMORANDUM OF POINTS AND AUTHORITIES

I.   Relief Requested

By this Motion, Debtor seeks approval of his Disclosure Statement pursuant to section 1125 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure ("FRBP") 3017. Court approval of the Disclosure Statement will permit immediate solicitation of the Debtor's Plan.

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

M-approve 2d-disc stmt

-2-

II.  Factual Background

A.  History of the Debtor

Debtor is the owner of several real properties located at:

a.  51% of 19312 Fisher Lane, Santa Ana CA ("FISHER"), a single family residence

b.  28106-28162 Silverado Canyon, Silverado CA, a mixed use commercial property;

c.  28192-28222 Silverado Canyon, Silverado CA, a retail commercial property;

d.  Vacant lot, Silverado, CA ("LOT"); and

e.  14311 Ladd Canyon, Silverado, CA, an undivided 92 acre parcel with a nearly complete luxury home being built by Debtor ("LADD").

B.  The Chapter 11 Case.

During the Chapter 11 case Debtor sought and obtained financing to allow him to complete construction of the residence on LADD for sale of same, and possibly to subdivide that large parcel. A Motion to approve that financing is set for March 3, 2011 at 10:00AM in this Court. In addition, Debtor has vacated FISHER and completed various repairs and improvements to it, and it is being marketed. Debtor continues to operate and rent out units on the commercial properties.

C.  Debtor's Plan and Disclosure Statement

Debtor's Plan assumes he will be able to obtain a new first-position loan to be secured on LADD in order to complete construction of the home thereon and to sell that home or all or part of the 92 acres forthwith, and/or to sell just the home on approximately 5 acres, and/or to refinance some or all the debt secured on LADD, and/or to parcelize it for sale in smaller lots. In addition, Debtor will sell FISHER and two of the commercial properties, one

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

-3-

M-approve 2d-disc stmt

fully-occupied by a market and public library, and one that has a vacant restaurant building. He anticipates he will be able to pay all creditors in full.

The Disclosure Statement and Debtor's Plan are being filed concurrently herewith. The Disclosure Statement summarizes Debtor's Plan and contains information relating to the Plan.

III.     Approval of the Disclosure Statement

Section 1125(b) of the Bankruptcy Code provides that:
An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title…unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information.

Section 1125(a) defines:

[A]dequate information means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records…that would enable such a hypothetical investor…to make an informed judgment about the plan.

A disclosure statement, as a whole, must provide information that is "reasonably practicable" to permit an "informed judgment" by creditors and interest holders, if applicable, to vote on a plan of reorganization. See In re: Momentum Mfg. Corp., 25 F.3d 1132, 1136 (2d Cir. 1994); See also In re: Ionosphere Clubs, Inc., 179 B.R. 24, 29 (Bankr. S.D.N.Y. 1995) (adequacy of a disclosure statement "is to be determined on a case-specific basis under a flexible standard that can promote the chapter 11 policy of fair settlement through a negotiation process between informed interested parties") (citations omitted) .This particular point, especially in light of its underlying notions of practicality and flexibility, also is underscored in the legislative history of section 1125.

The legislative history indicates that the definition of 'adequate information' is intended to be flexible.

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

-4-

M-approve 2d-disc stmt

> Precisely what constitutes adequate information in any particular instance will develop on a case-by-case basis. Courts will take a practical approach as to what is necessary under the circumstance of each case, such as the cost of preparation of the statements, the need for relative speed in solicitation and confirmation, and, of course, the need for investor protection. There will be a balancing of interests in each case. In reorganization cases, there is frequently great uncertainty. Therefore the need for flexibility is the greatest.

H.R. Rep No. 595, 95th Cong. 1st Sess (1978), U.S. Code Cong. & Admin. News 1978 pp. 5787, 6365.

