Stephen F. Lambert (SBN 113868)
Patrick T. Sullivan (SBN 263613)
LAMBERT & ROGERS, APLC
359 West Madison Avenue, Suite 100
El Cajon, California 92020
Tel: (619) 588-7600/Fax: (619) 588-7889

Attorneys for Plaintiff
COMMERCIAL BANK OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| IN RE:<br><br>CARL H. REINHART,<br><br>    Debtor and<br>    Debtor-in-Possession | Case No. : 8:09-bk-16774-TA<br><br>**OPPOSITION OF COMMERCIAL BANK OF CALIFORNIA TO DEBTOR'S SECOND AMENDED DISCLOSURE STATEMENT**<br><br>**Date: March 2, 2011**<br>**Time: 10:00 a.m.**<br>**Courtroom 5B** |

    Commercial Bank of California ("Bank"), a secured creditor of Carl H. Reinhart, by and through undersigned counsel, hereby objects (the "Objection") to the debtor's *ORIGINAL SECOND AMENDED DISCLOSURE STATEMENT OF DEBTOR, CARL H REINHART, DESCRIBING CHAPTER 11 PLAN DATED 01/21/2001* (the "Disclosure Statement") as follows:

## I.

## INTRODUCTION

    A disclosure statement is supposed to provide creditors of the debtor with information sufficient to enable the creditors to understand and analyze the treatment of their claims under the debtor's proposed plan of reorganization. The disclosure statement must be based upon substantiated facts and describe a plan that conforms to the requirements of the Bankruptcy Code in order for the creditors to conduct this analysis. The Disclosure Statement filed by Debtor Carl H. Reinhart (the "Debtor") on January 21, 2011,

contains a fundamental flaw that bars any possibility of approval; it describes a chapter 11 plan or reorganization (the "Plan") that cannon be confirmed as a matter of law.

The Court cannot approve the Disclosure Statement because it describes a plan of reorganization (the "Plan") that is not confirmable on its face. The Plan facially is not feasible. Specifically, the plan (1) relies on valuation of the LADD Property that misstates the value set forth by this Court in its Statement of Decision Valuing Real Property; (2) relies on wholly inadequate income from operations; and, (3) contains a speculative, at best, plan for the sale or refinancing of estate property at some indeterminate future date.

Moreover, the Disclosure Statement cannot be approved because it fails to provide adequate information to facilitate meaningful voting or confirmation proceedings. The Disclosure Statement, among other things, (i) lacks adequate information concerning the debtor's ability to make the payments proposed in his Plan; and (ii) lacks adequate information concerning the accounting and valuation methods used in the preparation of the Disclosure Statement.

## II.

## ARGUMENT

The disclosure statement is the Bankruptcy Code's tool to provide creditors with information to decide how to vote on, and information to decide whether to object to, a plan of reorganization. *See In re California Fidelity, Inc.*, 198 B.R. 567, 571 (9th Cir. BAP 1996). Fundamental to the chapter 11 process is full and complete disclosure. *In re Brandon Mills Farms, Ltd.*, 37 B.R. 190, 192 (Bankr. D.N.H. 1991). "Where inaccuracies are so numerous or significant that creditors or interest holders can no longer make an informed judgment about whether to accept or reject the proposed plan of reorganization, approval of the Disclosure Statement must be denied." *In re Cardinal Congregate I*, 121 B.R. 760, 766-67 (Bankr. S.D. Ohio 1990); *see also In re Hirt*, 97 B.R. 981, 983 (Bankr. E.D. Wis. 1989)(denying the approval of a disclosure statement where the document contained numerous inaccuracies and because the debtor failed to provide detailed financial information). Without full disclosure of adequate information, creditors are unable to exercise their voting rights and their rights to object to the confirmation of the Plan.

///

///

**A.    The Court Should Not Approve the Disclosure Statement Because the Plan Itself Cannot Be Confirmed Because the Plan Is Not Feasible**

Bank is mindful of the distinction between issues that are appropriately addressed at the time of the hearing on the disclosure statement and those more typically reserved for plan confirmation. However, it is well established that courts may consider substantive plan issues at the disclosure statement hearing and deny approval to disclosure statements predicated upon facially unconfirmable plans. A court is authorized at a disclosure statement hearing to address legal issues that determine whether a plan can be confirmed. *See, e.g. In re Moorpark Adventure,* 161 B.R. 254, 256-258 (Bankr. C.D. Cal. 1993); *see also In re Felicity Assocs., Inc.,* 197 B.R. 12, 14 (Bankr. D.R.I. 1996) ("it has become standard Chapter 11 practice that when an objection raises substantive plan issues that are normally addressed at confirmation, it is proper to consider and rule upon such issues prior to confirmation, where the proposed plan is arguably unconfirmable on its face.")[internal citations omitted]; *In re Market Square Inn, Inc.,* 163 B.R. 64, 68 (Bankr. W.D.Pa. 1994) ("Where it is clear that a plan of reorganization is not capable of confirmation, it is appropriate to refuse the approval of the disclosure statement.").

