1 | **BARRY R. GORE, ESQ. SBN 143278**
**CHRISTINE M. FITZGERALD, ESQ. SBN 259014**
2 | **SMITH | CAMPBELL | CLIFFORD | KEARNEY | GORE**
**A Professional Law Corporation**
3 | **3424 Carson Street, Suite 350**
**Torrance, California 90503**
4 | **(310) 542-0111 Telephone**
**(310) 214-7254 Facsimile**

Attorneys for Secured Creditor CCRC Farms, LLC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

In re:

CARL H. REINHART,

Debtor and Debtor in Possession.

Case No. 8:09-bk-16774-TA

Chapter 11

**SUPPLEMENT REGARDING (1) OBJECTION OF CCRC FARMS, LLC TO ORIGINAL SECOND AMENDED DISCLOSURE STATEMENT OF DEBTOR, CARL H REINHART, DESCRIBING CHAPTER 11 PLAN DATED 01/21/2011 AND (2) RESPONSE IN SUPPORT OF MOTION FOR CONVERSION OR DISMISSAL; DECLARATION OF JAMES A. BARRETT, JR. IN SUPPORT THEREOF**

**Hearing**
Date: March 30, 2011
Time: 10:00 a.m.
Place: Courtroom 5B
Before: Judge Theodor C. Albert

Case 8:09-bk-16774-TA    Doc 137    Filed 03/16/11    Entered 03/16/11 12:40:31    Desc
Main Document    Page 2 of 17

TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, HIS COUNSEL, AND ALL PARTIES IN INTEREST:

Secured Creditor CCRC Farms, LLC ("CCRC") hereby files this *Supplement* regarding its Objection [Docket No. 127] ("Objection") to the *Original Second Amended Disclosure Statement of Debtor of Debtor, Carl H. Reinhart, Describing Chapter 11 Plan Dated 01/21/2011* (the "Disclosure Statement"), and its *Response* [Docket No. 129] ("Response") in support of the *Motion For Conversion Or Dismissal* [Docket No. 108] ("Motion to Dismiss") in the case of the above-referenced debtor and debtor-in-possession ("Debtor").

After CCRC filed the Objection and the Response, CCRC and the Debtor negotiated and executed the *Stipulation Between The Debtor And CCRC Farms, LLC Regarding Original Second Amended Disclosure Statement Of Debtor, Carl H Reinhart, Describing Chapter 11 Plan Dated 01/21/2011* ("Stipulation"), a true and correct copy of which is attached hereto as Exhibit "A." Declaration of James A. Barrett, Jr. at ¶ 4.

Pursuant to the Stipulation, among other things, the Debtor is to file an amended disclosure statement and plan and to file a motion to approve the Stipulation, so the *Debtor's Motion For Order Approving Debtor's Second Disclosure Statement* [Docket No. 116] is moot, the current Disclosure Statement should not be approved, and compliance by the Debtor with the Stipulation should address CCRC's concerns that led it to support the Motion to Dismiss. Declaration of James A. Barrett, Jr. at ¶ 5.

Dated: March 15, 2011

SMITH | CAMPBELL | CLIFFORD | KEARNEY | GORE, A Professional Law Corporation

By: *Christine M. Fitzgerald*
Barry R. Gore
Christine M. Fitzgerald
Attorneys for Secured Creditor CCRC Farms, LLC

- 1 -
SUPPLEMENT REGARDING (1) OBJECTION TO DISCLOSURE STATEMENT
AND (2) RESPONSE TO MOTION FOR CONVERSION OR DISMISSAL

## DECLARATION OF JAMES A. BARRETT, JR.

I, James A. Barrett, Jr., declare as follows:

1. I am an authorized representative of CCRC Farms, LLC ("CCRC"). I am involved in the operations of CCRC. I have personal knowledge of the following, or have gained such knowledge from my review of the records of CCRC, which were obtained, created and maintained in the ordinary course of business, and if called as a witness, could and would competently testify thereto.

