1  Stephen F. Lambert (SBN 113868)
   Patrick T. Sullivan (SBN 263613)
2  LAMBERT & ROGERS, APLC
   359 West Madison Avenue, Suite 100
3  El Cajon, California 92020
   Tel: (619) 588-7600/Fax: (619) 588-7889
4

5
   Attorneys for Secured Creditor
6  COMMERCIAL BANK OF CALIFORNIA

7

8                   UNITED STATES BANKRUPTCY COURT

9          CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

10
11 IN RE:                              ) Case No. : 8:09-bk-16774-TA
                                       )
12 CARL H. REINHART,                   ) SUPPLEMENTAL OPPOSITION OF
                                       ) COMMERCIAL BANK OF CALIFORNIA TO
13                                     ) DEBTOR'S MOTION FOR ORDER (1)
         Debtor and                    ) APPROVING SECURED FINANCING
14       Debtor-in-Possession          ) PURSUANT TO SECTION 364(d); (2)
                                       ) DETERMINING GOOD FAITH FINDINGS;
15                                     ) (3) FINDING 11 U.S.C. §363(c) APPLIES; (4)
                                       ) AUTHORIZING DEBTOR'S USE OF FUNDS;
16                                     ) (5) AUTHORIZING REASONABLE LOAN
                                       ) COSTS AND LOAN FEES; DECLARATION
17                                     ) OF STEPHEN F. LAMBERT
                                       )
18                                     ) Date: March 30, 2011
                                       ) Time: 10:00 a.m.
19                                     ) Courtroom 5B
   _____)
20

21

22      Commercial Bank of California ("Bank"), a secured creditor of Debtor and Debtor-in-Possession

23 Carl H. Reinhart ("Debtor"), hereby supplements its *OPPOSITION TO DEBTOR'S MOTION FOR*

24 *ORDER (1) APPROVING SECURED FINANCING PURSUANT TO SECTION 364(d); (2)*

25 *DETERMINGIN GOOD FAITH FINDING; (3) FINDING 11 U.S.C. §363(c) APPLIES; (4)*

26 *AUTHORIZING DEBTOR'S USE OF THE FUNDS; (5) AUTHORIZING REASONABLE LOAN COSTS*

27 *AND LOAN FEES*, Docket No. 126, which Bank incorporates herein by this reference, as follows:

28 ///

**1.  The Motion Does Not Contain Adequate Information Regarding the Proposed Financing**

In the *DECLARATION OF GEORGE HELLAND*, attached to the *REPLY BY DEBTOR TO OPPOSITION OF COMMERCIAL BANK OF CALIFORNIA TO MOTION FOR SECURED FINANCING*, Docket No. 134, Mr. Helland states that he has "obtained pre-approval from [his] largest and longest-time lender for loans of at least $1.2MM," yet the identity of said lender is not provided by the Motion, the Reply or Mr. Helland. Moreover, the Motion and the Reply are silent as to why Debtor could not obtain this loan himself and instead must go through Mr. Helland to obtain the loan.

**2.  The Proposed Financing Does Not Provide Adequate Protection to All Creditors Secured by the Ladd Property**

The debtor, who is seeking authorization for postpetition financing supported by a superpriority lien, has the burden to establish that the existing lienholders are adequately protected. *Resolution Trust Corp. v. Swedeland Dev. Group (In re Swedeland Dev. Group)*, 16 F.3d 552, 564 (3d Cir. 1994). Courts generally require a greater amount of adequate protection in postpetition financing situation because under section the existing secured creditor's rights are substantially changed because its priority position is reduced by the creation of a lien senior or equal to the secured creditor's existing interest. *In re First S. Sav. Ass'n*, 820 F.2d 700, 710 (5th Cir. 1987); *In re Chevy Devco*, 78 B.R. 585, 588 (Bankr. C.D.Cal. 1987).

