**R. GIBSON PAGTER, JR.**
California State Bar No. 116450
**PAGTER AND MILLER**
California State Bar No. 116450
525 N. Cabrillo Park Drive, Suite 104
Santa Ana, CA 92701
Telephone: (714) 541-6072
Facsimile: (714) 541-6897
Email: gibson@pagterandmiller.com

Attorneys for Debtor and Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>CARL REINHART,<br><br><br><br><br><br><br><br>Debtor and Debtor-in-Possession. | Case No. 8:09-bk-16774-TA<br><br>Chapter 11<br><br>NOTICE OF MOTION AND MOTION FOR ORDER APPROVING STIPULATION BETWEEN DEBTOR AND CCRC FARMS, LLC REGARDING ORIGINAL SECOND AMENDED DISCLOSURE STATEMENT<br><br>NO HEARING SET |

**PLEASE TAKE NOTICE** that Debtor has entered into the attached STIPULATION BETWEEN DEBTOR AND CCRC FARMS, LLC REGARDING ORIGINAL SECOND AMENDED DISCLOSURE STATEMENT, which also impacts the use of CCRC's cash collateral. Since this is a form of compromise, Debtor seeks this Court's approval of same.

**PLEASE TAKE FURTHER NOTICE** that pursuant to **Local Bankruptcy Rule 9013-1(o)(1):**

Motions That May Be Determined Upon Notice and Opportunity to Request Hearing. Upon not less than fourteen (14) days notice to such creditors and interested parties who are

-1-

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

N-M-ok-stip-ccrc

entitled to notice of the particular matter, orders may be obtained without a court hearing unless one is specifically requested by filing and serving a written response that complies with Local Bankruptcy Rule 9013-1 and request for a hearing within fourteen (14) days of the date of service of the notice.

**PLEASE BE ADVISED** that any response and request for hearing shall be filed with the court as follows: Clerk of the Court, U.S. Bankruptcy Court, 411 W. 4th St., Santa Ana, CA 92701, and served on counsel as noted in the upper left hand corner of this document within fourteen (14) days of the service of the notice.

**PLEASE ALSO TAKE NOTICE** that pursuant to **Local Bankruptcy Rule 9013-1(h)**: "Papers not timely filed and served may be deemed by the Court to be consent to the granting or denial of the motion, as the case may be.

Dated: 3/22/11                                        PAGTER AND MILLER

                                         /s/   R. GIBSON PAGTER, JR.
                                         R. GIBSON PAGTER, JR.
                                         Attorneys for Debtor

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

N-M-ok-stip-ccrc

-2-

```
 1  BARRY R. GORE, ESQ. SBN 143278
    CHRISTINE M. FITZGERALD, ESQ. SBN 259014
 2  SMITH | CAMPBELL | CLIFFORD | KEARNEY | GORE
    A Professional Law Corporation
 3  3424 Carson Street, Suite 350
    Torrance, California 90503
 4  (310) 542-0111 Telephone
    (310) 214-7254 Facsimile
 5
    Attorneys for Secured Creditor CCRC
 6  Farms, LLC
 7
```

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No. 8:09-bk-16774-TA |
| CARL H. REINHART, | Chapter 11 |
| Debtor and Debtor in Possession. | **STIPULATION BETWEEN THE DEBTOR AND CCRC FARMS, LLC REGARDING ORIGINAL SECOND AMENDED DISCLOSURE STATEMENT OF DEBTOR, CARL H REINHART, DESCRIBING CHAPTER 11 PLAN DATED 01/21/2011** |
| | **Hearing on Disclosure Statement** |
| | Date:    March 2, 2011 |
| | Time:    10:00 a.m. |
| | Place:   Courtroom 5B |
| | Before:  Judge Theodor C. Albert |

This Stipulation between the Debtor and CCRC Farms, LLC regarding Original Second Amended Disclosure Statement of Debtor, Carl H Reinhart, Describing Chapter 11 Plan Dated 01/21/2011(the "Stipulation") is entered into by and between Chapter 11 Debtor and Debtor in Possession, Carl H. Reinhart,(the "Debtor") and secured creditor CCRC Farms, LLC ("CCRC") based upon the following facts:

1.  Carl H Reinhart (the "Debtor") is the debtor and debtor in possession, in the above captioned case. The Debtor filed his voluntary chapter 11 petition commencing his case on July 7, 2009 (the "Petition Date").