Courts are vested with wide discretion to determine whether a disclosure statement contains "adequate information" within the meaning of §1125(a). See Kirk v. Texaco, Inc., 82 B.R. 678, 682 (S.D.N.Y 1988) ("The legislative history could hardly be more clear in granting broad discretion to bankruptcy judges under §1125(a)…"). See also In re Oxford Homes, 204 B.R. 264, 267 (Bankr. D.Me 1997) (noting Congress intentionally drew vague contours of what constitutes adequate information so that bankruptcy courts can exercise discretion to tailor them to each case's particular circumstances). This grant of discretion is intended to permit courts to tailor the disclosures made in connection with the solicitation of votes on a plan or reorganization to facilitate the effective reorganization of debtors in a broad range of business and circumstances. See H.R. Rep. 595, at 409; Texaco, 82 B.R. at 682 (stating bankruptcy judges have a clear congressional mandate to exercise "broad discretion in their supervision of corporation reorganizations"). Accordingly, the determination of whether a disclosure statement contains adequate information must be made on a case-by-case basis, focusing on the unique facts and circumstances of each case. See In re Phoenix Petroleum Co., 278 B.R. 385, 393 (Bankr. E.D. Pa 2001).

For the reasons set forth herein, the Disclosure Statement contains ample and adequate information to allow parties in interest to make informed judgments about and, to the extent appropriate, to vote on the Plan. Importantly, the Disclosure Statement includes

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

-5-

M-approve 2d-disc stmt

information regarding (a) the Debtor and his assets, liabilities and business, (b) the general conditions preceding Debtor's decision to commence this Chapter 11 case (c) the classification and treatment of claims and interests under the Plan, (d) other material terms of the Plan and implementation, and (e) information concerning valuation of the real Properties. Accordingly, Debtor respectfully submits that the Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code and should be approved.

Local Bankruptcy Rule 3071-1(a) provides for a hearing on a motion for approval of a disclosure statement on 36-days notices, which will be given.

IV. Conclusion

Based on the foregoing, Debtor respectfully requests entry of an order granting the relief requested in this Motion and such other relief the Court may deem just and proper.

Dated: January 21, 2011                        PAGTER AND MILLER

/s/ R. GIBSON PAGTER, JR.
R. GIBSON PAGTER, JR.
Attorneys for Debtor

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

M-approve 2d-disc stmt

-6-

## DECLARATION OF CARL H. REINHART

I, CARL H. REINHART declare:

1. I am the Debtor in this case. The facts contained herein are true and correct and of my personal knowledge.

2. I filed this voluntary Chapter 11 on July 7, 2009.

3. My attorney, R. Gibson Pagter, Jr. of Pagter and Miller, prepated Debtor's Second Amended Disclosure Statement using information and data I supplied to him.

4. I am the source of all financial data contained in the Second Amended Disclosure Statement and Plan. To value all of the real properties I have relied on my knowledge as the owner of those properties, this Court; opinion of value of Ladd, as well as my own 25+ years of experience as a California licensed commercial real estate broker (I also have many years of experience in residential real estate transactions), and my own review of various appraisals prepared by others concerning them.

5. All facts and representations in the Plan and Disclosure Statement are true and accurate to the best of my knowledge.

6. In my opinion no fact material to a claimant or equity security holder in voting to accept or reject the proposed Plan has been omitted.

7. The tax consequences which may arise as a result of the sale of the real properties or consummation of the Plan have not been determined at this time by a CPA or the IRS or FTB, but I have some estimations of some of them in the Disclosure Statement.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 21, 2011 at Silverado, California.

/S/ Carl H. Reinhart
CARL H. REINHART

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-7072

M-approve 2d-disc stmt

-7-

## DECLARATON OF R. GIBSON PAGTER, JR.

I, R. Gibson Pagter, Jr., declare:

1. I am a shareholder of Pagter and Miller, attorneys of record for Debtor in the above-entitled matter. The facts contained herein are true and correct and of my personal knowledge.

2. Concurrently with filing this Motion, I will file the Second Amended Disclosure Statement and Debtor's Second Amended Chapter 11 Plan.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 21, 2011 at Santa Ana, California.

/s/ R. GIBSON PAGTER, JR.
R. GIBSON PAGTER, JR.

Pagter and Miller
525 N Cabrillo Park Drive
Suite 104
Santa Ana, CA 92701
(714) 541-6072

M-approve 2d-disc stmt

-8-