The proponents of a Chapter 11 plan must show that the plan "has a reasonable probability of success," *In re Acequia, Inc.* 787 F.2d 1352, 1364 (9th Cir. 1986), and is more than a "visionary scheme[]." *In re Pizza of Hawaii, Inc.,* 761 F.2d 1374, 1382 (9th Cir. 1985) (quotations omitted). In determining whether a plan is "feasible" within the meaning of § 1129(a)(11) courts have identified the following factors as pertinent: "the prospective earnings of the business or its earning power; the soundness and adequacy of the capital structure and working capital for the business which the debtor will engage in post-confirmation; the prospective availability of credit; whether the debtor will have the ability to meet its requirements for capital expenditures; economic and market conditions; the ability of management, and the likelihood that the same management will continue; and any other related factors which would materially reflect on the company's ability to operate successfully and implement its plan." *In re Kemp,* 134 B.R. 413, 416 (Bankr. E.D. Cal. 1991)(quoting *In re Texaco, Inc.,* 84 Bankr. 893, 910 (Bankr. S.D.N.Y.).

The property identified by Debtor in the Disclosure Statement as the "LADD" property appears to constitute almost 50% of the value of this estate. Debtor states that pursuant to the Court's *STATEMENT*

*OF DECISION VALUING REAL PROPERTY*, Docket No. 104 (the "Statement of Decision"), "if $1,200,000 were invested into completion of the Residence, the after-completion as-is value would be $4,615,000, that is to say a dollar invested would yield a dollar increase in value." This claim misstates the Statement of Decision, which expressly states "the combined value for §506 purposes is **$3,415,500**" (emphasis in original). Bank hereby incorporates the Statement of Decision by this reference.

The Disclosure Statement identifies a Motion to Borrow filed by Debtor on January 19, 2011, Docket No. 113, in which Debtor seeks to borrow the amount of $1,200,000 from George Helland to complete construction of the Residence. The proposed financing relies upon Debtor's opinion that the LADD property is valued at $4,615,000. As stated above, this misinterprets the Statement of Decision. The Motion to Borrow should be denied if the Court accepts the value of $3,415,500 set forth in the Statement of Decision. On February 16, 2011, Bank filed an opposition to the Motion to Borrow, Docket No. 125, and incorporates its Opposition to the Motion to Borrow by this reference.

The Disclosure Statement further indicates Debtor has filed for a tentative map with the County of Orange (p. 11 of Disclosure Statement), but is silent as to the time, expense and feasibility of such property division. The Disclosure Statement is similarly silent as to what factors have been considered and whether or not the LADD property is even capable of subdivision at all. The Plan and Debtor's intentions are mere speculation as to whether the LADD property, may be subdivided and what the future market value will be. The intentions are no more than a "visionary scheme". Because this property apparently constitutes a substantial portion of the estate (about 50%), without a concrete viable plan as to the LADD property, the Plan as a whole is not feasible.

**B.    The Disclosure Statement Does Not Contain "Adequate Information" As Required By Section 1125.**

Section 1125 requires that prior to the solicitation of acceptances of a plan of reorganization, each impaired claimant and interest holder must receive a disclosure statement that has been previously approved by the court as containing "adequate information." 11 U.S.C. § 1125(b). "Adequate information" is defined as:

///

///

> "[I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan ..." [11 U.S.C. § 1125(a)(1).]

The purpose of a disclosure statement is to provide sufficient information so that a typical investor can make an informed judgment whether to vote for or against the plan. *In re Unichem Corp.*, 72 B.R. 95, 97 (Bankr. N.D. Ill. 1987). "Because creditors and the bankruptcy court rely heavily on the debtor's disclosure statement in determining whether to approve a proposed reorganization plan, the importance of full and honest disclosure cannot be overstated." *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (ed Cir. 1996).

The disclosure statement must describe all factors known to the plan proponent that may impact the success or failure of the proposals contained in the plan. *See, e.g., In re Beltrami Enters., Inc.*, 191 B.R. 303, 304 (Bankr. M.D. Pa. 1995); *In re Cardinal Congregate I*, 121 B.R. 760, 765 (Bankr. S.D. Ohio 1990); *In re Stanley Hotel, Inc.*, 13 B.R. 926, 929 (Bankr. D. Colo. 1981). Indeed, Section 1125(a) was amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 to increase the required disclosure necessary for a disclosure statement to contain "Adequate Information." "The importance of full disclosure is underlaid by the reliance placed upon the disclosure statement by the creditors and court. Given this reliance, "we cannon overemphasize the debtor's obligation to provide sufficient data to satisfy the Code standard of 'adequate information.'" *Kunica v. St. Jean Fin. Inc.*, 233 B.R. 46, 54 (S.D.N.Y. 1999)(citing Oneida, 848 F.2d at 417).