2. I am personally familiar with the books and records of CCRC as they relate to the Debtor. I am informed and believe these books and records were made by the employees of CCRC or its agents who had a business duty to enter the records of CCRC accurately at or near the time of the event which they record such information, by or from information transmitted by someone with personal knowledge of the event or act.

3. I hereby submit this Declaration in support of the *Supplement Regarding Objection Of CCRC Farms, LLC To Original Second Amended Disclosure Statement Of Debtor, Carl H Reinhart, Describing Chapter 11 Plan Dated 01/21/2011* (the "Supplement"). Capitalized terms that are not defined herein are defined in the Supplement.

4. After CCRC filed its Objection to the Disclosure Statement, CCRC and the Debtor negotiated and executed the *Stipulation Between The Debtor And CCRC Farms, LLC Regarding Original Second Amended Disclosure Statement Of Debtor, Carl H Reinhart, Describing Chapter 11 Plan Dated 01/21/2011* ("Stipulation") a true and correct copy of which is attached hereto as Exhibit "A."

5. Compliance by the Debtor with the Stipulation should address CCRC's concerns that led it to support the Motion to Dismiss.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration is executed on March 15, 2011, at Las Vegas, Nevada.

*/s/ James A. Barrett, Jr.*
James A. Barrett, Jr.

EXHIBIT "A"

BARRY R. GORE, ESQ. SBN 143278
CHRISTINE M. FITZGERALD, ESQ. SBN 259014
SMITH | CAMPBELL | CLIFFORD | KEARNEY | GORE
A Professional Law Corporation
3424 Carson Street, Suite 350
Torrance, California 90503
(310) 542-0111 Telephone
(310) 214-7254 Facsimile

Attorneys for Secured Creditor CCRC Farms, LLC

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>CARL H. REINHART,<br><br>Debtor and Debtor in Possession. | Case No. 8:09-bk-16774-TA<br><br>Chapter 11<br><br>**STIPULATION BETWEEN THE DEBTOR AND CCRC FARMS, LLC REGARDING ORIGINAL SECOND AMENDED DISCLOSURE STATEMENT OF DEBTOR, CARL H REINHART, DESCRIBING CHAPTER 11 PLAN DATED 01/21/2011**<br><br>**Hearing on Disclosure Statement**<br>Date:    March 2, 2011<br>Time:    10:00 a.m.<br>Place:   Courtroom 5B<br>Before:  Judge Theodor C. Albert |

This Stipulation between the Debtor and CCRC Farms, LLC regarding Original Second Amended Disclosure Statement of Debtor, Carl H Reinhart, Describing Chapter 11 Plan Dated 01/21/2011(the "Stipulation") is entered into by and between Chapter 11 Debtor and Debtor in Possession, Carl H. Reinhart,(the "Debtor") and secured creditor CCRC Farms, LLC ("CCRC") based upon the following facts:

1.   Carl H Reinhart (the "Debtor") is the debtor and debtor in possession, in the above captioned case. The Debtor filed his voluntary chapter 11 petition commencing his case on July 7, 2009 (the "Petition Date").

2.  In February 2006, CCRC sold certain real property generally described as the Silverado Center in Silverado Canyon, CA (the "Property") to Reinhart for $725,000. The Property is located at 28192-28222 Silverado Canyon Road, and is comprised of four parcels (APN nos. 873-033-02; 873-033-03; 873-033-04; and 873-033-05). In the DS and Plan, the Property is referred to as Properties 3, 4, 5, and 6.

3.  As part of that sale, CCRC took back a Note from Reinhart in the original principal amount of $600,000, secured by a First Trust Deed ("Trust Deed") on the Property. The Note provides for non-default interest at 7%, with monthly principal and interest payments amortized over 20 years in the amount of approximately $4,651.79, but with the entire balance due and payable after three years, on March 3, 2009.

4.  As of January 31, 2011, CCRC's total claim was at least $638,813.05; it has increased since then as a result of attorneys' fees and accrual of additional interest on unpaid amounts; and it will increase as additional interest, attorneys' fees and costs accrue and are incurred in the future.[1] CCRC's costs and attorneys' fees in this matter, which are also recoverable under the Note, exceed $50,000 from July 2009 through January 2011. A schedule showing the payments owed and made by Reinhart to CCRC pursuant to the Note is attached hereto as Exhibit "A." This does not include default interest or other charges.