A determination of where there is adequate protection for a superpriority loan is a factual issue which should be made on a case by case basis. *In re Swedeland*, 16 F.3d at 564. A finding of adequate protection should be based upon facts or on projections grounded on a firm evidentiary basis. *In re First S. Sav. Ass'n*, 820 F.2d at 712; see *In re Mosello*, 195 B.R. 277 (Bankr. S.D.N.Y. 1996)(prospective increase in value of real property did not provide adequate protection where any increase in property's value would occur only as development was completed and development scheme was beset by uncertainty and risk and the ultimate outcome is a matter of speculation based upon assumptions which cannot be quantified or verified by objective evidence); *In re Tempe Land Co.*, 51 B.C.D. 175 (Bankr. D.C.Ariz. 2009)(predictions of debtor's unfinished construction projects in unsettled economy and real estate market

were insufficient to provide existing lienholders with indubitable equivalent of lessened position of lienholders).

Here, Debtor's claim that the existing lienholders will be adequately protected by the increase in the value of the Residence is speculative and relies upon the assumption that completion of the Residence will result in at least a dollar for dollar increase in the value of the Ladd Property. This claim also misinterprets the Court's Statement of Decision, in which the Court stated , "[t]he court does not believe that much weight can or should be given to 'prospective' values … the creditors are entitled to a plan based upon what is or is likely, not upon what is merely possible."

Continued construction based on improvements to the property does not alone constitute adequate protection; the improvements must be in conjunction with additional collateral beyond the contemplated improvements. *In re Swedeland*, 16 F.3d at 566. Here, the only adequate protection provided by Debtor is the value of the Ladd Property after improvements, i.e. Debtor does not provide any additional collateral beyond the contemplated improvements.

Moreover, adequate protection must protect the lienholders from diminution in value *during the reorganization process*. *In re Mosello*, 195 B.R. at 292. Here, even if the Court accepts Debtor's claim that the Ladd Property will increase in value as a result of the completion of the Residence, said increase in value will not occur until the Residence is completed. The existing lienholders will not be adequately protected during the period between the approval of the financing and completion of the Residence.

3.   **Bank Attempted in Good Faith to Extend Financing to Debtor**

Following the March 2, 2011, hearings on the Motion to Borrow and Approval of Debtor's Second Amended Disclosure Statement, Bank entered into negotiations with Debtor to loan Debtor $950,000 to complete the residence pursuant to Section 364(d). Bank's counsel prepared and sent to Debtor a proposed Stipulation for Secured Financing Pursuant to 11 U.S.C. § 364(d), whereby Bank would loan Debtor the amount of $950,000 under terms similar to those of a typical construction loan. Among the conditions were: Debtor was to submit detailed plans including interior elevations as well as detailed costs of completion of the Residence to Bank no later than March 18, 2011; Debtors use of the loan funds would be limited to construction of the Residence as set forth in a budget and payment of real property taxes; Debtor was to deposit the sum of $72,000 with Bank by April 8, 2011, to be used for interest

1  payments; and Debtor must meet certain timelines for completion of the Residence and sale of the Ladd
2  Property and a failure to do so would result in Bank obtaining relief from the automatic stay. Bank did not
3  receive plans, specifications or costs of completion of the Residence by March 18, 2011. On March 21,
4  2011, Bank's counsel received an email from Debtor's counsel requesting several changes to the proposed
5  stipulation, including, without limitation that: Debtor could not provide interior elevations since none
6  exist; Debtor's use of the funds would not be limited to a construction budget and Debtor would use the
7  funds to pay for insurance and ongoing real estate taxes; requesting that Debtor not be required to deposit
8  the sum of $72,000 with Bank until after the Court approves Debtor's motion to approve the sale of the
9  Fischer Property (which has yet to be filed and which Debtor anticipates will be heard on April 26, 2011);
10 and eliminated most, if not all, deadlines for Debtor to pay off the loan, complete the Residence, and sell
11 the Ladd Property, along with Bank's request that it obtain relief from stay if Debtor defaults on these
12 requirements. On March 22, 2011, Bank rejected these proposed changes.