2. In February 2006, CCRC sold certain real property generally described as the Silverado Center in Silverado Canyon, CA (the "Property") to Reinhart for $725,000. The Property is located at 28192-28222 Silverado Canyon Road, and is comprised of four parcels (APN nos. 873-033-02; 873-033-03; 873-033-04; and 873-033-05). In the DS and Plan, the Property is referred to as Properties 3, 4, 5, and 6.

3. As part of that sale, CCRC took back a Note from Reinhart in the original principal amount of $600,000, secured by a First Trust Deed ("Trust Deed") on the Property. The Note provides for non-default interest at 7%, with monthly principal and interest payments amortized over 20 years in the amount of approximately $4,651.79, but with the entire balance due and payable after three years, on March 3, 2009.

4. As of January 31, 2011, CCRC's total claim was at least $638,813.05; it has increased since then as a result of attorneys' fees and accrual of additional interest on unpaid amounts; and it will increase as additional interest, attorneys' fees and costs accrue and are incurred in the future.[1] CCRC's costs and attorneys' fees in this matter, which are also recoverable under the Note, exceed $50,000 from July 2009 through January 2011. A schedule showing the payments owed and made by Reinhart to CCRC pursuant to the Note is attached hereto as Exhibit "A." This does not include default interest or other charges.

5. Reinhart represents that since filing bankruptcy, has segregated, and accounted for, all rents collected at the Property. The rents are subject to CCRC's Trust Deed and, therefore, are "cash collateral" and property of CCRC.

6. The property taxes on the Property will exceed $100,000 in April 2011, when the next installment of property taxes is due.

7. Reinhart filed his Original Second Amended Disclosure Statement Of Debtor, Carl H Reinhart, Describing Chapter 11 Plan Dated 01/21/2011 [Docket No. 117] ("Disclosure Statement") and the related plan [Docket No. 118] ("Plan") on January 21, 2011.

---

[1] The parties to this Stipulation ("Parties") believe this calculation is accurate but agree that CCRC is entitled to all of the principal, interest, costs, attorney's fees and other charges that accrue pursuant to the Note and Trust Deed.

8.  CCRC filed its objection [Docket No. 128] (the "Objection") to the Disclosure Statement on February 16, 2011 objecting to, among other things, the calculation and proposed treatment of its secured claim ("Claim") under the Plan and the information provided in the Disclosure Statement.

9.  This Stipulation reflects the Parties' negotiation and resolution of the issues raised by the Disclosure Statement and the Objection.

*NOW THEREFORE*, the Debtor and Lender enter into following agreement regarding Cash Collateral, adequate protection of Lender, and the other issues addressed herein, on the following terms:

1.  The recitals set forth above are incorporated herein by this reference.

2.  On or before March 30, 2011, the Debtor shall amend the Disclosure Statement and Plan to reflect the following:

   (a)  The unpaid pre-petition and post-petition interest that has accrued and will accrue on the principal owed to CCRC under the Note shall be calculated at the default rate set in the CCRC Note (including but not limited to interest on accrued unpaid interest and 5% late fees) through the Effective Date of the Plan. After the effective date of the Plan, the interest rate on CCRC's unpaid Claim shall be the non-default rate set forth in the Note (i.e., 7%).

   (b)  CCRC's Claim shall include all of its costs, fees and other charges pursuant to the CCRC Note and/or First Deed of Trust that have not been paid by the Debtor ("CCRC's Costs and Attorneys' Fees"), and CCRC's Costs and Attorneys' Fees shall include but not be limited to payments of insurance, property taxes, and maintenance on the Property and payments to other creditors of Reinhart in settlement of any claims they may assert to proceeds from sale(s) of the Property made by CCRC related to the Note and Trust Deed) and attorneys' fees and costs.

   (c)  CCRC shall be paid the full amount of its Claim on or before the earliest of (i) the sale(s) of Property 3, 4, 5, or 6,[2] whichever first occurs, and (ii) December 31, 2011 (the "Due Date").

   (d)  After the effective date of the plan, by the tenth of each month Reinhart shall pay all post-operational net rental income ("Net Income") from

---

[2] In the Disclosure Statement and Plan, the Debtor refers to the Property as "Property 3, 4, 5, or 6" to reflect that the Property consists of four parcels, all of which secure CCRC's Claim.