Several courts have articulated lists of the kinds of information that should be included in a disclosure statement. *In re Pac. Gas & Elec. Co.*, 273 B.R. 795, 808 (Bankr. N.D. Cal. 2002), *rev'd*, 350 F.3d 932 (9th Cir. 2003)(stating that disclosure statement typically sets forth a description of the debtor's business, the reasons for financial difficulties, historical and current financial information, material post-petition events, a summary of assets and liabilities, a description of the plan, and the means for effectuating the plan); *In re Diversified Investors Fund XVII*, 91 B.R. 559, 561 (Bankr. CC.D. Cal. 1988)(stating that a disclosure statement must contain liquidation analysis); *In re Scioto Valley Mortgage Co.*, 99 B.R. 168 (Bankr. E.D. Ohio 1988); *In re Feretti*, 128 B.R. at 19; *In re U.S. Brass Corp.*, 104 F.3d

420, 424 (Bankr. E.D.Tex. 1996). the factors outlined in *In re Scioto Valley* are frequently cited in treatises as constituting benchmark minimum disclosure requirements. *See Collier on Bankruptcy* P 1125.02[b][2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). Among the required disclosure subjects are: (1) the accounting and valuation methods used to produce the financial information in the disclosure statement; (2) the compensation to be paid to any insiders, directors and/or officers of the Debtor; (3) detailed information about the Debtor's ability to make the payments proposed in the plan; (4) an estimate of all administrative expenses, including attorneys' fees and accounting fees; (5) the collectability of any accounts receivable; (6) any financial information, valuations or pro forma projections that would be relevant to creditors' determinations of whether to accept or reject the plan; (7) the actual or projected value that can be obtained from avoidable transfers; (8) the existence, likelihood, and possible success of no bankruptcy litigation; and (9) the relationship of the Debtor with affiliates. 88 B.R. at 171-72. If the disclosure statement does not contain adequate information within the meaning of section 1125 of the Bankruptcy code, then the plan it describes is not eligible for confirmation due to section 1129(a)(2) of the Bankruptcy Code.

As more fully set forth below, the disclosure Statement fails to satisfy even the minimum disclosure requirements of Section 1125. Because the Disclosure Statement does not provide creditors with "adequate information", enabling them to make an informed judgment about the Plan, approval should be denied.

1. **The Disclosure Statement Lacks Adequate Information Concerning Debtor's Ability to Make the Payments Proposed by the Plan and Fails to Disclose Insider Compensation**

Although Debtor disclaims any compensation for acting as disbursing agent and seeks to serve as such without bond (p. 43 of Disclosure Statement), the Disclosure Statement is entirely silent as to what compensation Debtor will receive. Debtor's most recent Monthly Operating Report for the month ending December 31, 2010, Monthly Operating Report Number 18, Docket No. 124, shows that in the 18 months since the filing of the petition he has cumulatively lost $844,202.80. Adding back the non-cash allowance for depreciation and amortization, and the continued deferral of all interest expense accruals, debtor only

shows a cumulative net income of $32,541.20, or little more than $1,800 per month. This is hardly sufficient to make the payments contemplated by the Plan.

### 2. The Disclosure Statement Lacks Adequate Information Concerning the Accounting and Valuation Methods Used in the Preparation of the Disclosure Statement

*In re Scioto Valley, supra,* 99 B.R. 168, lists as one category of required disclosures, "any financial information, valuations or pro formal projections that would be relevant to creditors' determinations of whether to accept or reject the plan." Courts have denied the approval of disclosure statements where real property valuations contained therein lack factual basis. *In re Reilly*, 71 B.R. 132, 135 (Bankr. D. Mont. 1987).

Here, Debtor has stated the value of its "Current Assets", presumably including his real property holdings, as a lump sum of "$10,253,500.00" and total assets of "$10,273,755.06" (p. 20 of Monthly Operating Report No. 18) . Debtor lists the valuation of all of his assets at the time of filing of $9,230,439 (Summary of Schedules). While Debtor has not provided a Profit and Lost Statement to Exhibit B, Debtor's Balance Sheet shows a cumulative post-petition loss of "<$748,428.97>" (p. 20 of Monthly Operating Report No. 18). Even allowing for the non-cash depreciation and amortization allowance of "$270,000", the increase in the valuation of the assets is not explained. There is no information concerning the methodology or the process debtor used in arriving at these values. Neither are the individual properties identified and valued in the Disclosure Statement. Without this information, a determination cannot be made of the feasibility of the Plan.