5.  Reinhart represents that since filing bankruptcy, has segregated, and accounted for, all rents collected at the Property. The rents are subject to CCRC's Trust Deed and, therefore, are "cash collateral" and property of CCRC.

6.  The property taxes on the Property will exceed $100,000 in April 2011, when the next installment of property taxes is due.

7.  Reinhart filed his Original Second Amended Disclosure Statement Of Debtor, Carl H Reinhart, Describing Chapter 11 Plan Dated 01/21/2011 [Docket No. 117] ("Disclosure Statement") and the related plan [Docket No. 118] ("Plan") on January 21, 2011.

---

[1] The parties to this Stipulation ("Parties") believe this calculation is accurate but agree that CCRC is entitled to all of the principal, interest, costs, attorney's fees and other charges that accrue pursuant to the Note and Trust Deed.

-1-

8. CCRC filed its objection [Docket No. 128] (the "Objection") to the Disclosure Statement on February 16, 2011 objecting to, among other things, the calculation and proposed treatment of its secured claim ("Claim") under the Plan and the information provided in the Disclosure Statement.

9. This Stipulation reflects the Parties' negotiation and resolution of the issues raised by the Disclosure Statement and the Objection.

*NOW THEREFORE*, the Debtor and Lender enter into following agreement regarding Cash Collateral, adequate protection of Lender, and the other issues addressed herein, on the following terms:

1. The recitals set forth above are incorporated herein by this reference.

2. On or before March 30, 2011, the Debtor shall amend the Disclosure Statement and Plan to reflect the following:

   (a) The unpaid pre-petition and post-petition interest that has accrued and will accrue on the principal owed to CCRC under the Note shall be calculated at the default rate set in the CCRC Note (including but not limited to interest on accrued unpaid interest and 5% late fees) through the Effective Date of the Plan. After the effective date of the Plan, the interest rate on CCRC's unpaid Claim shall be the non-default rate set forth in the Note (i.e., 7%).

   (b) CCRC's Claim shall include all of its costs, fees and other charges pursuant to the CCRC Note and/or First Deed of Trust that have not been paid by the Debtor ("CCRC's Costs and Attorneys' Fees"), and CCRC's Costs and Attorneys' Fees shall include but not be limited to payments of insurance, property taxes, and maintenance on the Property and payments to other creditors of Reinhart in settlement of any claims they may assert to proceeds from sale(s) of the Property made by CCRC related to the Note and Trust Deed) and attorneys' fees and costs.

   (c) CCRC shall be paid the full amount of its Claim on or before the earliest of (i) the sale(s) of Property 3, 4, 5, or 6,[2] whichever first occurs, and (ii) December 31, 2011 (the "Due Date").

   (d) After the effective date of the plan, by the tenth of each month Reinhart shall pay all post-operational net rental income ("Net Income") from

---

[2] In the Disclosure Statement and Plan, the Debtor refers to the Property as "Property 3, 4, 5, or 6" to reflect that the Property consists of four parcels, all of which secure CCRC's Claim.

-2-

Properties 3, 4, 5, and 6 to CCRC until its Claim is paid in full and shall provide to CCRC a statement showing rents collected, all payments made therefrom and the Net Income payable to CCRC. The Debtor shall only be allowed to use cash collateral for reasonable maintenance, insurance and property taxes for the Property, and for other expenses of the Property that are approved by CCRC, and shall not be permitted to use cash collateral to object to, contest or modify the validity, perfection, priority, extent, or enforceability of any amount due or lien created under CCRC's loan documents, to assert any action for avoidance power claims or any other claims or defenses granted to CCRC, to prevent, hinder or otherwise delay CCRC's assertion, enforcement or realization on the cash collateral in accordance with this Stipulation, to pay any monies, compensation or otherwise to Debtor or his insiders without CCRC's permission, or to pay any amount on account of any claims arising prior to the Petition Date, unless such payments on account of such pre-petition claims are approved by CCRC.