13 Dated: March 23, 2011                                LAMBERT & ROGERS, APLC

15                                          By:     */s/ Patrick T. Sullivan*
16                                                  Patrick T. Sullivan, Esq.
                                                    Attorneys for Secured Creditor
17                                                  COMMERCIAL BANK OF CALIFORNIA

## DECLARATION OF STEPHEN F. LAMBERT

I, Stephen F. Lambert, declare as follows:

1. I am an attorney at law duly licensed to practice before the courts of the State of California and the United States Bankruptcy Court for the Central District of California. I am a shareholder of Lambert & Rogers, APLC, attorneys of record for Secured Creditor Commercial Bank of California ("Bank"). The following statements are made of my personal knowledge. If called upon to do so I would competently testify to them.

2. On or about March 2, 2011, following the hearings on the motions for approval of secured financing and approval of the Second Amended Disclosure Statement before this Court, Bank's senior representatives, Carl Patsko, Ron del Toro, and , K.P. Balkrishna, Bank's President, and I met with Debtor Carl H. Reinhart ("Debtor") and his attorney R. Gibson Pagter, III, to discuss a loan from Bank to Debtor in the amount of $950,000 to finance the completion of the Residence.

3. Based upon the assertions of Debtor at the meeting and subsequent negotiations, my office prepared a Stipulation for Secured Financing Pursuant to 11 U.S.C. § 364(d), whereby Bank would loan Debtor the amount of $950,000 upon certain conditions which Bank deemed acceptable and typical of a construction loan where, as in this case, repayment was likely to be completely collateral dependent. On or about March 14, 2011, I sent the proposed Stipulation to Mr. Pagter, for review and approval. The delay in sending the proposed Stipulation was due to delays in obtaining the consent of the guarantor to the secured financing transaction. The guarantor is in litigation with Bank concerning the guaranty and had demanded additional conditions to its consent.

4. On or about March 21, 2011, I received an email from Mr. Pagter requesting several changes to the proposed Stipulation, including, without limitation, that Debtor could not provide interior elevations requested by the Bank under the Stipulation since none exist; Debtor's use of the funds would not be limited to a construction budget and Debtor would use the funds to pay for insurance and ongoing real estate taxes; requesting that Debtor not be required to deposit the sum of $72,000 with Bank in an account for payment of interest expenses until after the Court approves Debtor's motion to approve the sale of the Fischer Property (which has yet to be filed and which Debtor anticipates will be heard on April 26, 2011); and elimination of most, if not all, deadlines for Debtor to pay off the loan, complete the

1  Residence, and sell the Ladd Property, along with Bank's request that it obtain relief from stay if Debtor
2  defaults on these requirements.
3      5.    On or about March 22, 2011, Bank rejected the proposed changes because Bank believed
4  that the proposed changes would eliminate most, if not all, requests the Bank made for protection under
5  the proposed financing.
6      I declare under penalty of perjury under the laws of the United States of America that the
7  foregoing is true and correct and that this Declaration was executed on March 23, 2011, at El Cajon,
8  California.

*[signature]*

Stephen F. Lambert

| In re: | | CHAPTER 11 |
|---|---|---|
| CARL HEINZ REINHART | Debtor(s). | CASE NUMBER 8:09-bk-16774-TA |

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
LAMBERT & ROGERS, APLC
359 West Madison Avenue, Suite 100
El Cajon, CA 92020

A true and correct copy of the foregoing document described **SUPPLEMENTAL OPPOSITION OF COMMERCIAL BANK OF CALIFORNIA TO DEBTOR'S SECOND AMENDED DISCLOSURE STATEMENT**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On March 23, 2011 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Evan C Borges    eborges@irell.com, bblythe@irell.com
- Deborah Conley    bkmail@prommis.com
- Nancy S Goldenberg    nancy.goldenberg@usdoj.gov    ☒    Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On   March 23, 2011   I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