Properties 3, 4, 5, and 6 to CCRC until its Claim is paid in full and shall provide to CCRC a statement showing rents collected, all payments made therefrom and the Net Income payable to CCRC. The Debtor shall only be allowed to use cash collateral for reasonable maintenance, insurance and property taxes for the Property, and for other expenses of the Property that are approved by CCRC, and shall not be permitted to use cash collateral to object to, contest or modify the validity, perfection, priority, extent, or enforceability of any amount due or lien created under CCRC's loan documents, to assert any action for avoidance power claims or any other claims or defenses granted to CCRC, to prevent, hinder or otherwise delay CCRC's assertion, enforcement or realization on the cash collateral in accordance with this Stipulation, to pay any monies, compensation or otherwise to Debtor or his insiders without CCRC's permission, or to pay any amount on account of any claims arising prior to the Petition Date, unless such payments on account of such pre-petition claims are approved by CCRC.

(e) In the amended disclosure statement, the amount of unpaid property taxes due on the Property will be calculated accurately as of the date of the amended disclosure statement.

3. Any hearing on the Amended plan shall occur on or after May 31, 2011, but before June 30, 2011.

4. Reinhart will retain . a real estate broker to market the Property on commercially reasonable terms with the following process: CCRC will propose three real estate brokers to Reinhart by March 3, 2011; each broker will provide a brief written summary of his or her approach to marketing the property to Reinhart and CCRC; and on or before March 8, 2011, Reinhart will select one of those brokers and list the property with him or her (such selected broker is the "Broker"). The Broker will report to Reinhart directly; Reinhart and Broker will copy CCRC on all communications with the Broker; and CCRC shall have a right to communicate with the Broker directly. Reinhart will file an application to retain the Broker *nunc pro tunc* to the date that the Broker is retained and shall diligently seek approval of that application.

5. Starting on March 10, 2011, and continuing no later than ten (10) days following the beginning of each calendar month thereafter, the Debtor shall make monthly adequate protection payments ("Payments") directly to CCRC of the Net Income, and shall provide to CCRC a statement showing rents collected, all payments made therefrom and the Net Income payable to CCRC, so as to be received by CCRC on or before the tenth (10th) day of each month.

6. The Debtor acknowledges that it is not aware of any grounds to challenge the validity, enforceability, or priority of the Lender's pre-petition claims or liens against the Property.

7. All Cash Collateral heretofore collected and in the possession or under the control of the Debtor, and all Cash Collateral hereafter collected by the Debtor, shall be deposited into a debtor in possession bank account (the "Cash Collateral Account") and kept separate from any other funds of the Debtor.

8. The Debtor agrees that (a) any turnover to the Lender of the Cash Collateral pursuant to this Stipulation is voluntarily made and (b) that any turnover to Lender of any Cash Collateral and any application of the same by Lender to the indebtedness under the Note and Trust Deed shall not be deemed, in any manner, to constitute a setoff or other "action" as that term is used or defined in section 726 of the California Code of Civil Procedure, constitute a violation of the "one action rule" or be considered an effort by the Lender to collect a deficiency judgment.

9. By virtue of, among other things, the provisions of the Trust Deed, the Lender asserts that it holds a valid, duly perfected, enforceable and non-avoidable senior-most security interest in the Cash Collateral and the Property. As further partial adequate protection, the Lender shall be granted a valid, duly perfected, enforceable and non-avoidable replacement lien and security interest of the same priority in all post-petition cash collateral ("Cash Collateral"). The Debtor shall execute such documents as the Lender may require to perfect its security interest hereunder and/or under the Trust Deed or other agreement between the Debtor and Lender, but entry of the court's order approving this Stipulation shall constitute a validly perfected first lien and security interest upon the Cash Collateral generated after the Petition Date and no filing, recordation or other act in accordance with any applicable local, state or federal law shall be necessary to create or perfect such lien and security interest.

10. The post-petition liens in favor of the Lender shall secure repayment to the Lender of the actual amount of Cash Collateral spent by the Debtor (if any) from and after the Petition Date. The post-petition liens granted hereby shall not in any way reduce, eliminate or supersede any security interest previously granted to the Lender, but shall instead be a continuation thereof, from and after the petition date.