### III.
### CONCLUSION

Accordingly, Bank respectfully requests that based upon the foregoing concerns of feasibility of the Plan and lack of adequate information provided in the Disclosure Statement, the Court deny approval of the proposed Disclosure Statement and grant such other relief that is just and proper.

Dated: February 16, 2011                    LAMBERT & ROGERS, APLC

                                By:    */s/ Patrick T. Sullivan*
                                       Patrick T. Sullivan, Esq.
                                       Attorneys for Secured Creditor
                                       COMMERCIAL BANK OF CALIFORNIA

| In re:<br>CARL HEINZ REINHART<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 8:09-bk-16774-TA |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
LAMBERT & ROGERS, APLC
359 West Madison Avenue, Suite 100
El Cajon, CA 92020

A true and correct copy of the foregoing document described **OPPOSITION OF COMMERCIAL BANK OF CALIFORNIA TO DEBTOR'S SECOND AMENDED DISCLOSURE STATEMENT**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On February 16, 2011 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Evan C Borges    eborges@irell.com, bblythe@irell.com
- Deborah Conley    bkmail@prommis.com
- Nancy S Goldenberg    nancy.goldenberg@usdoj.gov    ☒    Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On    February 16, 2011    I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

JUDGE
Hon. Theodor C. Albert
United States Bankruptcy Court - Central District of California
411 West Fourth Street, Suite 5085
Santa Ana, CA 92701-4593

DEBTOR
Carl Heinz Reinhart
P.O. Box 4476
Irvine, CA 92616

☒    Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

February 16, 2011    Janice L. Rogers    _____
Date    Type Name    Signature

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    **F 9013-3.1**

| In re:<br>CARL HEINZ REINHART | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 8:09-bk-16774-TA |

**ADDITIONAL SERVICE INFORMATION:**

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**

- Christopher M McDermott    ecfcacb@piteduncan.com
- R G Pagter    gibson@pagterandmiller.com, pandm@pagterandmiller.com;pagterandmiller@yahoo.com
- John D Schlotter    ecfmail@aclawllp.com
- Patrick T Sullivan    patricksullivan@lambertrogers.com
- David A Tilem    davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
- Linh K Tran    bline.chapter13@blinellc.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Alan Steven Wolf    wdk@wolffirm.com

**II. SERVED BY U.S. MAIL:**

**MANUAL NOTICE LIST:**

SELECT PORTFOLIO SERVICING, INC.
PO Box 65777
Salt Lake City, UT 84165

The Huntington National Bank, as Trustee for Franklin Mortgage Asset Trust 2009-A, by Franklin Credit Management Corporation as Servicing Agent c/o Franklin Credit Management Corporation
PO Box 2301
Jersey City, NJ 07303-2301

Jim T Tice
38 Sorrento
Irvine, CA 92614

**TWENTY LARGEST UNSECURED CREDITORS**

American Express
Attn Managing Agent
P.O. Box 981535
El Paso, TX 79998

Capital One
Attn Managing Agent
P.O. Box 30273
Salt Lake City, UT 84130

Chase
Attn Managing Agent
P.O. Box 15298
Wilmington, DE 19850

Citi Bank
Attn Managing Agent
P.O. Box 6000
The Lakes, NV 89163

Eoin L. Kreditor, Esq.
Friedman Stroffe & Gerard PC
19800 MacArthur Blvd #100
Irvine, CA 92612

Franchise Tax Board
Special Procedures Branch
P.O. Box 2952
Sacramento, CA 95812-2952

Ganahl Lumber
P.O. Box 31
Anaheim, CA 92815

George Helland
2626 29th Street
San Diego, CA 92104

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

Lincoln Wholesale Electric Co.
Attn Managing Agent
1451-A Lincoln Blvd
Santa Monica, CA 90401

Marguerite Reinhart
18800 Florida St #333
Huntington Beach, CA 92648

Michael Britt
28435 Zurita
Mission Viejo, CA 92692

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                                        F 9013-3.1

| In re:<br>CARL HEINZ REINHART<br>Debtor(s). | CHAPTER 11<br>CASE NUMBER 8:09-bk-16774-TA |
|---|---|

| | | |
|---|---|---|
| Michael Lanphere, Esq.<br>400 N Tustin Ave, Ste 225<br>Santa Ana, CA 92705 | Peninsula Investment RE Broker<br>Attn Managing Agent<br>P.O. Box 14130<br>Irvine, CA 92623 | Union Bank of California<br>Attn Managing Agent<br>Wilcox, AZ 85643 |
| WB Contento<br>P.O. Box 6397<br>Santa Ana, CA 92701 | Wells Fargo Bank<br>Attn Managing Agent<br>P.O. Box 10347<br>Des Moines, IA 50306 | Yocum-Baldwin Development<br>Attn Managing Agent<br>3299 Horseless Carriage Dr<br>Norco, CA 92860 |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*  **F 9013-3.1**