(e)  In the amended disclosure statement, the amount of unpaid property taxes due on the Property will be calculated accurately as of the date of the amended disclosure statement.

3. Any hearing on the Amended plan shall occur on or after May 31, 2011, but before June 30, 2011.

4. Reinhart will retain . a real estate broker to market the Property on commercially reasonable terms with the following process: CCRC will propose three real estate brokers to Reinhart by March 3, 2011; each broker will provide a brief written summary of his or her approach to marketing the property to Reinhart and CCRC; and on or before March 8, 2011, Reinhart will select one of those brokers and list the property with him or her (such selected broker is the "Broker"). The Broker will report to Reinhart directly; Reinhart and Broker will copy CCRC on all communications with the Broker; and CCRC shall have a right to communicate with the Broker directly. Reinhart will file an application to retain the Broker *nunc pro tunc* to the date that the Broker is retained and shall diligently seek approval of that application.

5. Starting on March 10, 2011, and continuing no later than ten (10) days following the beginning of each calendar month thereafter, the Debtor shall make monthly adequate protection payments ("Payments") directly to CCRC of the Net Income, and shall provide to CCRC a statement showing rents collected, all payments made therefrom and the Net Income payable to CCRC, so as to be received by CCRC on or before the tenth (10th) day of each month.

6. The Debtor acknowledges that it is not aware of any grounds to challenge the validity, enforceability, or priority of the Lender's pre-petition claims or liens against the Property.

7. All Cash Collateral heretofore collected and in the possession or under the control of the Debtor, and all Cash Collateral hereafter collected by the Debtor, shall be deposited into a debtor in possession bank account (the "Cash Collateral Account") and kept separate from any other funds of the Debtor.

8. The Debtor agrees that (a) any turnover to the Lender of the Cash Collateral pursuant to this Stipulation is voluntarily made and (b) that any turnover to Lender of any Cash Collateral and any application of the same by Lender to the indebtedness under the Note and Trust Deed shall not be deemed, in any manner, to constitute a setoff or other "action" as that term is used or defined in section 726 of the California Code of Civil Procedure, constitute a violation of the "one action rule" or be considered an effort by the Lender to collect a deficiency judgment.

9. By virtue of, among other things, the provisions of the Trust Deed, the Lender asserts that it holds a valid, duly perfected, enforceable and non-avoidable senior-most security interest in the Cash Collateral and the Property. As further partial adequate protection, the Lender shall be granted a valid, duly perfected, enforceable and non-avoidable replacement lien and security interest of the same priority in all post-petition cash collateral ("Cash Collateral"). The Debtor shall execute such documents as the Lender may require to perfect its security interest hereunder and/or under the Trust Deed or other agreement between the Debtor and Lender, but entry of the court's order approving this Stipulation shall constitute a validly perfected first lien and security interest upon the Cash Collateral generated after the Petition Date and no filing, recordation or other act in accordance with any applicable local, state or federal law shall be necessary to create or perfect such lien and security interest.

10. The post-petition liens in favor of the Lender shall secure repayment to the Lender of the actual amount of Cash Collateral spent by the Debtor (if any) from and after the Petition Date. The post-petition liens granted hereby shall not in any way reduce, eliminate or supersede any security interest previously granted to the Lender, but shall instead be a continuation thereof, from and after the petition date.

11. In addition to its rights under the Note and Trust Deed, the Lender or its designated representative or agent shall be entitled on reasonable notice to inspect the books and records of the Debtor at any time during normal business hours. The Lender shall be entitled to inspect the Property and to have its appraiser visit the Property upon reasonable notice to inspect and appraise the Property.

12. The Debtor shall maintain insurance in accordance with the requirements of the Office of the United States Trustee at all times for the Property and shall provide evidence of the same to the Lender within 15 days after Lender's written request therefor.

13. The Debtor represents that other than real estate taxes, no consensual liens or encumbrances senior to those of Lender exist against the Property.

14. Default; Remedies Upon Default.

A. Each of the following shall constitute a "default" under this Stipulation that may be only be cured as set forth below:

(1) Non-payment of any Payment by the tenth (10th) day of any month and/or failure to provide to CCRC a statement showing rents collected, all payments made therefrom and the Net Income payable to CCRC for any month.