JUDGE
Hon. Theodor C. Albert
United States Bankruptcy Court - Central District of California
411 West Fourth Street, Suite 5085
Santa Ana, CA 92701-4593

DEBTOR
Carl Heinz Reinhart
P.O. Box 4476
Irvine, CA 92616
☒    Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 23, 2011 | Janice L. Rogers | /s/ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    F 9013-3.1

| In re:<br>CARL HEINZ REINHART<br>Debtor(s). | CHAPTER 11<br>CASE NUMBER 8:09-bk-16774-TA |
|---|---|

**ADDITIONAL SERVICE INFORMATION:**

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**

- Christopher M McDermott    ecfcacb@piteduncan.com
- R G Pagter    gibson@pagterandmiller.com, pandm@pagterandmiller.com;pagterandmiller@yahoo.com
- John D Schlotter    ecfmail@aclawllp.com
- Patrick T Sullivan    patricksullivan@lambertrogers.com
- David A Tilem    davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
- Linh K Tran    bline.chapter13@blinellc.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Alan Steven Wolf    wdk@wolffirm.com

II. **SERVED BY U.S. MAIL:**

**MANUAL NOTICE LIST:**

SELECT PORTFOLIO SERVICING, INC.
PO Box 65777
Salt Lake City, UT 84165

The Huntington National Bank, as Trustee for Franklin Mortgage Asset Trust 2009-A, by Franklin Credit Management Corporation as Servicing Agent c/o Franklin Credit Management Corporation
PO Box 2301
Jersey City, NJ 07303-2301

Jim T Tice
38 Sorrento
Irvine, CA 92614

**TWENTY LARGEST UNSECURED CREDITORS**

| American Express<br>Attn Managing Agent<br>P.O. Box 981535<br>El Paso, TX 79998 | Capital One<br>Attn Managing Agent<br>P.O. Box 30273<br>Salt Lake City, UT 84130 | Chase<br>Attn Managing Agent<br>P.O. Box 15298<br>Wilmington, DE 19850 |
|---|---|---|
| Citi Bank<br>Attn Managing Agent<br>P.O. Box 6000<br>The Lakes, NV 89163 | Eoin L. Kreditor, Esq.<br>Friedman Stroffe & Gerard PC<br>19800 MacArthur Blvd #100<br>Irvine, CA 92612 | Franchise Tax Board<br>Special Procedures Branch<br>P.O. Box 2952<br>Sacramento, CA 95812-2952 |
| Ganahl Lumber<br>P.O. Box 31<br>Anaheim, CA 92815 | George Helland<br>2626 29th Street<br>San Diego, CA 92104 | Internal Revenue Service<br>P.O. Box 21126<br>Philadelphia, PA 19114 |
| Lincoln Wholesale Electric Co.<br>Attn Managing Agent<br>1451-A Lincoln Blvd<br>Santa Monica, CA 90401 | Marguerite Reinhart<br>18800 Florida St #333<br>Huntington Beach, CA 92648 | Michael Britt<br>28435 Zurita<br>Mission Viejo, CA 92692 |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                    **F 9013-3.1**

| In re: CARL HEINZ REINHART | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 8:09-bk-16774-TA |

Michael Lanphere, Esq.
400 N Tustin Ave, Ste 225
Santa Ana, CA 92705

Peninsula Investment RE Broker
Attn Managing Agent
P.O. Box 14130
Irvine, CA 92623

Union Bank of California
Attn Managing Agent
Wilcox, AZ 85643

WB Contento
P.O. Box 6397
Santa Ana, CA 92701

Wells Fargo Bank
Attn Managing Agent
P.O. Box 10347
Des Moines, IA 50306

Yocum-Baldwin Development
Attn Managing Agent
3299 Horseless Carriage Dr
Norco, CA 92860

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                          F 9013-3.1