11. In addition to its rights under the Note and Trust Deed, the Lender or its designated representative or agent shall be entitled on reasonable notice to inspect the books and records of the Debtor at any time during normal business hours. The Lender shall be entitled to inspect the Property and to have its appraiser visit the Property upon reasonable notice to inspect and appraise the Property.

12. The Debtor shall maintain insurance in accordance with the requirements of the Office of the United States Trustee at all times for the Property and shall provide evidence of the same to the Lender within 15 days after Lender's written request therefor.

13. The Debtor represents that other than real estate taxes, no consensual liens or encumbrances senior to those of Lender exist against the Property.

14. Default; Remedies Upon Default.

A. Each of the following shall constitute a "default" under this Stipulation that may be only be cured as set forth below:

(1) Non-payment of any Payment by the tenth (10th) day of any month and/or failure to provide to CCRC a statement showing rents collected, all payments made therefrom and the Net Income payable to CCRC for any month.

(2) Any failure of the Debtor to perform fully or satisfy the promises, duties, covenants, provisions or terms of this Stipulation, the Note, the Trust Deed, or any other agreement between the parties, or any breach of a representation or warranty herein or therein, unless timely cured.

(3) Entry of an order by the Bankruptcy Court converting or dismissing Debtor's Bankruptcy case or appointing a Chapter 11 Trustee or Chapter 7 Trustee;

(4) Reversal, vacatur, stay amendment, supplementation or other modification of this Stipulation (without Lender's consent) in any manner which shall, in the sole opinion Lender, materially and adversely affect the rights of Lender hereunder, or shall materially and adversely affect the priority of any or all Lender's collateral or security interests;

    (5)    entry of an order granting any party relief from the automatic stay with respect to the Property or Cash Collateral;

    (6)    entry of an order permitting the use of Lender's Cash Collateral without Lender's express written consent; or

    (7)    the Debtor knowingly furnishing or knowingly making any false, inaccurate or materially incomplete representation, warranty, certificate, report, statement or summary in connection with or pursuant to this Stipulation.

B.    Any default under this Stipulation or any other agreement between the parties shall constitute a "default" under all agreements between the parties.

C.    In the event of a default, Lender may provide the Debtor with written notice stating that a default has occurred, which notice may be given by facsimile transmission and/or email to the Debtor and to counsel for the Debtor. Upon the failure of the Debtor to cure the default by 5:00 p.m. on the fifth business day following the day on which the related notice is given, Lender shall have the right to obtain relief from the automatic stay with respect to the Property for all purposes solely by filing with the Court and serving on the Debtor's counsel a declaration that Lender served the Debtor and his counsel a notice of such default and such default was not cured as required by this Stipulation, in which case no further hearing shall be required and the stay shall be lifted upon entry of the related order.

15.    The Debtor shall file with the bankruptcy court an appropriate motion seeking approval of this Stipulation on or before March 17, 2011, with a hearing date no later than April 7, 2011 and shall diligently seek approval hereof.

16.    Lender shall have the right to waive any of the rights, remedies or powers granted herein and shall have no obligation or duty to any other person or party with respect to the exercise of said rights, remedies or duties. Delay in or failure to exercise any rights, remedies or duties shall not subject Lender to any liability to any other person or party, nor shall any other person or party rely upon, or in any way assert as a defense to any obligation owing to Lender such delay or failure. All of Lender's rights and remedies in law and equity are specifically reserved.

17. Nothing contained in this Stipulation or the order approving this Stipulation (a) shall be deemed or construed to waive, reduce or otherwise diminish the rights of the Lender to seek additional or different adequate protection of its interest under the Note and Trust Deed, or to take any other action in this Chapter 11 case including but not limited to seeking relief from stay at an earlier date or opposing any plan that the Lender determines in its sole discretion is inconsistent with this Stipulation and/or (b) shall be deemed or construed to be an admission that the Lender is adequately protected.

18. CCRC shall be entitled to file a motion for an administrative expense claim under sections 503(b) and 507(a)(1) of the Bankruptcy Code with the super-priority status pursuant to Bankruptcy Code section 507(b) to the extent CCRC is not adequately protected with respect to the Debtor's use of cash collateral.

19. Except as modified by this Stipulation, all terms, conditions and provisions of the Note and Trust Deed shall remain in full force and effect. This Stipulation shall be considered to supplement and not replace any agreement previously entered into between Lender and the Debtor.

20. The Debtor and Lender are hereby authorized to execute any documentation necessary to effectuate and/or carry out the terms and conditions of this Stipulation.