(2) Any failure of the Debtor to perform fully or satisfy the promises, duties, covenants, provisions or terms of this Stipulation, the Note, the Trust Deed, or any other agreement between the parties, or any breach of a representation or warranty herein or therein, unless timely cured.

(3) Entry of an order by the Bankruptcy Court converting or dismissing Debtor's Bankruptcy case or appointing a Chapter 11 Trustee or Chapter 7 Trustee;

(4) Reversal, vacatur, stay amendment, supplementation or other modification of this Stipulation (without Lender's consent) in any manner which shall, in the sole opinion Lender, materially and adversely affect the rights of Lender hereunder, or shall materially and adversely affect the priority of any or all Lender's collateral or security interests;

(5) entry of an order granting any party relief from the automatic stay with respect to the Property or Cash Collateral;

(6) entry of an order permitting the use of Lender's Cash Collateral without Lender's express written consent; or

(7) the Debtor knowingly furnishing or knowingly making any false, inaccurate or materially incomplete representation, warranty, certificate, report, statement or summary in connection with or pursuant to this Stipulation.

B. Any default under this Stipulation or any other agreement between the parties shall constitute a "default" under all agreements between the parties.

C. In the event of a default, Lender may provide the Debtor with written notice stating that a default has occurred, which notice may be given by facsimile transmission and/or email to the Debtor and to counsel for the Debtor. Upon the failure of the Debtor to cure the default by 5:00 p.m. on the fifth business day following the day on which the related notice is given, Lender shall have the right to obtain relief from the automatic stay with respect to the Property for all purposes solely by filing with the Court and serving on the Debtor's counsel a declaration that Lender served the Debtor and his counsel a notice of such default and such default was not cured as required by this Stipulation, in which case no further hearing shall be required and the stay shall be lifted upon entry of the related order.

15. The Debtor shall file with the bankruptcy court an appropriate motion seeking approval of this Stipulation on or before March 17, 2011, with a hearing date no later than April 7, 2011 and shall diligently seek approval hereof.

16. Lender shall have the right to waive any of the rights, remedies or powers granted herein and shall have no obligation or duty to any other person or party with respect to the exercise of said rights, remedies or duties. Delay in or failure to exercise any rights, remedies or duties shall not subject Lender to any liability to any other person or party, nor shall any other person or party rely upon, or in any way assert as a defense to any obligation owing to Lender such delay or failure. All of Lender's rights and remedies in law and equity are specifically reserved.

17. Nothing contained in this Stipulation or the order approving this Stipulation (a) shall be deemed or construed to waive, reduce or otherwise diminish the rights of the Lender to seek additional or different adequate protection of its interest under the Note and Trust Deed, or to take any other action in this Chapter 11 case including but not limited to seeking relief from stay at an earlier date or opposing any plan that the Lender determines in its sole discretion is inconsistent with this Stipulation and/or (b) shall be deemed or construed to be an admission that the Lender is adequately protected.

18. CCRC shall be entitled to file a motion for an administrative expense claim under sections 503(b) and 507(a)(1) of the Bankruptcy Code with the super-priority status pursuant to Bankruptcy Code section 507(b) to the extent CCRC is not adequately protected with respect to the Debtor's use of cash collateral.

19. Except as modified by this Stipulation, all terms, conditions and provisions of the Note and Trust Deed shall remain in full force and effect. This Stipulation shall be considered to supplement and not replace any agreement previously entered into between Lender and the Debtor.

20. The Debtor and Lender are hereby authorized to execute any documentation necessary to effectuate and/or carry out the terms and conditions of this Stipulation.

21. This Stipulation may be executed by the parties' counsel on their behalf in any number of counterparts, each of which shall be deemed an original instrument for all purposes and all of which together shall constitute this Stipulation.

22. This Stipulation shall be subject to the approval of the Bankruptcy Court and shall be effective upon entry of an order approving this Stipulation. This Stipulation shall be valid and binding on, and will inure to the benefit of, the successors and assigns of the Debtor and Lender and any Chapter 7 trustee (if one is appointed in the Debtor's case), notwithstanding any conversion of this case to chapter 7.