21. This Stipulation may be executed by the parties' counsel on their behalf in any number of counterparts, each of which shall be deemed an original instrument for all purposes and all of which together shall constitute this Stipulation.

22. This Stipulation shall be subject to the approval of the Bankruptcy Court and shall be effective upon entry of an order approving this Stipulation. This Stipulation shall be valid and binding on, and will inure to the benefit of, the successors and assigns of the Debtor and Lender and any Chapter 7 trustee (if one is appointed in the Debtor's case), notwithstanding any conversion of this case to chapter 7.

///
///
///
///

23. The Bankruptcy Court shall retain exclusive jurisdiction over the subject matter of this Stipulation and the related order in order to resolve any disputes in connection with it.

Dated: March 1, 2011    PAGTER AND MILLER

By: _____
R. Gibson Pagter, Jr.
Attorneys for Carl H. Reinhart,
Debtor and Debtor-in-Possession

Dated: March 1, 2011    SMITH | CAMPBELL | CLIFFORD | KEARNEY | GORE, A Professional Law Corporation

By: _____
Barry R. Gore
Christine M. Fitzgerald
Attorneys for Secured Creditor CCRC Farms, LLC

23. The Bankruptcy Court shall retain exclusive jurisdiction over the subject matter of this Stipulation and the related order in order to resolve any disputes in connection with it.

Dated: March 1, 2011

PAGTER AND MILLER

By: _____
R. Gibson Pagter, Jr.
Attorneys for Carl H. Reinhart,
Debtor and Debtor-in-Possession

Dated: March 1, 2011

SMITH | CAMPBELL | CLIFFORD | KEARNEY | GORE, A Professional Law Corporation

By: _Christine M. Fitzgerald_
Barry R. Gore
Christine M. Fitzgerald
Attorneys for Secured Creditor CCRC Farms, LLC

| In re: CARL H. REINHART, | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 8:09-bk-16774 TA |

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **525 N. Cabrillo Park Drive, Suite 104, Santa Ana, CA 92701**

A true and correct copy of the foregoing document **NOTICE OF MOTION AND MOTION FOR ORDER APPROVING STIPULATION BETWEEN DEBTOR AND CCRC FARMS, LLC REGARDING ORIGINAL SECOND AMENDED DISCLOSURE STATEMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **3/23/11** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **3/23/11** served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 3/23/11 | IMELDA BYNOG | /s/ *Imelda Bynog* |
|---|---|---|
| Date | Type Name | Signature |

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

-3-

N-M-ok-stip-ccrc

| In re: CARL H. REINHART, | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 8:09-bk-16774 TA |

## TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

- **Evan C Borges:** eborges@irell.com, bblythe@irell.com
- **Deborah Conley:** bkmail@prommis.com
- **Christine M Fitzgerald:** cfitzgerald@scckg.com
- **Daniel K Fujimoto:** wdk@wolffirm.com
- **Nancy S Goldenberg:** nancy.goldenberg@usdoj.gov
- **Christopher M McDermott:** ecfcacb@piteduncan.com
- **John D Schlotter:** ecfmail@aclawllp.com
- **Patrick T Sullivan:** patricksullivan@lambertrogers.com
- **David A Tilem:** davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
- **Linh K Tran:** bline.chapter13@blinellc.com
- **United States Trustee (SA):** ustpregion16.sa.ecf@usdoj.gov
- **Alan Steven Wolf:** wdk@wolffirm.com

## ALL SERVICE INFORMATION CONTINUED ON ATTACHED PAGE ARE BEING SERVED BY U.S. MAIL

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

-4-

N-M-ok-stip-ccrc

Agricredit Acceptance LLC
Attn Managing Agent
P O Box 2000
Johnston, IA 50131

Alan Short, P.E.
25911 Pinewood Lane
Laguna Hills, CA 92653

Atty for HNB
Alan Steven Wolf
The Wolf Law Firm
38 Corporate Park
Irvine, CA 92606

American Express
Attn Managing Agent
P O Box 981535
El Paso, TX 79998

American Express Centurion Bank
Attn Managing Agent
PO Box 3001
Malvern, PA 19355-0701

American Express
Attn Managing Agent
P O Box 981535
El Paso, TX 79998

Bob D Heinrich
3616 South Norwich Place
Rowland Heights, CA 91748

Canyon Market
Attn Managing Agent
28192-28222 Silverado Canyon R.
Silverado, CA 92676