///
///
///
///

23. The Bankruptcy Court shall retain exclusive jurisdiction over the subject matter of this Stipulation and the related order in order to resolve any disputes in connection with it.

Dated: March 1, 2011                PAGTER AND MILLER

By: _____
R. Gibson Pagter, Jr.
Attorneys for Carl H. Reinhart,
Debtor and Debtor-in-Possession

Dated: March 1, 2011                SMITH | CAMPBELL | CLIFFORD | KEARNEY | GORE, A Professional Law Corporation

By: _____
Barry R. Gore
Christine M. Fitzgerald
Attorneys for Secured Creditor CCRC Farms, LLC

23. The Bankruptcy Court shall retain exclusive jurisdiction over the subject matter of this Stipulation and the related order in order to resolve any disputes in connection with it.

Dated: March 1, 2011

PAGTER AND MILLER

By: _____
R. Gibson Pagter, Jr.
Attorneys for Carl H. Reinhart,
Debtor and Debtor-in-Possession

Dated: March 1, 2011

SMITH ; CAMPBELL ; CLIFFORD ; KEARNEY ;
GORE, A Professional Law Corporation

By: *Christine M. Fitzgerald*
Barry R. Gore
Christine M. Fitzgerald
Attorneys for Secured Creditor CCRC Farms, LLC

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

3424 Carson St., Suite 350
Torrance, CA 90503

A true and correct copy of the foregoing document described as **SUPPLEMENT REGARDING (1) OBJECTION OF CCRC FARMS, LLC TO ORIGINAL SECOND AMENDED DISCLOSURE STATEMENT OF DEBTOR, CARL REINHART, DESCRIBING CHAPTER 11 PLAN DATED 1/21/2011 AND (2) RESPONSE IN SUPPORT OF MOTION FOR CONVERSION OR DISMISSAL; DECLARATION OF JAMES A. BARRETT, JR. IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 16, 2011** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**See attached service list**

☒                                                                 Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **March 16, 2011** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**See attached service list**

☒                                                                 Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐                                                                 Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 16, 2011 | Brenda L. Campos | /s/ Brenda Campos |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                          **F 9013-3.1.PROOF.SERVICE**

## SERVICE LIST

### SECTION I

### SERVED VIA NEF BY THE COURT

### Office of the US Trustee
Unites States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Nancy S. Goldenberg
Nancy.goldenberg@usdoj.gov

### Attorney for Debtor
R. G. Pagter
Gibson@pagterandmiller.com
pandm@pagterandmiller.com
pagterandmiller@yahoo.com

### Attorney for Commercial Bank of California
Patrick T. Sullivan
patricksullivan@lambertrogers.com

### Attorney for Secured Creditor CCRC Farms, LLC
Christine M Fitzgerald    cfitzgerald@scckg.com

### Other Interested Parties

- Evan C Borges    eborges@irell.com, bblythe@irell.com
- Deborah Conley    bkmail@prommis.com
- Daniel K Fujimoto    wdk@wolffirm.com
- Christopher M McDermott    ecfcacb@piteduncan.com
- John D Schlotter    ecfmail@aclawllp.com
- Patrick T Sullivan    patricksullivan@lambertrogers.com
- David A Tilem    davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
- Linh K Tran    bline.chapter13@blinellc.com
- Alan Steven Wolf    wdk@wolffirm.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010    F 9013-3.1.PROOF.SERVICE

## SERVICE LIST CONTINUED

## SECTION II

## SERVED VIA US MAIL

### Judge
Honorable Theodore C. Albert
411 W. Fourth St., Suite 5085
Santa Ana, 92701-4593

### Request for Special Notice
Stephen F Lambert
359 W Madison Ave Ste 100
El Cajon, CA 92020

Select Portfolio Servicing, Inc.
PO Box 65777
Salt Lake City, UT 84165

Jim T Tice
38 Sorrento
Irvine, CA 92614

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

F 9013-3.1.PROOF.SERVICE