Best Value Roofing
Attn Managing Agent
2230 W Chapman Ave #237
Orange, CA 92868

Capital One
Attn Managing Agent
P O Box 30273
Salt Lake City, UT 84130

Capital One Bank (USA) N.A.
Attn Tsys Debt Management
PO Box 5155
Norcross, GA 30091

CCRC Farms, LLC
Attn Managing Agent
222 Via Marnell Way
Las Vegas, NV 89119

CCRC Farms, LLC
c/o Evan C. Borges, Esq.
Irell & Manella LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

Capital One
Attn Managing Agent
P O Box 30285
Salt Lake City, UT 84130

PRA Receivables Management LLC
c/o Capital One
PO Box 41067
Norfolk, VA 23541

Assignee of Chase Bank
Roundup Funding LLC
MS 550
PO Box 91121
Seattle WA 98111-1121

Chase Bank USA, N.A.
Attn Managing Agent
PO Box 15145
Wilmington, DE 19850-5145

Chase
Attn Managing Agent
P O Box 15298
Wilmington, DE 19850

CitiBank
Attn Managing Agent
P O Box 6000
The Lakes, NV 89163

City of Newport Beach
Attn Managing Agent
3300 Newport Blvd.
Newport Beach, CA 92663

Commercial Bank of California
Attn Ron del Toro, VP
695 Town Center Drive #100
Costa Mesa, CA 92626

Attorneys for Commercial Bank of CA
Stephen F Lambert
359 W Madison Ave Ste 100
El Cajon, CA 92020

Eoin L Kreditor, Esq.
Friedman Stroffe & Gerard PC
19800 MacArthur Blvd #1100
Irvine, CA 92612

First Franklin Loan Services
Attn Managing Agent
P O Box 1838
Pittsburgh, PA 15230

Franchise Tax Board
Special Procedures Branch
PO Box 2952
Sacramento, CA 95812-2952

Franklin Credit Mgmt Group
Attn Managing Agent
101 Hudson st 25th Fl
Jersey City, NJ 07302

Franklin Credit Management Corp.
Bankruptcy Department
P O Box 2301
Jersey City, NJ 07303

The Huntington Nat'l Bk, as Tr for Franklin
Mortgage Asset Trust 2009-A, by Franklin
Credit Management
Corporation as Servicing Agent
c/o Franklin Credit Management Corporation
PO Box 2301
Jersey City, NJ 07303-2301

The Huntington National Bank,
As TR for Franklin Mtg Asset TR 2009A
c/o Franklin Credit Management Corp
PO Box 620444
Indianapolis, IN 46262-0444

First Franklin National City Bank
c/o Home Loan Services Inc
Christopher McDermott
Pite Duncan
4375 Jutland Drive, Ste 200
San Diego, CA 92117

~~Ganahl Lumber~~
~~Attn Managing Agent~~
~~P O Box 31~~
~~Anaheim, CA 92815~~

George & Ellen Minichiello
8161 Bryant Dr
Huntington Beach, CA 92647

George Helland/Robin Reinhart
2626 29th St
San Diego, CA 92104

Gladych & Associates, Inc.
Attn Managing Agent
1400 Bristol Street North #270
Newport Beach, CA 92660

HFC
Attn Managing Agent
P O Box 3425
Buffalo, NY 14240

HFC
Attn Managing Agent
PO Box 10490
Virginia Beach, VA 23450

Bright Prospects
HSBC Bank USA NA
Attn Managing Agent
POB 5213
Carol Stream, IL 60197

HSBC
Attn Managing Agent
P O Box 80026
Salinas, CA 93912

HSBC
Attn Managing Agent
P O Box 81622
Salinas, CA 93912

Household Receivable Acquisition Corp
HSBC Bank USA NA
Attn Managing Agent
POB 5213
Carol Stream, IL 60197

Internal Revenue Service
PO Box 21126
Philadelphia, PA 19114

Internal Revenue Service
Insolvency Group 7 Mailstop 5503
24000 Avila Road
Laguna Niguel, CA 92677

Juniper Card Service
Attn Managing Agent
P O Box 13337
Philadelphia, PA 19101

Kathy Shade
18247 El Nido Ave
Perris, CA 92570

Attorney for Main Street Santa Ana LLC
c/o James T Tice
38 Sorrento
Irvine CA 92614

Main Street Santa Ana LLC
Attn William Takaheshi, Jr., Mgr
1030 Andrews Highway #208
Midland, TX 79701

Main Street Santa Ana LLC
Attn Managing Agent
1030 Andrews Highway #209
Midland, TX 79701

Marguerite Reinhart
18800 Florida St #333
Huntington Beach, CA 92648

Michael Britt
28435 Zurita
Mission Viejo, CA 92692

Michael A. Lanphere, Esq.
Lanphere Law Group
400 N Tustin Ave Ste 225
Santa Ana, CA 92705

National Construction Rentals
Attn Managing Agent
P O Box 4503
Pacoima, CA 91333

Attorney for National Construction Rentals Inc
Earle H Cohen Esq
Carlson & Cohen LLP
16133 Ventura Blvd Ste 1175
Encino, CA 91436

NCO Financial Systems Inc
Attn Managing Agent
507 Prudential Road
Horsham, PA 19044

Orange County Tax Collector
PO Box 1438
Santa Ana, CA 92702

Office of the U S Trustee
411 W. Fourth Street
Suite 9041
Santa Ana, CA 92701

Orkin Pest Control
Attn Managing Agent
12710 Magnolia Ave
Riverside, CA 92503

Attorney for Martin Vellandi – Plumbing Customs
Hallie D. Hannah
Law Office of Mitchell B. Hannah
9900 Research Drive
Irvine, CA 92618-4309

~~R H Meine Trust~~
~~Attn R H Meine, Trustee~~
~~P O Box 155~~
~~Palos Verdes Peninsula, CA 90274~~

The Koll Trust
Attn Managing Agent
2583 W Loma Vista Drive
Rialto, CA 92377

Attorneys for Koll Trust
c/o Law Offices of David A. Tilem
206 N Jackson Street, Ste 201
Glendale, CA 91206

~~Union Bank of California~~
~~Attn Managing Agent~~
~~P O Box 85643~~
~~San Diego, CA 92186~~

Union Bank NA
Attn Managing Agent
PO Box 85543 LRU-M711
San Diego, CA 92186-5443

Creditors Adjustment Bureau, Inc
Assignee of Walters Wholesale Electric
Attn Managing Agent
PO Box 5932
Sherman Oaks, CA 91413

~~Walters Wholesale Electric~~
~~Attn Managing Agent~~
~~1451-A Lincoln Blvd.~~
~~Santa Monica, CA 90401~~

~~Lincoln Wholesale Electric~~
~~Attn Managing Agent~~
~~1451-A Lincoln Blvd~~
~~Santa Monica, CA 90401~~

Waste Management
Attn Managing Agent
1800 S Grand Ave
Santa Ana, CA 92705

W. B. Contento
P O Box 6397
Santa Ana, CA 92701

Wells Fargo Bank
Attn Managing Agent
P O Box 10347
Des Moines, IA 50306

Wells Fargo Bank, NA
Bankruptcy Department
3476 Stateview Blvd
X7801-014
Ft Mill, SC 29715

Wells Fargo Bank, N.A.
Attn Managing Agent
MAC S4101-08C
100 W Washington St
Phoenix, AZ 85003

~~West Coast Plumbing~~
~~Attn Managing Agent~~
~~7 Pemberly~~
~~Mission Viejo, CA 92692~~

Wells Fargo Home Mortgage
Attn Managing Agent
P O Box 14411
Des Moines, IA 50306

Wells Fargo Bank, N.A.
Attn Managing Agent
PO Box 9210
Des Moines, IA 50306

Yocom-Baldwin Development
Attn Managing Agent
3299 Horseless Carriage Dr
Norco, CA 92860

Charles J. Hunt, Jr. J.D., M.B.A., LL.M.
Professor of Business Law
Graziadio School of Business & Management
Pepperdine University
Irvine Graduate Campus
18111 Von Karman Ave., Suite 209
Irvine, CA 92612

First Franklin National City Bank
c/o Home Loans Services, Inc.
PO Box 17933
San Diego, CA 92177-0933

Assignee of NCB
Select Portfolio Servicing, Inc.
PO Box 65450
Salt Lake City, UT 84165

Select Portfolio Servicing Inc
PO Box 65777
Salt Lake City, UT 84165