**R. GIBSON PAGTER, JR.**
California State Bar No. 116450
**PAGTER AND MILLER**
525 N. Cabrillo Park Drive, Suite 104
Santa Ana, CA 92701
Telephone: (714) 541-6072
Facsimile: (714) 541-6897
Email: gibson@pagterandmiller.com

Attorneys for CARL H REINHART, Debtor and Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re: | ) Case No. 8:09-bk-16774 TA |
| | ) |
| CARL H REINHART, | ) Chapter 11 |
| | ) |
| | ) THIRD AMENDED DISCLOSURE |
| | ) STATEMENT OF DEBTOR, CARL H |
| | ) REINHART, DESCRIBING CHAPTER 11 |
| | ) PLAN DATED 03/28/2011 |
| | ) |
| | ) Disclosure Statement Hearing |
| Debtor and Debtor-in-Possession. | ) Date: 3/30/2011 |
| | ) Time: 10:00 a.m. |
| | ) Ctrm: 5B |
| | )      411 W. 4th St |
| | )      Santa Ana, CA 92701 |
| | ) |
| | ) Plan Confirmation Hearing |
| | ) Date: Not Yet Scheduled |
| | ) Time: |
| | ) Ctrm: 5B |
| | )      411 W. 4th St |
| | )      Santa Ana, CA 92701 |
| | ) |
| | ) |
| | ) |
| | ) |

Deleted: ORIGINAL SECOND

Deleted: 01/21

Deleted: 2

///

///

-1-

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

Disclosure Statement-3rd Am

Deleted: 2ND Am

## TABLE OF CONTENTS

| | |
|---|---|
| I. INTRODUCTION ................................................................ | 5 |
| A. Purpose of this Document ........................................... | 5 |
| B. Deadlines for Voting and Objection; | |
| Date of Plan Confirmation Hearing ............................... | 7 |
| 1) Time and Place of the Confirmation Hearing .................... | 7 |
| 2) Deadline for Voting for or Against the Plan ..................... | 7 |
| 3) Deadline for Objecting to the Confirmation of the Plan ........ | 7 |
| 4) Identity of Person to Contact for More Information | |
| Regarding the Plan .................................................... | 8 |
| C. Disclaimer ................................................................ | 8 |
| | |
| II. BACKGROUND .............................................................. | 8 |
| A. Description and History of Debtor's Business ..................... | 8 |
| B. Principals/Affiliates of Debtor's Business ........................... | 8 |
| C. Management of the Debtor Before and After the Bankruptcy ... | 9 |
| D. Events Leading to Chapter 11 Filing ............................... | 9 |
| E. Significant Events During the Bankruptcy .......................... | 9 |
| 1) Bankruptcy Proceedings ............................................ | 10 |
| 2) Other Legal Proceedings .......................................... | 10 |
| 3) Actual and Projected Recovery of Preferential or | |
| Fraudulent Transfers ................................................. | 10 |
| 4) Procedures Implemented to Resolve Financial Problems ... | 11 |
| 5) Current and Historical Financial Conditions .................... | 18 |
| | |
| III. SUMMARY OF THE PLAN OF REORGANIZATION ................ | 19 |
| A. What Creditors and Interest Holders Will Receive | |
| Under the Proposed Plan ........................................... | 19 |
| B. Unclassified Claims ................................................... | 20 |
| 1) Administrative Expenses ......................................... | 20 |
| A. Court Approval of Fees Required ................................... | 20 |
| 2) Priority Tax Claims .................................................. | 20 |
| C. Classified Claims and Interests ..................................... | 22 |
| 1) Classes of Secured Claims ....................................... | 22 |
| 2) Classes of Priority Unsecured Claims .......................... | 42 |
| 3) Class of General Unsecured Claims ............................. | 43 |
| 4) Class(es) of Interest Holders .................................... | 43 |
| D. Means of Effectuating the Plan .................................... | 44 |
| 1) Funding for the Plan ............................................... | 44 |
| 2) Post-Confirmation Management .................................. | 44 |
| 3) Disbursing Agent ................................................... | 44 |
| E. Risk Factors .......................................................... | 44 |

*III*

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

Disclosure Statement- 3rdAm

Deleted: 7

Deleted: 8

Deleted: 9

Deleted: 10

Deleted: 18

Deleted: 18

Deleted: 19

Deleted: 19

Deleted: 19

Deleted: 21

Deleted: 21

Deleted: of

Deleted: 40

Deleted: 41

Deleted: 41

Deleted: 42

Deleted: 42

Deleted: 42

Deleted: 42

Deleted: 42

Deleted: 2NDAm

F. Other Provisions of the Plan .......................................... 45
    1) Executory Contracts and Unexpired Leases .................. 45
    2) Governmental Regulation ...................................... 45
G. Tax Consequences of Plan ........................................... 45
H. Objections to Claims ................................................. 45

IV.  CONFIRMATION REQUIREMENTS AND PROCEDURES .... 46
A. Who May Vote of Object ............................................. 46
    1) Who May Object to Confirmation of the Plan ................. 46
        a. What is an Allowed Claim/Interest .......................... 46
        b. What is an Impaired Claim/Interest ......................... 46
        c. Who is Not Entitled to Vote ................................. 46
        d. Who can Vote in More than One Class ..................... 48
        e. Votes Necessary to Confirm the Plan ....................... 48
        f. Votes Necessary for a Class to Accept the Plan .......... 48
        g. Treatment of Nonaccepting Classes ........................ 48
        h. Request for Confirmation Despite Nonacceptance by
           Impaired Class(es) ........................................... 48
B. Liquidation Analysis ................................................. 49
C. Feasibility ............................................................. 49

V.  EFFECT OF CONFIRMATION OF PLAN ........................... 49
A. Discharge ............................................................. 51
A.2  Permanent Satisfaction and Injunction .......................... 51
A.3 Exculpation .......................................................... 52
B. Revesting of Property in the Debtor ................................ 53
C. Modification of the Plan ............................................. 52
D. Post-Confirmation Status Report .................................... 53
E. Quarterly Fees ........................................................ 53
F. Post-Confirmation Conversion/Dismissal .......................... 53
G. Final Decree ........................................................... 54

Deleted: 42
Deleted: 42
Deleted: 42
Deleted: 43
Deleted: 43
Deleted: 43
Deleted: 44
Deleted: 44
Deleted: 44
Deleted: 45
Deleted: 45
Deleted: 45
Deleted: 45
Deleted: 46
Deleted: 46
Deleted: 46
Deleted: 46
Deleted: 47
Deleted: 48
Deleted: 48
Deleted: 49
Deleted: 49
Deleted: 50
Deleted: 50
Deleted: 50
Deleted: 51
Deleted: 51
Deleted: 51

///
///
///
///
///
///
///

Pugne and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

-3-

Deleted: 2NDAm

Disclosure Statement-3rdAm

EXHIBIT A -- LIST OF ALL ASSETS ........................................... 53
EXHIBIT B – FINANCIAL STATEMENTS .................................... 53
EXHIBIT C – UNEXPIRED LEASES TO BE ASSUMED ................. 53
EXHIBIT D – EXECUTORY CONTRACTS TO BE ASSUMED .......... 53
EXHIBIT E – LIQUIDATION ANALYSIS ...................................... 53
EXHIBIT F -- LIST OF ADMINISTRATIVE EXPENSE CLAIMS ......... 53
EXHIBIT G – LIST OF PRIORITY UNSECURED CLAIMS .............. 53
EXHIBIT H – LIST OF GENERAL UNSECURED CLAIMS .............. 54

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

-4-

Disclosure Statement- 3rdAm

Deleted: 2NDAm

I.

INTRODUCTION

CARL H REINHART ("REINHART") is the Debtor and Debtor in Possession in this Chapter 11 bankruptcy case.  On 7/7/2009, REINHART commenced this bankruptcy case by filing a Chapter 11 Petition under the United States Bankruptcy Code ("Code") 11 U.S.C. §101 et seq., Chapter 11 allows the debtor, and under some circumstances, creditors and other parties in interest, to propose a plan of reorganization.  The Plan may provide for the Debtor to reorganize by continuing to operate, to liquidate by selling assets of the estate, or a combination of both.  REINHART is the party proposing the Plan sent to you in the same envelope as this document.  THE DOCUMENT YOU ARE READING IS THE THIRD AMENDED DISCLOSURE STATEMENT (hereinafter "Disclosure Statement") for the THIRD AMENDED PLAN (hereinafter "Plan").

This is a reorganization and liquidation plan.  REINHART seeks to accomplish payments under the Plan from the sale of several assets, future cash revenues, new financing, and sale and possibly development of the largest asset of this Bankruptcy Estate, i.e. real property located at 14311 Ladd Canyon, Silverado CA ("LADD"), a 92-acre undivided parcel on which a large home ("RESIDENCE") is currently under construction but approximately 80% complete as of 3/28/2011.  The Effective Date of the Plan will be 30 calendar days after the entry of an Order confirming the Plan.

A.   **Purpose of this Document**

This Disclosure Statement summarizes what is in the Plan, and tells you certain information relating to the Plan and the process the Court follows in determining whether or not to confirm the Plan.

-5-

Disclosure Statement-3rdAm

**Deleted:** SECOND

**Deleted:** FOR THE ENCLOSED SECOND

**Deleted:**

**Deleted:** 1/21

**Deleted:** Second Amended

**Deleted:** 2NDAm

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

**READ THIS DISCLOSURE STATEMENT CAREFULLY IF YOU WANT TO KNOW**

**ABOUT:**

1)    WHO CAN VOTE OR OBJECT.

2)    WHAT THE TREATMENT OF YOU CLAIM IS (i.e., what your claim will receive if the Plan is confirmed), and HOW THIS TREATMENT COMPARES TO WHAT YOUR CLAIM WOULD RECEIVE IN LIQUIDATION.

3)    THE HISTORY OF THE DEBTOR AND SIGNIFICANT EVENTS DURING THE BANKRUPTCY.

4)    WHAT THINGS THE COURT WILL LOOK AT TO DECIDE WHETHER OR NOT TO CONFIRM THE PLAN.

5)    WHAT IS THE EFFECT OF CONFIRMATION.

6)    WHETHER THIS PLAN IS FEASIBLE.

This Disclosure Statement cannot tell you everything about your rights.  You should consider consulting your own lawyer to obtain more specific advice on how this Plan will affect you and what is the best course of action for you.

Be sure to read the Plan as well as the Disclosure Statement.  If there are any inconsistencies between the Plan and the Disclosure Statement, the Plan provisions will govern.

The Code requires a Disclosure Statement to contain "adequate information" concerning the Plan.  The Bankruptcy Court ("Court") has approved this document as an adequate Disclosure Statement, containing enough information to enable parties affected by the Plan to make an informed judgment about the Plan. Any party can now solicit votes for or against the Plan.

| Deleted: Second Amended |
|---|

| Deleted: 2NDAm |
|---|

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

-6-

Disclosure Statement 3rdAm

**B.      Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing**

THE COURT HAS NOT YET CONFIRMED THE PLAN DESCRIBED IN THIS
DISCLOSURE STATEMENT.  IN OTHER WORDS, THE TERMS OF THE PLAN ARE NOT
YET BINDING ON ANYONE.  HOWEVER, IF THE COURT LATER CONFIRMS THE PLAN,
THEN THE PLAN WILL BE BINDING ON THE DEBTOR AND ON ALL CREDITORS AND
INTEREST HOLDERS IN THIS CASE.

**1)      Time and Place of the Confirmation Hearing**

The hearing where the Court will determine whether or not to confirm the Plan will take
place on _____ 2011 at _____ in Courtroom 5B of the United States Bankruptcy
Court, Santa Ana Division, located at 411 W. 4th St., Santa Ana, CA 92701.

**2)      Deadline for Voting for or Against the Plan**

If you are entitled to vote, it is in your best interest to timely vote on the enclosed ballot
and return the ballot in the enclosed envelope to R. Gibson Pagter, Jr., Pagter and Miller, 525
N. Cabrillo Park Dr., Ste 104, Santa Ana, CA 92701.

Your ballot must be received by _____ or it will not be
counted.

**3)      Deadline for Objecting to the Confirmation of the Plan**

Objections to the confirmation of the Plan must be filed with the Court and served upon
counsel for REINHART, at the address listed on the first page of this document and the Office
of the U.S. Trustee, 411 W. 4th St., Ste 9041, Santa Ana, CA 92701 by _____.

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

Disclosure Statement-3rdAm

Deleted: 2NDAm

**4)     Identity of Person to Contact for More Information Regarding the Plan**

Any interested party desiring further information about the Plan should contact R. Gibson

Pagter, Jr., Pagter and Miller, 525 N. Cabrillo Park Dr., Ste 104, Santa Ana, CA 92701;

telephone 714-541-6072; fax 714-541-6897; e-mail gibson@pagterandmiller.com.

**C.     Disclaimer**

The financial data relied upon in formulating the Plan is based on the value of the Real

Property.  The information contained in this Disclosure Statement is provide by REINHART,

who represents that everything stated in the Disclosure Statement is true and correct to his

best knowledge.  The Court has not yet determined whether or not the Plan is confirmable and

makes no recommendation as to whether or not you should support or oppose the Plan.

II.

BACKGROUND

**A.     Description and History of the Debtor's Business**

REINHART is a single man who is a commercial real estate broker and investor in and

developer of real estate. He is the owner of Peninsula Investment Real Estate Brokerage

("Peninsula"). REINHART, and now his bankruptcy estate, own(s) several pieces of real

property, including raw land, residential homes, and mixed-use commercial properties, but its

single largest asset is LADD. Copies of title reports for all of Debtor's separate parcels of real

estate have been filed with this Court as Docket No. 73-1 through 73-10, inclusive, on

06/08/2010, and are available from the Clerk of this Court.

**B.     Principals/Affiliates of Debtor's Business**

REINHART is the sole principal of his business.

-8-

Disclosure Statement-3rdAm

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

Deleted: .

Deleted: 2NDAm

## C.   Management of the Debtor Before and After the Bankruptcy

Prior to filing the bankruptcy REINHART managed his own financial affairs, and has done so since this bankruptcy case was filed.

## D.   Events Leading to Chapter 11 Filing

A foreclosure sale of LADD set by Commercial Bank of California ("CBC") for 7/7/2009 led to the filing of this bankruptcy case.  None of REINHART's other real estate properties were at even the notice of default stage, and REINHART was not a party to any lawsuits. Although the construction of the home on LADD was 70% complete pre-bankruptcy REINHART could not obtain financing to take out CBC or to complete construction.

**Deleted:**

## E.   Significant Events During the Bankruptcy

### 1)   Bankruptcy Proceedings

REINHART employed Pagter and Miller as general counsel for Debtor and the Court approved this employment on 12/04/2009. On 10/08/2009 CBC filed a Motion for Relief from Stay seeking to foreclose on one of its 2 deeds of trust on LADD, which REINHART opposed. CBC withdrew this Motion prior to any hearing on it. On 10/23/2009 First Franklin, a creditor secured by a deed of trust upon real property located at 28106-28162 Silverado Canyon Road Silverado CA, filed a Motion for Relief from Stay seeking to foreclose on its deed of trust, which REINHART opposed, and which the parties resolved by a stipulated Order in February 2010, whereby REINHART pays this creditor net cash from operations on that property (where REINHART also now lives). On 01/10/2010 CBC filed another Motion for Relief From Stay, which REINHART opposed, and which CBC then withdrew prior to any hearing.

**Deleted:**

**Deleted: ,**

**Deleted:** 2NDAm

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

On 03/10/2010, the Court set a claims bar date 60 days after service of a form of Notice

thereof. REINHART served Notice of same on 03/23/2010, with a claims filing bar date of

05/24/2010.

On 06/21/2010 CBC filed a Motion to Value LADD, which Debtor opposed. After a trial,

in a written opinion entered on 11/22/2010 as Docket No. 104, this Court valued the entire

undivided LADD Property with the Residence, as-is, at $3,415,000, but REINHART asserts

that the Court also reasoned that if $1,200,000 were invested into completion of the

Residence, the after-completion as-is value would be $4,615,000, that is to say a dollar

invested would yield a dollar increase in value. CBC disputes this position.

No adversary proceedings have been filed and no contested matters are pending as of

3/28/11, other than CBC's Motion to Dismiss or Convert this case, set for hearing on 3/30/11.

The deadline for any creditor to contest the dischargeability of any debt passed on October 13,

2009, but no complaints were filed.

### 2)   Other Legal Proceedings

None.

### 3)   Actual and Projected Recovery of Preferential or Fraudulent Transfers

REINHART has identified no pre-petition preferential or fraudulent transfers and has not

sought the recovery of any such alleged transfers. Since REINHART believes he was solvent

at all relevant times before he filed this bankruptcy case, he does not anticipate he will be filing

any preference or fraudulent transfer actions in this case. However, he reserves the right to

pursue any and all avoidance actions available to him and his bankruptcy estate under 11 USC

Sections 547, 548, 549 and 550, as authorized by 11 USC Section 546.

**Deleted:** that will be

**Deleted:**

**Deleted:** 6/7/2010.

**Deleted:** with

**Deleted:** complaint therefor being

**Deleted:** 2ND Am

Disclosure Statement- 3rd Am

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

**4)      Procedures Implemented to Resolve Financial Problems**

<u>Property No.1--19312 Fisher Lane, Santa Ana, CA (APN 393-083-15) ("FISHER"):</u>

REINHART has repaired and improved the home located onFISHER, where REINHART

resided on the Petition Date, in which property REINHART/this estate have a 51% interest. He

initially listed it for sale on the MLS with Peninsula, at a $1,250,000 price, on a no fee basis but

for a potential 3% commission to a buyer's-broker. <u>As of 3/28/11, REINHART has accepted an</u>

<u>offer, subject to overbid, for a sale of 100% of this property for $1,075,000, a motion to</u>

<u>approve which should be filed by 3/30/11.</u>  REINHART expects the Estate will net <u>over</u>

<u>$80,000</u> or more from a sale of Fisher, and incur no taxable gain for income tax purposes. A

Broker's Opinion of Value dated has been filed with this Court along as Docket No. 73-5 and is

available from the Clerk of this Court.

<u>Property No. 2--14311 Ladd Canyon Road, Silverado, CA (APN 105-051-11)</u>

REINHART has sought, and continues to seek, to complete the construction of the home on

<u>and roadwork related to</u> LADD. REINHART has contacted over 15 prospective lenders,

including CBC, for approximately $1,200,000 in new post-petition financing to do so, and on

01/19/2011 filed  a motion to borrow up to $1.2MM in this case, on a superpriority secured

basis, and REINHART has obtained an estimate of $854,155 from Michael McDonald, a

licensed general contractor with experience in custom homes<u>, to complete the construction.</u>

<u>From 3/2/11 through 3/24/11 REINHART was in negotiations with CBC for it to make a new</u>

<u>loan of $950,000, but talks collapsed. On 3/25/11, the original proposed lender, George</u>

<u>Helland, modified his loan to $950,000, based upon a revised construction budget, filed in</u> this

<u>case on 3/25/11 herein as Docket No.  141.</u> The proceeds of the new post-petition financing

are expected to be sufficient to complete the construction of the home, and to continue work

Disclosure Statement-<u>3rdAm</u>

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

| Deleted: , if any, but has reduced it to its current list price of $1,075,000. |

| Deleted: $100 |

| Deleted: 2NDAm |

on and complete a pending application to subdivide LADD into an approximately 5 acre parcel

to include the Residence, and a remainder parcel of 87 acres. Since filing this case

REINHART has spent over $130,000 on completing the home and working on the subdivision

and development of LADD, and in the week of 3/21/11 filed the most recent in a series of

documents seeking a tentative tract map with the County of Orange to divide LADD into the

approximately 5 acre parcel with the Residence on it and an 87 acre parcel (which itself later

may be further subdivided into smaller parcels). Completion of such parcelization will afford

additional flexibility in the sale of LADD and expand the pool of qualified buyers. REINHART

believes that the fair market value of LADD, even without a partial subdivision, with the

completed Residence, will be at least $7,500,000, although REINHART understands this

Court's opinion of such value would only be $4,615,000, at most. REINHART bases his

opinion upon: (a) his own Broker's Opinion of Value filed with this Court on 06/08/2010 along

as Docket No. 73-4; (b) the Declaration of appraiser, D. Matt Marschall, filed with this Court on

10/20/2010 as Docket No. 98, both of which documents are available from the Clerk of this

Court; and (c) the oral opinion of an international real estate brokerage firm he proposes to

employ to list LADD for sale. The sale of this property at the Court's value of $4,615,000 will

satisfy all creditors secured on LADD, including the post-petition lender, in full, and is expected

to gross at least $495,000 to the Estate for debt reduction as specified in the Plan, with

minimal taxable gain to the Estate.

Property No. 3—Commercial Land, Silverado Canyon Road, Silverado, CA (APN 876-033-05)

REINHART proposes to retain this vacant parcel, which is a portion of Silverado Center used

for excess parking, for future development, as the present sale value is likely to increase

significantly in future years.  This property is encumbered by real estate tax liens, and deeds of

trust in favor of CCRC Farms, LLC, The Koll Trust, and Bob D. Heinrich, although these loans

**Deleted:** has

**Deleted:** for

**Deleted:** and

**Deleted:** 2NDAm

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

Disclosure Statement 3rdAm                                 12

1    are expected to be paid in full from the sale of Property No. 4 and Property No. 5 as specified

2    below, but such creditors shall retain their liens on Property 3 until their notes are paid in full.

3    CBC appears of record as holding a 2nd position deed of trust recorded on 6/11/2007 to secure

4    a $400,000 note, and CBC's own Proof of Claim filed herein does not assert it has a lien on

5
     this Property, but REINHART avers CBC either gave him an as-yet unrecorded reconveyance
6
     of this deed of trust or promised to but failed to do so: CBC will receive $-0- and its deed of
7

8    trust shall be cancelled upon confirmation on account of this alleged note and deed of trust.

9    REINHART estimates the current fair market value of this property is $150,000. A current

10   Broker's Opinion and Title Report have been filed with the Court on 6/8/2010 as Docket No.

11
     73-3 and 73-6, and are available from the Clerk of this Court.
12

13   Property No. 4—Multi-Tenant Commercial Building, 28192 and 28202 Silverado Canyon Road,

14   Silverado, CA (APN 876-033-04)

15   REINHART has listed this parcel of commercial property for sale, which includes three retail

16   suites (currently rented to two tenants, 28192 being a market and 28202 being an OC Library

17
     branch) totaling 2,100 rentable square feet, in the CARETS (commercial) division of the Southern
18

19   California Multiple Listing Service. It is also being marketed in Loopnet, a subscription commercial

20   real estate marketing service, which is considered the most widespread marketing data service in the

21   nation. REINHART has tracked that at least 190 real estate brokers and principals who have viewed the

22
     marketing information on Loopnet, and estimates that an additional 200 or more brokers and principals
23

24   have viewed the Multiple Listing Service marketing information. There have not been any written

25   purchase offers. This parcel is a portion of Silverado Center, is valued at $700,000, and is

26   encumbered by the following liens, in the following lien priority: (a) a cross-collateralized deed

27

28

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

-13-

Disclosure Statement-3rdAm

| Deleted: REINHART has met with one local buyer who is considering writing an offer to purchase the property. This potential buyer intends to use a portion of the property for operation of his business and to lease out the remaining portion. He expects to have more information regarding the viability of this offer by 1/31/11, |

| Deleted: 2NDAm |

Deleted: 570

of trust in favor of CCRC Farms, LLC (estimated current balance due $590,000[1]), whose other

collateral includes Property Nos. 3, 5, and 6; (b) a cross-collateralized deed of trust in favor of

CBC (estimated current balance due is $-0-), whose other collateral is LADD. CBC appears of

record as holding a 2nd position deed of trust recorded on 6/11/2007 to secure a $400,000

note, and CBC's own Proof of Claim filed herein does not assert it has a lien on this Property,

but REINHART avers CBC either gave him an as-yet unrecorded reconveyance of this deed

of trust or promised to but failed to do so: CBC will receive $-0- and its deed of trust shall be

cancelled upon confirmation on account of this alleged note and deed of trust; (c) a cross-

collateralized deed of trust in favor of Main St, LLC (estimated current balance due is $-0-).

Main Street appears of record as holding a 3rd position deed of trust recorded on 1/8/2008 to

secure a $75,000 note, and Main Street in its pleadings filed in this case does not assert it has

a lien on this Property, and REINHART avers Main Street either gave him an as-yet

unrecorded reconveyance of this deed of trust or promised to but failed to do so: Main Street

will receive $-0- and its deed of trust shall be cancelled upon confirmation on account of this

alleged note and deed of trust; (d) a cross-collateralized deed of trust in favor of The Koll Trust

(estimated current balance $1,150,000), whose other collateral includes Property No. 3,5, 6,

and 7; and (e) a cross-collateralized deed of trust in favor of Bob D. Heinrich (estimated

current balance $120,000), whose other collateral includes Property Nos. 3, 5, 6, 7 and 8,

respectively.   The sale of this property and/or Property 5, whichever comes first, shall be free

and clear of all liens but those for real estate taxes and CCRC, with all other liens to attach to

any net sales proceeds, and is expected to satisfy the CCRC Farms, LLC claim and thereafter

---

[1] In late December 2010 Reinhart tendered approximately $50,000 to CCRC, representing net cash collateral from the rents
generated on this Property, so this sum should reduce CCRC's claim.

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

Deleted: 2NDAm

provide for a paydown of approximately $100,000 or more on the next lien(s) in priority. There

is a current balance of approximately $4,000 in the Estate's cash collateral account for

Properties 3, 4, 5 and 6 which, collectively, constitute Silverado Center.  This account likely will

be reduced after payment of post-petition real estate taxes on Properties 3, 4, 5, and 6.  Upon

confirmation REINHART will release all remaining funds in the cash collateral account for this

property to CCRC Farms, LLC. This property is expected to generate approximately $3,600

per month in gross rental income until it is sold, to be deposited into the Estate's cash

collateral account, with the release of all net funds from this account, after payment of

operational expenses but not debt service, to CCRC Farms, LLC on a monthly basis until this

property is sold. A current Broker's Opinion and Title Report have been filed with the Court on

6/8/2010 as Docket No. 73-2 and 73-8, and are available from the Clerk of this Court. On

3/23/11 REINHART filed a stipulation he reached with CCRC concerning this property, as

Docket No. 140, which he expects to be approved by the Court in April 2011; this Stipulation

requires certain amendments to CCRC's treatment under a prior proposed version of the Plan,

which are being made here and in the Plan. That Stipulation is incorporated herein by

reference and is incorporated into the Plan as well.

Property No. 5—Single-Tenant Restaurant Building, 28222 Silverado Canyon Road,

Silverado, CA (APN 876-033-03)

REINHART has listed this parcel of commercial property for sale, in the CARETS

(commercial) division of the Southern California Multiple Listing Service, since August 2010 at

$1,050,000. It is improved with a vacant restaurant building with approximately 3,000 interior

rentable square feet plus patio seating area.  This parcel is a portion of Silverado Center and

encumbered by the same cross-collateralized deeds of trust which encumber Property No. 4

-15-

Disclosure Statement-3rdAm

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92703
(714) 541-6072

Formatted: Font: Not Bold

Deleted: ¶

Deleted: 2NDAm

above.  The allegedly cross-collateralized deed of trust in favor of CBC (estimated current

balance due is $-0-), whose other collateral is LADD appears of record as a 2nd position deed

of trust recorded on 6/11/2007 to secure a $400,000 note, but CBC's own Proof of Claim filed

herein does not assert it has a lien on this Property. REINHART avers CBC either gave him

an as-yet unrecorded reconveyance of this deed of trust or promised to but failed to do so.

Main Street also appears of record as holding a 3rd position deed of trust recorded on

1/8/2008 to secure a $75,000 note, and Main Street in its pleadings filed in this case does not

assert it has a lien on this Property, and REINHART avers Main Street either gave him an as-

yet unrecorded reconveyance of this deed of trust or promised to but failed to do so: Main

Street will receive $-0- and its deed of trust shall be cancelled upon confirmation on account of

this alleged note and deed of trust. The sale of either Property No. 4 or Property No. 5,

whichever occurs first, shall be free and clear of all liens but those for real estate taxes and

CCRC, with all other liens to attach to any net sales proceeds, and is expected to satisfy the

CCRC Farms, LLC claim and thereafter provide for a paydown of approximately $100,000 or

more on the next lien(s) in priority, but that all sales proceeds of Property 4 and/or 5 likely will

satisfy all liens in full.


Property No. 6—Commercial Land, Silverado Canyon Road, Silverado, CA (APN 876-033-02)

REINHART will retain this vacant parcel, which is a portion of Silverado Center, for

future development, as the present sale value in likely to increase significantly in future years.

This property is encumbered by the same cross-collateralized deeds of trust which encumber

Property No. 4 above, although these loans are expected to be paid in full from the sale of

Property No. 4 or Property No. 5 as specified above or, with respect to Bob D.

-16-

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

Disclosure Statement-3rdAm

**Deleted:** 2NDAm

Heinrich, as further specified below. The allegedly cross-collateralized deed of trust in favor of

CBC (estimated current balance due is $-0-), whose other collateral is LADD appears of record

as a 2nd position deed of trust recorded on 6/11/2007 to secure a $400,000 note, but CBC's

own Proof of Claim filed herein does not assert it has a lien on this Property. REINHART

avers CBC either gave him an as-yet unrecorded reconveyance of this deed of trust or

promised to but failed to do so. Main Street also appears of record as holding a 3rd position

deed of trust recorded on 1/8/2008 to secure a $75,000 note, and Main Street in its pleadings

filed in this case does not assert it has a lien on this Property, and REINHART avers Main

Street either gave him an as-yet unrecorded reconveyance of this deed of trust or promised to

but failed to do so: Main Street will receive $-0- and its deed of trust shall be cancelled upon

confirmation on account of this alleged note and deed of trust.

Prop. No. 7—28106 and 28162 Silverado Canyon Road, Silverado, CA (APN 876-034-04, 05)

> Deleted: ¶
> ¶
> Property

     REINHART will continue to occupy the residence located at 28106 Silverado Canyon

Road, Silverado and to operate Peninsula from an adjacent commercial building at 28162

Silverado Canyon Road, Silverado. REINHART's agreed order with the primary secured

lender on this property, First Franklin Financial Corporation, provides for a release to that

lender of most of the then-existing balance in the estate's cash collateral account for this

property, as well as for REINHART to continue to place all rental income received from this

property into the existing cash collateral account for this property and to be released to the

above lender monthly. He has done so. The Koll Trust will retain its liens but has agreed to

suspend the requirement for payments on its loan(s) secured by deeds of trust in 2nd and 3rd

position on this property until a future date to be determined, but not later than 12/31/2014. In

addition, after payment of all creditors provided for under the Plan REINHART intends to

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

Disclosure Statement-3rdAm

> Deleted: 2NDAm

further develop the approximately 40,000 square feet of excess commercial land which is a portion of this property.

Prop. No. 8—Commercial Land, Silverado Canyon Road, Silverado, CA (APN 876-032-05):

REINHART will rent this property for commercial storage, with all income received from such rentals to be placed in the existing cash collateral account for this property.  He will release the net, post-operational proceeds of the cash collateral account on a monthly basis to the 1st position lender secured on this property, who has a claim for approximately $37,500, Main Street-Santa Ana LLC, has agreed to suspend the requirement for payments on its loan(s) secured by deed of trust on this property until a future date to be determined, but not later than 12/31/2014. The 2nd position deed of trust holder, Bob D Heinrich, has a claim for approximately $100,000, and shall retain his lien and his rights shall be unimpaired.

**5)    Current and Historical Financial Conditions**

Prior to the Petition Date, the commercial credit lending market was contracting, and commercial credit still is difficult to obtain. Nevertheless REINHART has obtained a loan commitment of $950,000 from George Helland, at an interest rate of 3.5%, on a 30 year amortization, all due in approximately 12/31/12, when the new loan comes due.  REINHART filed schedules in this case that provide substantial financial information regarding his assets and debts as of the Petition Date. These are available for review online or at the Clerk's Office, as Docket Nos. 8, 13, 20, 21, and 23. In addition to those documents Debtor has prepared monthly operating reports required by the Office of the US Trustee ("OUST") in its office at Suite 9041 of the Bankruptcy Court, and those are available for inspection at their offices and, as to all months since January 2010, online from or at the Clerk's Office.

Disclosure Statement-3rdAm

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

From his OUST reports Debtor has prepared an unaudited balance sheet as of 12/31/2010, and an Income Statement and an accrual basis Profit and Loss Statement from the Petition Date through 12/31/2010. They are attached hereto as Exhibits A and B. Debtor does not warrant that this financial information is without any inaccuracy, but avers he has made reasonable efforts to present it fairly and accurately.

III

SUMMARY OF THE PLAN OF REORGANIZATION

A.    **What Creditors and Interest Holders Will Receive Under the Proposed Plan**

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority.  The Plan states whether each class of claims or interests is impaired or unimpaired.  The Plan provides the treatment each class will receive.

B.    **Unclassified Claims**

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code.  As such, REINHART has <u>not</u> placed the following claims in a class.

1)    **Administrative Expenses**

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case which are allowed under Code section 507(a)(1).  The Code requires that all administrative claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

-19-

Disclosure Statement-3rdAm

Deleted: 2NDAm

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

The following describes all of the Debtor's §507(a)(1) administrative claims and their treatment under the Plan.  By order entered May 28, 2009 the employment of Pagter and Miller as general counsel to the Debtor was approved. As of May 31, 2010 Pagter and Miller incurred approximately $35,000 in fees and costs, all of which it has drawn after noticed professional fee statements. Pagter and Miller estimates it will incur an additional $80,000-100,000 through Plan confirmation.  There no other known administrative expenses.

**A.     Court Approval of Fees Required:**

The Court must rule on all fees listed above before the fees will be owed.  For all fees except Clerk's Office fees and U.S. Trustee's fees, the professional in question, in this case Pagter and Miller, must file and serve a properly noticed fee application and the Court must rule on the application.  Only the amount of fees allowed by the Court will be owed and required to be paid under this Plan.

As indicated above, REINHART will be required to pay no less than an additional $0,000-100,000 to Pagter and  Miller on the Effective Date unless Pagter and Miller agrees to be paid later (which it will do), or the Court has not yet ruled on the claim.  As indicated elsewhere in this Disclosure Statement, Debtor expects to have no less than $25,000 in unencumbered cash on hand on the Effective Date of the Plan.  The source of the funds to pay such claims will be the net proceeds of sale of real properties or operations of same, or REINHART's own personal service income from Peninsula.

**2)     Priority Tax Claims**

Priority tax claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8).  The Code requires that each holder of such a 507(a)(8)

-20-

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 106
Santa Ana, CA
92701
(714) 541-6072

Disclosure Statement-3rdAm

**Deleted boxes (margin annotations):**
- Deleted: has
- Deleted: 30
- Deleted: 50
- Deleted: for an estimated total of unpaid fees and costs due of approximately $30,000-50,000
- Deleted: 3
- Deleted: 50
- Deleted: **
- Deleted: 2NDAm

priority tax claim receive the present value of such claim in deferred cash payments, over a

period not exceeding six years from the date of the assessment of such tax, unless it otherwise

agrees.

The following details all of the Debtor's Section 507(a)(8) priority tax claims and their

treatment under the Plan.

a.    Internal Revenue Service: 2006-2008 income taxes and interest thereon to the Petition

Date, and alleged FICA withholding taxes for 1Q-3Q2009 in the disputed amount of

approximately $31,698, according to the IRS' amended Proof of Claim filed herein on or about

12/13/2010. As to 2008 alone, IRS asserts it is owed almost $18,000, but in October 2009

Reinhart filed an Application for Tentative Refund for that 2008 tax year, with corrected

income/expense figures, showing he (now the Estate) is entitled to a REFUND of $13,150.

Absent an agreement with IRS over the correct amount of its priority claim REINHART will

object to same, BUT will pay the allowed amount thereof in full, with all accrued interest

thereon at the IRS' statutory rate, in full at $100/month starting on the Effective Date and

thereafter from his personal service income or the first available net sales proceeds of the

above real properties, but will pay it in full no later than July 7, 2014.

b.    Franchise Tax Board:  2006-08 income taxes and interest thereon to the Petition Date

of approximately $17,972. REINHART asserts he owes only approximately $10,000 for such

taxes. Absent an agreement with Board over the correct amount of its priority claim

REINHART will object to same, BUT will pay the allowed amount thereof in full, with accrued

interest thereon at the Board's statutory rate, in full at $100/month starting on the Effective

Date and from his personal service income or the first available net sales proceeds of the

above real properties, but no later than July 7, 2014.

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

Disclosure Statement-3rdAm

Deleted: 2NDAm

c.    Orange County Tax Collector: 2009 business taxes of $312. REINHART will pay this

sum, with accrued interest thereon at the Collector's statutory rate, in full at the rate of

$50/month from his personal service income or the first available net sales proceeds of the

above real properties, but no later than July 7, 2014.

C.    **Classified Claims and Interests**

1)    **Classes of Secured Claims**

Secured claims are claims secured by liens on property of the estate.  The following

lists all classes containing REINHART's secured pre-petition claims and their treatment under

the Plan.

Class 1: Orange County Tax Collector ("OCTC") Claim —secured on various real properties

Classification: Class 1 consists of the OCTC Claim—Secured on Properties 1-8 defined

hereinabove, for pre-petition and post-petition real estate taxes, estimated at over $100,000 as

Property 3, 4, 5 and 6 alone. The OCTC Claim as to FISHER was paid by Wells Fargo as an

advance and the post-petition taxes as to 28106-28162 Silverado Canyon Road have been

paid through the 4/10/2010 installments.

| Deleted: $75 |

Treatment: Class 1 is impaired under the Plan. Except to the extent that the OCTC agrees to

different treatment, in full satisfaction of Class 1 Claim REINHART shall pay it as follows:

a.    Principal Amount: The OCTC Principal Amount shall be the base taxes assessed
by the OCTC as to Properties 1-8.
b.    Interest/Penalties:  Pre-petition and postpetition interest/penalties that have/has
accrued or will accrue on the above Principal shall be calculated at the OCTC's
statutory rates, or such other rates as shall be determined by the Court or as
Debtor and OCTC may agree.
c.    Payments/Maturity Date: Unless otherwise agreed by Debtor and OCTC, or as
determined by the Court, the sums due to Class 1 shall be paid as follows:  as to
FISHER (aka Property 1), a single payment shall be paid to OCTC from close of
escrow for the sale of same, but no later than December 31, 2012; (as to LADD

| Deleted: 2NDAm |

Pagano and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

Disclosure Statement-3rdAm

(aka Property 2), a single payment shall be paid to OCTC from any new loan placed upon LADD after March 22, 2010, or from a sale of LADD, or any parcelized portion thereof, but in no event shall this date be later than December 31, 2012; as to APN 876-032-05 (aka Property 3) a single payment shall be paid to OCTC from a sale of LADD, or any parcelized portion thereof, but in no event shall this date be later than December 31, 2011; as to 28192-28202 Silverado Canyon Road, Silverado CA/APN 876-032-04 (aka Property 4), a single payment shall be paid to OCTC from a sale of it, but in no event shall this date be later than December 31, 2011; as to 28222 Silverado Canyon Road, Silverado CA/APN 876-032-03 (aka Property 5), a single payment shall be paid to OCTC from a sale of it, but in no event shall this date be later than December 31, 2011; as to APN 876-032-02 (aka Property 6), a single payment shall be paid to OCTC from a sale of LADD, or any parcelized portion thereof, but in no event shall this date be later than December 31, 2011; as to 28106-28192 Silverado Canyon Road, Silverado CA/APN 876-032-04,-05 (aka Property 7), a single payment shall be paid to OCTC from a sale of LADD, or any parcelized portion thereof, but in no event shall this date be later than December 31, 2012; as to APN 876-033-03, a single payment shall be paid to OCTC from a sale of LADD, or any parcelized portion thereof, but in no event shall this date be later than December 31, 2012.

d.  <u>Principal Reduction Payments</u>: Debtor may make a principal reduction payment on or payment in full of the OCTC Claim 1 at his option, at any time prior to the Maturity Date, without any prepayment payment penalty or fee.

e.  <u>Retention of Collateral</u>: The validity and priority of the OCTC Claim 1 shall remain in full force and effect following the Effective Date.

<u>Class 2</u>: Commercial Bank of California ("CBC") Claim—Note Secured by 1st Position Deed of Trust on LADD

Classification: Class 2 consists of the CBC Claim—Note Secured by 1st Position Deed of Trust on LADD, defined to be that certain Promissory Note dated May 1, 2008 ("CBC 2008 $1.6MM Note") in the principal amount of $1,600,000 executed by Debtor in favor of CBC, a Note which extended an earlier Promissory Note from December 2005 and is secured by a

---

[2] If the Court approves REINHART's proposed $ 950M (or other amount) loan from George Helland, secured on LADD in a new superpriority, 1st position, then CBC's existing 1st position deed of trust shall be in 2nd position, and its current 2nd position lien in 3rd position.

-23-

**Deleted:** 2012

**Deleted:** 2012

**Deleted:** 2012

**Deleted:** 2012

**Deleted:** 1.2mm

**Deleted:** 2NDAm

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

Construction Deed of Trust dated December 1, 2005 and recorded in the Office of the Orange

County Recorder on December 8, 2005 ("CBC $1.6MM TD").

Treatment: Class 2 is impaired under the Plan. Except to the extent that CBC agrees to

different treatment, in full satisfaction of Class 2 Claim the CBC 2008 $1.6 MM Note and the

CBC $1.6 MM TD shall be modified as follows:

    f.    <u>Principal Amount:</u> The CBC 2008 $1.6 MM Note shall have a principal amount of $1,600,000.

    g.    <u>Interest:</u>  The pre-petition interest that accrued on the above Principal shall be calculated at the non-default rate set in the CBC 2008 $1.6 MM Note, that is Prime + 1.5% with a floor of 7% simple annual interest, or such other interest rate as shall be determined by the Court or as Debtor and CBC may agree, and any accelerated interest rate shall be disallowed. The post-petition interest rate interest that has accrued, and will accrue on the above Principal until it shall be paid in full as provided in this Plan shall be calculated at the non-default rate set in the CBC 2008 $1.6 MM Note, that is Prime + 1.5% with a floor of 7% simple annual interest, or such other interest rate as shall be determined by the Court or as Debtor and CBC may agree, and any accelerated interest rate shall be disallowed.

    h.    <u>Attorneys' Fees:</u> To the extent such fees and related costs are authorized under the CBC 2008 $1.6 MM Note, they shall be paid when the Principal is paid.

    i.    <u>Payments/Maturity Date:</u> Unless otherwise agreed by Debtor and CBC, or as determined by the Court, a single payment of Principal, Interest, and Attorneys' Fees shall be paid to CBC from the sale of LADD, or any parcelized portion thereof, but in no event shall this date be later than December 31, 2012.

    j.    <u>Principal Reduction Payments:</u> Debtor may make a principal reduction payment on or payment in full of the CBC 2008 $1.6 MM Note, at his option, at any time prior to the Maturity Date, without any prepayment penalty or fee.

    k.    <u>Retention of Collateral:</u> Subject to any superpriority secured loan in the principal sum of up to $1.2 MM that Debtor may obtain against LADD in a position senior to the CBC 2008 $1.6 MM TD prior to or as a part of confirmation of the Plan, the validity and priority of the CBC 2008 $1.6 MM TD shall remain in full force and effect following the Effective Date.

<u>Class 3:</u> California Commercial Bank ("CBC") Claim—Note Secured by 2nd Position Deed of

Trust on LADD

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

Disclosure Statement-3rdAm

Deleted: 2NDAm

Classification: Class 3 consists of the CBC Claim—Note Secured by 2nd Position Deed of Trust on LADD, defined to be that certain Promissory Note dated May 1, 2008 ("CBC 2008 $.4 MM Note") in the principal amount of $400,000 executed by Debtor in favor of CBC, a Note which refinanced an earlier Promissory Note from June 2007 and is secured by a Construction Deed of Trust dated June 4, 2007 and recorded in the Office of the Orange County Recorder on June 11, 2007 ("CBC $.4 MM TD").

Treatment: Class 3 is impaired under the Plan. Except to the extent that CBC agrees to different treatment, in full satisfaction of Class 3 Claim the CBC 2008 $.4 MM Note  and the CBC $.4 MM TD shall be modified as follows:

l.    Principal Amount: The CBC 2008 $.4 MM Note shall have a principal amount of $400,000.

m.    Interest:  The pre-petition interest that accrued on the above Principal shall be calculated at the non-default rate set in the CBC 2007 $.4 MM Note, that is Prime + 1.5% with a floor of 7% simple annual interest, or such other interest rate as shall be determined by the Court or as Debtor and CBC may agree, and any accelerated interest rate shall be disallowed. The post-petition interest rate interest that has accrued, and will accrue on the above Principal until it shall be paid in full as provided in this Plan shall be calculated at the non-default rate set in the CBC 2007 $.4 MM Note, that is Prime + 1.5% with a floor of 7% simple annual interest, or such other interest rate as shall be determined by the Court or as Debtor and CBC may agree, and any accelerated interest rate shall be disallowed.

n.    Attorneys' Fees: To the extent such fees and related costs are authorized under the CBC 2007 $.4 MM Note, they shall be paid when the Principal is paid.

o.    Payments/Maturity Date: Unless otherwise agreed by Debtor and CBC, or as determined by the Court, a single payment of Principal, Interest, and Attorneys' Fees shall be paid to CBC from the sale of LADD, or any parcelized portion thereof, but in no event shall this date be later than December 31, 2012.

p.    Principal Reduction Payments: Debtor may make a principal reduction payment on or payment in full of the CBC 2007 $.4 MM Note, at his option, at any time prior to the Maturity Date, without any prepayment payment penalty or fee.

q.    Retention of Collateral: Subject to any superpriority secured loan in the principal sum of up to $1.2 MM that Debtor may obtain against LADD in a position senior to the CBC $.4 MM TD prior to or as a part of confirmation of the Plan, the validity and priority of the CBC $.4 MM TD shall remain in full force and effect following the Effective Date.

Papers and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-8072

-25-

Deleted: 2ND Am

Disclosure Statement- 3rd Am

<u>Class 4:</u> Wells Fargo Bank ("Wells") Claim—Note Secured by 1st Position Deed of Trust on FISHER

Classification: Class 4 consists of the Wells Claim—Note Secured by 1st Position Deed of Trust on FISHER, defined to be that certain Promissory Note dated March 21, 1997 ("WELLS Note") in the principal amount of $380,000 executed by Debtor in favor of Wells' predecessors in interest, Brooks America and then First Bank NSTA, a Note secured by a Deed of Trust dated March 21, 1997 and recorded in the Office of the Orange County Recorder on April 1, 1997 ("WELLS TD").

Treatment: Class 4 is impaired under the Plan. Except to the extent that WELLS agrees to different treatment, in full satisfaction of the Class 4 Claim the WELLS NOTE and the WELLS TD shall be modified as follows:

r.  <u>Principal Amount:</u> The WELLS Note shall have a principal amount of $302,675.18.

s.  <u>Interest:</u> The pre-petition and post-petition interest that will accrue and has accrued on the above Principal shall be calculated at the non-default rate set in the WELLS Note, that is currently 3.125% simple annual interest, or such other interest rate as shall be determined by the Court or as Debtor and WELLS may agree, and any accelerated interest rate shall be disallowed.

t.  <u>Attorneys' Fees:</u> To the extent such fees and related costs are authorized under the WELLS, they shall be paid when the Principal is paid.

u.  <u>Payments/Maturity Date:</u> Unless otherwise agreed by Debtor and WELLS, or as determined by the Court, a single payment of Principal, Interest, and Attorneys' Fees shall be paid to WELLS from the sale of FISHER, but in no event shall this date be later than December 31, 2012.

v.  <u>Principal Reduction Payments:</u> Debtor may make a principal reduction payment on or payment in full of the WELLS Note, at his option, at any time prior to the Maturity Date, without any prepayment payment penalty or fee.

w.  <u>Retention of Collateral:</u> The validity and priority of the WELLS TD shall remain in full force and effect following the Effective Date.

-26-

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

Disclosure Statement-3rdAm

Deleted: 2NDAm

Class 5: CCRC Farms LLC ("CCRC") Claim—Note Secured by 1st Position Deed of Property 3, 4, 5, and 6

Classification: Class 5 consists of the CCRC Farms, LLC Claim—Note Secured by 1st Position Deed of Trust on Property 3, 4, 5, and 6, defined to be a Promissory Note executed by Debtor in favor of CCRC ("CCRC Note"), a Note secured by a Deed of Trust and recorded in the Office of the Orange County Recorder ("CCRC TD").

Treatment: Class 5 is impaired under the Plan. Except to the extent that CCRC agrees to different treatment, in full satisfaction of the Class 5 Claim, at least $638,813 as of 1/31/11, the CCRC Note and the CCRC TD shall be modified as follows:

x.   Principal Amount: The CCRC Note shall have a principal amount of $570,000. CCRC's Claim shall include all of its costs, fees, and other charges pursuant to the CCRC Note and/or CCRC TD that have not been paid by Debtor ("CCRC's Costs and Attorneys' Fees"), and CCRC's Costs and Attorneys' Fees shall include but not be limited to payments of insurance, property taxes, and maintenance on the Property and payments to other creditors of Debtor in settlement of any claims they may assert from sale(s) of Property 3, 4, 5, or 6 made by CCRC related to the CCRC Note and/or CCRC TD and attorneys' fees and costs.

y.   Interest:  The pre-petition and post-petition interest that will accrue and has accrued on the above Principal shall be calculated at the default rate set in the CCRC Note (including but not limited to interest on accrued unpaid interest and 5% late fees) through the Effective Date of the Plan. After the Effective Date of the Plan, the interest rate on CCRC's unpaid Claim shall be the non-default rate (7%) set forth in the CCRC Note.

z.   Attorneys' Fees: To the extent such fees and related costs are authorized under the CCRC Note, they shall be paid when the Principal is paid.

aa.  Payments/Maturity Date: Unless otherwise agreed by Debtor and CCRC, or as determined by the Court, a single payment of Principal, Interest, and Attorneys' Fees shall be paid to CCRC on or before the earliest of: (i) the sale(s) of Property

Deleted: non-

Deleted: , or such other interest rate as shall be determined by the Court or as Debtor

Deleted: CCRC may agree, and any accelerated interest rate shall be disallowed.

Deleted: from

Deleted: 2NDAm

-27-

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

3, 4, 5, or 6, whichever first occurs, and (ii) December 31, 2011 ("Due Date"). In addition, on the Effective Date, any cash collateral remaining in the Debtor in Possession account for Properties 3, 4, 5, and 6 or paid during this case to CCRC by REINHART shall be applied to reduce the principal balance of the CCRC Note. After the Effective Date of the Plan, by the tenth of each month REINHART shall pay all post-operational net rental income ("Net Income") from Properties 3, 4, 5, and 6 to CCRC until its Claim is paid in full and shall provide to CCRC a statement showing rents collected, all payments made therefrom and the net Income payable to CCRC. Debtor shall only be allowed to use cash collateral for reasonable maintenance, insurance, and property taxes for Property 3, 4, 5 and 6, and for other expenses approved by CRC, and shall not be permitted to use cash collateral to object to, contest or modify the validity, perfection, priority, extent, or enforceability of any amount due or lien created under CCRC's loan documents, to assert5 any action for avoidance power claims or any other claims or defenses grated to CCRC, to prevent, hunder or otherwise delay CCRC's assertion, enforcement or realization on the cash collateral in accordance with the parties' Stipulation, to pay any monies, compensation, or otherwise to Debtor or his insiders without CCRC's permission, or to pay any amount on account of any claims arising prior to the Petition Date, unless such payments on account of such pre-petition claims are approved by CCRC.

bb.    **Principal Reduction Payments:** Debtor may make a principal reduction payment on or payment in full of the CCRC Note, at his option, at any time prior to the Maturity Date, without any prepayment payment penalty or fee.

cc.    **Retention of Collateral:** The validity and priority of the CCRC TD shall remain in full force and effect following the Effective Date.

dd.    All of the terms and conditions and agreements in that certain Stipulation of CCRC and Debtor filed in this bankruptcy case on 3/23/11 as Docket No. 140 is incorporated herein.

**Class 6:** The Koll Trust ("Koll") Claim—5 Notes Secured by Deeds of Trust on Property 3, 4, 5, 6 and 7

Classification: Class 6 consists of the KOLL Claim—Note Secured by 4th Position Deed of Trust on Property 3, 4, 5, 6, and 7, defined to be Five Promissory Notes executed by Debtor in favor of KOLL ("KOLL Note"), secured by Deeds of Trust and recorded in the Office of the Orange County Recorder ("CCRC TD").

-28-

Disclosure Statement-3rdAm

Papier and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

[Deleted: but in no event shall this date be later than]

[Deleted: 2012.]

[Deleted: ,]

[Deleted: ¶]

[Formatted: Indent: Left:  0.5", Line spacing:  single]

[Deleted: 2NDAm]

Treatment: Class 6 is impaired under the Plan. Except to the extent that KOLL agrees to different treatment, in full satisfaction of the Class 6 Claim the KOLL Note and the KOLL TD shall be modified as follows:

ee.    **Principal Amount:** The KOLL Note shall have a principal amount of $1,000,000.

ff.    **Interest:** The pre-petition and post-petition interest that will accrue and has accrued on the above Principal shall be calculated at the non-default rate set in the KOLL Note, or such other interest rate as shall be determined by the Court or as Debtor and KOLL may agree, and any accelerated interest rate shall be disallowed.

gg.    **Attorneys' Fees:** To the extent such fees and related costs are authorized under the KOLL Note, they shall be paid when the Principal is paid.

hh.    **Payments/Maturity Date:** Unless otherwise agreed by Debtor and KOLL, or as determined by the Court, payments of Principal, Interest, and Attorneys' Fees shall be paid to KOLL from the sale of Property 3, 4, 5, 6, or 7 whichever first occurs, such that KOLL shall release its deed(s) of trust on whichever Property sells first in exchange for all net sales proceeds from same (after costs of sale and payment of all senior liens), but in no event shall this date be later than December 31, 2012. In addition, on the Effective Date, any cash collateral remaining in the Debtor in Possession account for Properties 3, 4, 5, 6, and 7 may be used for any purpose required under the Plan, and after the Effective Date, REINHART shall pay all post-operational rental income from Properties, 3,4,5, and 6 to KOLL, but only after full payment of all senior liens, until its Claim is paid in full.

ii.    **Principal Reduction Payments:** Debtor may make a principal reduction payment on or payment in full of the KOLL Note, at his option, at any time prior to the Maturity Date, without any prepayment payment penalty or fee.

jj.    **Retention of Collateral:** The validity and priority of the KOLL TD shall remain in full force and effect following the Effective Date.

**Class 7:** Bob Heinrich ("Heinrich") Claim—Note Secured by 3rd Position Deed of Property 3, 4, 5, 6, a 7th position on Property 7, and a 2nd position on Property 8

**Classification:** Class 7 consists of the HEINRICH Claim—Note Secured by 3rd Position Deed of Trust on Property 3, 4, 5, 6, a 7th position deed of trust on Property No. 7 , and a 2nd position

Disclosure Statement 3rdAm

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

deed of trust on Property 8 (balance estimated at $120,000), defined to be a Promissory Note executed by Debtor in favor of HEINRICH ("HEINRICH Note") to secure Debtor's personal guarantee of a line of credit HEINRICH extended to DBRC, an LLC in which Debtor owns 38%, a Note secured by one or more Deeds of Trust and recorded in the Office of the Orange County Recorder ("HEINRICH TD").

Treatment: Class 7 is impaired under the Plan. Except to the extent that HEINRICH agrees to different treatment, in full satisfaction of the Class 7 Claim the HEINRICH Note and the HEINRICH TD shall be modified as follows:

kk.   **Principal Amount:** The HEINRICH Note shall have a principal amount of up to $120,000.

ll.   **Interest:** The pre-petition and post-petition interest that will accrue and has accrued on the above Principal shall be calculated at the non-default rate set in the HEINRICH Note, or such other interest rate as shall be determined by the Court or as Debtor and HEINRICH may agree, and any accelerated interest rate shall be disallowed.

mm.  **Attorneys' Fees:** To the extent such fees and related costs are authorized under the HEINRICH Note, they shall be paid when the Principal is paid.

nn.  **Payments/Maturity Date:** Unless otherwise agreed by Debtor and HEINRICH, or as determined by the Court, if DBRC has not already paid his claim current, payments of Principal, Interest, and Attorneys' Fees shall be paid to HEINRICH from the sale of Property 3, 4, 5, 6, 7, or 8 whichever first occurs, such that HEINRICH shall release its deed(s) of trust on whichever parcel sells first in exchange for all net sales proceeds from same (after costs of sale and payment of all senior liens). In addition, on the Effective Date, any cash collateral remaining in the Debtor in Possession account for Properties 3, 4, 5, 6, 7 and 8 may be used for any purpose required under the Plan, and after the Effective Date, REINHART shall pay all post-operational rental income from Properties 3, 4,5, 6, 7, and 8 to HEINRICH, but only after full payment of all senior liens in full.

oo.  **Principal Reduction Payments:** Debtor may make a principal reduction payment on or payment in full of the HEINRICH Note, at his option, at any time prior to the Maturity Date, without any prepayment payment penalty or fee.

pp.  **Retention of Collateral:** The validity and priority of the HEINRICH NOTE AND HEINRICH TD otherwise shall remain in full force and effect following the Effective Date.

*Formatted: Bullets and Numbering*

*Deleted: 2NDAm*

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

-30-

Disclosure Statement-3rdAm

<u>Class 8:</u> FRANKLIN CREDIT ("FC") Claim—Note Secured by 2nd Position Deed of Trust on FISHER

Classification: Class 8 consists of the FC Claim—Note Secured by 2nd Position Deed of Trust on FISHER, defined to be that certain Promissory Note dated August 22, 1997 ("FC Note") in the principal amount of $70,000 executed by Debtor in favor of FC's predecessors in interest, Citizens Thrift and Huntington NB, a Note secured by a Deed of Trust of even date and recorded in the Office of the Orange County Recorder on August 27, 1997 ("FC TD").

Treatment: Class 8 is impaired under the Plan. Except to the extent that FC agrees to different treatment, in full satisfaction of the Class 8 Claim the FC Note and the FC TD shall be modified as follows:

qq.    <u>Principal Amount:</u> The FC Note shall have a principal amount of $61,312.62.

rr.    <u>Interest:</u>  The pre-petition and post-petition interest that will accrue and has accrued on the above Principal shall be calculated at the non-default rate set in the FC Note, or such other interest rate as shall be determined by the Court or as Debtor and FC may agree, and any accelerated interest rate shall be disallowed. <u>Attorneys' Fees:</u> To the extent such fees and related costs are authorized under the FC NOTE, they shall be paid when the Principal is paid.

ss.    <u>Payments/Maturity Date:</u> Unless otherwise agreed by Debtor and FC, or as determined by the Court, a single payment of Principal, Interest, and Attorneys' Fees shall be paid to FC from the sale of FISHER, but in no event shall this date be later than December 31, 2012.

tt.    <u>Principal Reduction Payments:</u> Debtor may make a principal reduction payment on or payment in full of the FC Note, at his option, at any time prior to the Maturity Date, without any prepayment payment penalty or fee.

uu.    <u>Retention of Collateral:</u> The validity and priority of the FC TD shall remain in full force and effect following the Effective Date.

<u>Class 9:</u> Best Value Roofing ("BVR") Claim—Mechanic's Lien on FISHER

Classification: Class 9 consists of the BVR Claim— Mechanic's Lien on FISHER ("BVR Lien"), secured on at least Debtor's 51% interest therein, and possibly the entire property.

Pagter and Miller
535 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

Formatted: Bullets and Numbering

Deleted: 2NDAm

Treatment: Class 9 is impaired under the Plan. Except to the extent that BVR agrees to different treatment, in full satisfaction of the Class 9 Claim the BVR Claim and BVR Lien shall be modified as follows:

vv.    **Principal Amount:** The BVR Claim shall have a principal amount of $11,000.
ww.    **Interest:** NO interest shall be paid to BVR on its claim.
xx.    **Attorneys' Fees:** NO attorneys' fees or costs shall be paid to BCR on its claim.
yy.    **Payments/Maturity Date:** Unless otherwise agreed by Debtor and BVR, or as determined by the Court, a single payment of Principal, Interest, and Attorneys' Fees shall be paid to BVR from the sale of FISHER, but in no event shall this date be later than December 31, 2012.
zz.    **Retention of Collateral:** The validity and priority of the BVR Lien shall remain in full force and effect following the Effective Date.

Class 10: GEORGE AND ELLEN MINICHIELLO ("GEM") Claim—Note Secured by 4th Position Deed of Trust on FISHER

Classification: Class 10 consists of the GEM Claim—Note Secured by 4th Position Deed of Trust on FISHER, defined to be that certain Promissory Note ("GEM Note") in the principal amount of $50,000 executed by Debtor in favor of GEM, a Note secured only on Debtor's 51% interest in FISHER by a Deed of Trust of even date and recorded in the Office of the Orange County Recorder ("GEM TD").

Treatment: Class 10 is impaired under the Plan. Except to the extent that GEM agrees to different treatment, in full satisfaction of the Class 10 Claim the GEM Note and the GEM TD shall be modified as follows:

aaa.    **Principal Amount:** The GEM Note shall have a principal amount of $50,000.
bbb.    **Interest:** The pre-petition and post-petition interest that will accrue and has accrued on the above Principal shall be calculated at the non-default rate set in the GEM, or such other interest rate as shall be determined by the Court or as Debtor and GEM may agree, and any accelerated interest rate shall be disallowed.
ccc.    **Attorneys' Fees:** To the extent such fees and related costs are authorized under the GEM NOTE, they shall be paid when the Principal is paid.

-32-

Disclosure Statement 3rdAm

ddd.    **Payments/Maturity Date**: Unless otherwise agreed by Debtor and GEM, or as determined by the Court, a single payment of Principal, Interest, and Attorneys' Fees shall be paid to GEM from the sale of FISHER, but in no event shall this date be later than December 31, 2012.

eee.    **Principal Reduction Payments**: Debtor may make a principal reduction payment on or payment in full of the GEM Note, at his option, at any time prior to the Maturity Date, without any prepayment payment penalty or fee.

fff.    **Retention of Collateral**: The validity and priority of the GEM TD shall remain in full force and effect following the Effective Date.

**Class 11**: GEORGE HELLAND ("HELLAND") Claim—Note Secured by 7th Position Deed of Trust on LADD

Classification: Class 11 consists of the HELLAND Claim—Note Secured by 7th Position Deed of Trust on LAD, defined to be that certain Promissory Note ("HELLAND Note") in the principal amount of $35,000 executed by Debtor in favor of HELLAND, a Note secured by a Deed of Trust on Debtor's interest in LADD of even date and recorded in the Office of the Orange County Recorder ("HELLAND TD").

> **Deleted:** LAD

Treatment: Class 11 is impaired under the Plan. Except to the extent that HELLAND agrees to different treatment, in full satisfaction of the Class 11 Claim the HELLAND Note and the HELLAND TD shall be modified as follows:

ggg.    **Principal Amount:** The HELLAND Note shall have a principal amount of $35,000.

> **Formatted:** Bullets and Numbering

hhh.    **Interest:** The pre-petition and post-petition interest that will accrue and has accrued on the above Principal shall be calculated at the non-default rate set in the HELLAND NOTE, or such other interest rate as shall be determined by the Court or as Debtor and HELLAND may agree, and any accelerated interest rate shall be disallowed.

iii.    **Attorneys' Fees**: To the extent such fees and related costs are authorized under the HELLAND NOTE, they shall be paid when the Principal is paid.

jjj.    **Payments/Maturity Date**: Unless otherwise agreed by Debtor and HELLAND, or as determined by the Court, a single payment of Principal, Interest, and Attorneys' Fees shall be paid to HELLAND from the sale of LADD, but in no event shall this date be later than December 31, 2012.

> **Deleted:** FISHER

-33-

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

Disclosure Statement-3rdAm

> **Deleted:** 2NDAm

kkk.  **Principal Reduction Payments**: Debtor may make a principal reduction payment on or payment in full of the HELLAND Note, at his option, at any time prior to the Maturity Date, without any prepayment payment penalty or fee.

lll.  **Retention of Collateral**: The validity and priority of the HELLAND TD shall remain in full force and effect following the Effective Date.

Deleted:

**Class 12.1:**  RH Meine Trust  Claim—Note Secured by 3rd Position Deed of Trust on FISHER

Classification: Class 12.1 consists of the ("RHMT") Claim—Note Secured by 3rd Position Deed of Trust on FISHER, defined to be one or more Promissory Notes ("RHMT $100K Note") in the principal amount of $100,000 executed by Debtor in favor of RHMT, a Note secured by a Deed of Trust on 100% of FISHER of even date and recorded in the Office of the Orange County Recorder ("RHMT $100K TD").

Treatment: Class 12.1 is impaired under the Plan. Except to the extent that RHMT agrees to different treatment, in full satisfaction of the Class 12.1 Claim the RHMT $100K NOTE and the RHMT $100K TD shall be modified as follows:

mmm. **Principal Amount:** The RHMT $100K Note shall have a principal amount of $100,000.

Formatted: Bullets and Numbering

nnn.  **Interest:** The pre-petition and post-petition interest that will accrue and has accrued on the above Principal shall be calculated at the non-default rate set in the RHMT $100K NOTE, or such other interest rate as shall be determined by the Court or as Debtor and RHMT may agree, and any accelerated interest rate shall be disallowed.

ooo.  **Attorneys' Fees**: To the extent such fees and related costs are authorized under the  RHMT $100K NOTE, they shall be paid when the Principal is paid.

ppp.  **Payments/Maturity Date**: Unless otherwise agreed by Debtor and RHMT, or as determined by the Court, a single payment of Principal, Interest, and Attorneys' Fees shall be paid to RHMT from the sale of FISHER, but in no event shall this date be later than December 31, 2012.

qqq.  **Principal Reduction Payments**: Debtor may make a principal reduction payment on or payment in full of the RHMT $100K NOTE, at his option, at any time prior to the Maturity Date, without any prepayment payment penalty or fee.

rrr.  **Retention of Collateral**: The validity and priority of the RHMT $100K TD shall remain in full force and effect following the Effective Date.

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

Disclosure Statement-3rdAm

Deleted: 2NDAm

Classification: Class 12.2 consists of the RH Meine Trust ("RHMT") Claim—Note Secured by 5th Position Deed of Trust on FISHER, defined to be a Promissory Note ("RHMT $93K Note") in the principal amount of $93,000 executed by Debtor in favor of RHMT, a Note secured by a Deed of Trust on Debtor's 51% interest in FISHER of even date and recorded in the Office of the Orange County Recorder ("RHMT $93K TD").

Treatment: Class 12.2 is impaired under the Plan. Except to the extent that RHMT agrees to different treatment, in full satisfaction of the Class 12.2 Claim the RHMT $93K NOTE and the RHMT $93K TD shall be modified as follows:

sss.    Principal Amount: The RHMT $93K Note shall have a principal amount of $93,000.

ttt.    Interest:  The pre-petition and post-petition interest that will accrue and has accrued on the above Principal shall be calculated at the non-default rate set in the RHMT $93K NOTE, or such other interest rate as shall be determined by the Court or as Debtor and RHMT may agree, and any accelerated interest rate shall be disallowed.

uuu.    Attorneys' Fees: To the extent such fees and related costs are authorized under the  RHMT $93K NOTE, they shall be paid when the Principal is paid.

vvv.    Payments/Maturity Date: Unless otherwise agreed by Debtor and RHMT, or as determined by the Court, a single payment of Principal, Interest, and Attorneys' Fees shall be paid to RHMT from the sale of FISHER, but in no event shall this date be later than December 31, 2012.

www.   Principal Reduction Payments: Debtor may make a principal reduction payment on or payment in full of the RHMT $93K NOTE, at his option, at any time prior to the Maturity Date, without any prepayment payment penalty or fee.

xxx.    Retention of Collateral: The validity and priority of the RHMT $93K TD shall remain in full force and effect following the Effective Date.

Classification: Class 13 consists of the First Franklin Financial Corporation ("FFFC") Claim— Note Secured by 1st Position Deed of Trust on Property 7/28106 and 28192 Silverado Canyon Road, Silverado, CA, defined to be a Promissory Note ("FFFC Note") in the principal amounts of $480,000 executed by Debtor in favor of FFFC in July 2005, a Note secured by a Deed of Trust of even date and recorded in the Office of the Orange County Recorder ("FFFC TD").

Disclosure Statement-3rdAm

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

Treatment: Class 13 is impaired under the Plan. Except to the extent that FFFC agrees to different treatment, in full satisfaction of the Class 13 Claim the FFFC Note and the FFFC TD shall be modified as follows:

yyy.    Principal Amount: The FFFC Note shall have a principal amount of $470,646.89. ◄ ---- | **Formatted:** Bullets and Numbering |

zzz.    Interest:  The pre-petition and post-petition interest that will accrue and has accrued on the above Principal shall be calculated at the non-default rate set in the FFFC NOTE, or such other interest rate as shall be determined by the Court or as Debtor and FFFC may agree, and any accelerated interest rate shall be disallowed.

aaaa.    Attorneys' Fees: To the extent such fees and related costs are authorized under the FFFC NOTE, they shall be paid when the Principal is paid.

bbbb.    Payments/Maturity Date: Unless otherwise agreed by Debtor and FFFC, or as determined by the Court, the FFFC Note shall be amended and restructured to provide for payments, as follows: (i) starting on the 1st calendar day of the first full month after the Effective Date, a monthly payment of $1,500, for 12 months; (2) $2,000/month for the next 12 months; (iii) $2,500/month for the next 12 months; $3,000 for the next 12 months; (iv) $3,500 for the next 72 months; and (vi) a balloon payment on the 120th month after the Effective Date. In addition, on the Effective Date, any cash collateral remaining in the Debtor in Possession account for Property 7 forthwith shall be paid to FFFC, and that account closed.

cccc.    Principal Reduction Payments: Debtor may make a principal reduction payment on or payment in full of the FFFC Note, at his option, at any time prior to the Maturity Date, without any prepayment payment penalty or fee.

dddd.    Retention of Collateral: The validity and priority of the FFFC TD shall remain in full force and effect following the Effective Date.

Class 14: Agricredit ("AG") Claim—Note Secured by 1st Position lien on a 428-C Backhoe

Classification: Class 14 consists of the AG Claim—Note Secured by 1st Position Deed of Trust on FISHER, defined to be that certain Refinancing Agreement dated March 2009 ("AG Note") in the principal amount of $11,148.21 executed by Debtor in favor of AG, secured by a UC-1 from April 2006 on a 428-C backhoe ("AG LIEN").

Treatment: Class 14 is impaired under the Plan. Except to the extent that AG agrees to different treatment, in full satisfaction of the Class 4 Claim the AG Note and the AG LIEN shall be modified as follows:

-36-

| **Deleted:** 2NDAm |

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

Disclosure Statement-3rdAm

eeee.  Principal Amount: The AG Note shall have a principal amount of $11,008.

ffff.  Interest:  The pre-petition and post-petition interest that will accrue and has accrued on the above Principal shall be calculated at the non-default rate set in the AG Note, or such other interest rate as shall be determined by the Court or as Debtor and AG may agree, and any accelerated interest rate shall be disallowed.

gggg.  Attorneys' Fees: To the extent such fees and related costs are authorized under the AG NOTE, they shall be paid when the Principal is paid.

hhhh.  Payments/Maturity Date: Unless otherwise agreed by Debtor and AG, or as determined by the Court, a single payment of all sums required to cure any default due to AG on the AG NOTE shall be paid to AG from the sale of FISHER, but in no event shall this date be later than December 31, 2012, and thereafter DEBTOR shall pay the AG NOTE according to its terms.

iiii.  Principal Reduction Payments: Debtor may make a principal reduction payment on or payment in full of the AG Note, at his option, at any time prior to the Maturity Date, without any prepayment payment penalty or fee.

jjjj.  Retention of Collateral: The validity and priority of the AG LIEN shall remain in full force and effect following the Effective Date.

Class 15: Plumbing Customs, fka West Coast Plumbing and Martin Vellandi ("WCP") Claim—April 2009 Mechanic's Lien on LADD

Classification: Class 15 consists of the WCP Claim regarding disputed work performed at and goods supplied to LADD in 2006-2008. 1997 ("WCP CLAIM"), a claim secured by a 3rd priority mechanic's lien recorded in April 2009 in the Office of the Orange County Recorder on April 1, 1997 ("WCP LIEN").

Treatment: Class 15 is impaired under the Plan. Except to the extent that WCP agrees to different treatment, in full satisfaction of the Class 15 Claim the WCP CLAIM and the WCP LIEN shall be modified as follows:

kkkk.  Principal Amount: The WCP CLAIM shall have a principal amount of $17,000, only.

llll.  Interest:  The pre-petition and post-petition interest that will accrue and has accrued on the above Principal shall be calculated at 5% simple annual interest, or such other interest rate as shall be determined by the Court or as Debtor and WCP may agree, and any accelerated interest rate shall be disallowed.

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

Disclosure Statement-3rdAm

Formatted: Bullets and Numbering

Formatted: Bullets and Numbering

Deleted: 2NDAm

mmmm.   Attorneys' Fees: To the extent such fees and related costs are authorized under the WCP CLAIM or applicable non-bankruptcy law, they shall be paid when the Principal is paid.

nnnn.   Payments/Maturity Date: Unless otherwise agreed by Debtor and WCP, or as determined by the Court, a single payment of Principal, Interest, and Attorneys' Fees shall be paid to WCP from the sale of LADD, but in no event shall this date be later than December 31, 2012.

oooo.   Principal Reduction Payments: Debtor may make a principal reduction payment on or payment in full of the WCP CLAIM, at his option, at any time prior to the Maturity Date, without any prepayment penalty or fee.

pppp.   Retention of Collateral: WCP LIEN shall remain in full force and effect following the Effective Date.

Class 16: W.B. Contento ("WBC") Claim—Winnebago Lien

Classification: Class 16 consists of the WBC Claim regarding a purchase money loan to buy a 2002 Winnebago ("WBC Note"), secured by a lien on it filed with the DMV ("WBC LIEN").

Treatment: Class 16 is impaired under the Plan. Except to the extent that WBC agrees to different treatment, in full satisfaction of the Class 16 Claim the WBC Note and the WBC LIEN shall be modified as follows:

qqqq.   Principal Amount: The WBP Note shall have a principal amount of $32,000.

rrrr.   Interest:  The pre-petition and post-petition interest that will accrue and has accrued on the above Principal shall be calculated at 10% simple annual interest or such other interest rate as shall be determined by the Court or as Debtor and WBC may agree, and any accelerated interest rate shall be disallowed.

ssss.   Attorneys' Fees: To the extent such fees and related costs are authorized under the WBC NOTE or applicable non-bankruptcy law, they shall be paid when the Principal is paid.

tttt.   Payments/Maturity Date: Unless otherwise agreed by Debtor and WBC, or as determined by the Court, a single payment of Principal, Interest, and Attorneys' Fees shall be paid to WBC from the sale of LADD, but in no event shall this date be later than December 31, 2012.

uuuu.   Principal Reduction Payments: Debtor may make a principal reduction payment on or payment in full of the WBC Note, at his option, at any time prior to the Maturity Date, without any prepayment payment penalty or fee.

-38-

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

Disclosure Statement-3rdAm

**Class 17:** Main Street Santa Ana LLC ("MAIN") Claim—Note Secured by 3rd Position Deed of Trust on LADD

Classification: Class 17 consists of the MAIN Claim—Note Secured by 3rd Position Deed of Trust on LADD, defined to be a certain Promissory Note or guarantee ("MAIN Note") in the principal amount of $400,000 executed by Debtor in favor of MAIN, a Note which secured by a Deed of Trust recorded in the Office of the Orange County Recorder ("MAIN TD").

Treatment: Class 17 is impaired under the Plan. Except to the extent that MAIN agrees to different treatment, in full satisfaction of its Class 17 Claim the MAIN Note and the MAIN TD shall be modified as follows:

    vvvv.  **Principal Amount:** The MAIN Note shall have a principal amount of $400,000. [Formatted: Bullets and Numbering]

    wwww.  **Interest:** The pre-petition interest that accrued on the above Principal shall be calculated at the non-default rate set in the MAIN NOTE, or such other interest rate as shall be determined by the Court or as Debtor and MAIN may agree, and any accelerated interest rate shall be disallowed. The post-petition interest rate interest that has accrued, and will accrue on the above Principal until it shall be paid in full as provided in this Plan shall be calculated at the non-default rate set in the MAIN Note, or such other interest rate as shall be determined by the Court or as Debtor and MAIN may agree, and any accelerated interest rate shall be disallowed.

    xxxx.  **Attorneys' Fees:** To the extent such fees and related costs are authorized under the MAIN Note, they shall be paid when the Principal is paid.

    yyyy.  **Payments/Maturity Date:** Unless otherwise agreed by Debtor and MAIN, or as determined by the Court, a single payment of Principal, Interest, and Attorneys' Fees shall be paid to MAIN from the sale of LADD, or any parcelized portion thereof, but in no event shall this date be later than December 31, 2012.

    zzzz.  **Principal Reduction Payments:** Debtor may make a principal reduction payment on or payment in full of the MAIN Note, at his option, at any time prior to the Maturity Date, without any prepayment payment penalty or fee.

    aaaaa.  **Retention of Collateral:** Subject to any superpriority secured loan in the principal sum of up to $1.2 MM that Debtor may obtain against LADD in a position senior to the MAIN NOTE prior to or as a part of confirmation of the Plan, the validity and priority of the MAIN TD shall remain in full force and effect following the Effective Date.

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

Disclosure Statement-3rdAm

[Deleted: 2NDAm]

<u>Class 18:</u> Main Street Santa Ana LLC ("MAIN LLC") Claim—Note Secured by 1st Position Deed of Trust on Property 8

Classification: Class 18 consists of the MAIN Claim—Note Secured by 1st Position Deed of Trust on Property 8, defined to be a certain Promissory Note ("MAIN LLC Note") in the principal amount of $37,500 executed by Debtor in favor of MAIN LLC, a Note secured by a Deed of Trust recorded in the Office of the Orange County Recorder ("MAIN LLC TD").

Treatment: Class 18 is impaired under the Plan. Except to the extent that MAIN LLC agrees to different treatment, in full satisfaction of its Class 18 Claim the MAIN LLC Note and the MAIN LLC TD shall be modified as follows:

bbbbb.    <u>Principal Amount:</u> The MAIN LLC NOTE shall have a principal amount of $37,500.

ccccc. <u>Interest:</u>  The pre-petition interest that accrued on the above Principal shall be calculated at the non-default rate set in the MAIN LLC NOTE, or such other interest rate as shall be determined by the Court or as Debtor and MAIN LLC may agree, and any accelerated interest rate shall be disallowed. The post-petition interest rate interest that has accrued, and will accrue on the above Principal until it shall be paid in full as provided in this Plan shall be calculated at the non-default rate set in the MAIN LLC NOTE, or such other interest rate as shall be determined by the Court or as Debtor and MAIN LLC may agree, and any accelerated interest rate shall be disallowed.

ddddd.    <u>Attorneys' Fees:</u> To the extent such fees and related costs are authorized under the MAIN LLC Note, they shall be paid when the Principal is paid.

eeeee.    <u>Payments/Maturity Date:</u> Unless otherwise agreed by Debtor and MAIN, or as determined by the Court, in addition to any net cash collateral from Property 8, a single payment of Principal, Interest, and Attorneys' Fees shall be paid to MAIN LLC from the sale of LADD, or any parcelized portion thereof, or of Property 8, but in no event shall this date be later than December 31, 2012.

fffff.    <u>Principal Reduction Payments:</u> Debtor may make a principal reduction payment on or payment in full of the MAIN LLC Note, at his option, at any time prior to the Maturity Date, without any prepayment payment penalty or fee.

ggggg.    <u>Retention of Collateral:</u> The validity and priority of the MAIN TD shall remain in full force and effect following the Effective Date.

Formatted: Bullets and Numbering

Disclosure Statement-3rdAm

Deleted: 2NDAm

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

1  <u>Class 18.1:</u> Commercial Bank of California ("CBC") Claim-2—Note Secured by 2nd Position

2  Deed of Trust on Property 3, 4, 5, and 6

3

4  Classification: Class 18.1 consists of the CBC Claim-2—Note Secured by 1st Position Deed of

5  Trust on Property 3, 4, 5, and 6, defined to be a certain Promissory Note ("CBC DISPUTED

6  NOTE") in the principal amount of $400,000 allegedly executed by Debtor on 6/4/2007 in favor

7  of CBC, a Note secured by a Deed of Trust recorded as Document No. 2007000371320 in the

8  Office of the Orange County Recorder ("CBC DISPUTED TD").

9

10  Treatment: Class 18.1 is impaired under the Plan. On confirmation of this Plan, the CBC

11  DISUTED NOTE shall be cancelled, void, and of no force and effect, and the CBC DISPUTED

12  TD also cancelled, void, and of no force and effect. REINHART shall be authorized to execute

13  any and all appropriate reconveyance of this CBC DISUTED TD, as the authorized agent of

14

15  CBC, if CBC does not reconvey it itself by the date that is 30 days after the Effective Date.

16  <u>Class 18.2:</u> Main St.-Santa Ana LLC ("MAIN") Claim-2—Note Secured by 2nd Position Deed

17  of Trust on Property 3, 4, 5, and 6

18

19  Classification: Class 18.2 consists of the Main Claim-2—Note Secured by 2nd Position Deed

20  of Trust on Property 3, 4, 5, and 6, defined to be a certain Promissory Note ("MAIN

21  DISPUTED NOTE") in the principal amount of $75,000 allegedly executed by Debtor on

22  1/3/2008 in favor of Main Street-Santa Ana, LLC, a Note secured by a Deed of Trust recorded

23  as Document No. 2008-10330 in the Office of the Orange County Recorder ("MAIN DISPUTED

24  TD").

25

26      Treatment: Class 18.2 is impaired under the Plan. On confirmation of this Plan, the
        MAIN DISPUTED NOTE shall be cancelled, void, and of no force and effect, and the
27      MAIN DISPUTED TD also cancelled, void, and of no force and effect. REINHART shall
        be authorized to execute any and all appropriate reconveyance of this MAIN DISPUTED

28

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

Disclosure Statement-3rdAm

**Deleted:** DISUTED

**Deleted:** 2NDAm

TD, as the authorized agent of MAIN, if MAIN does not reconvey it itself by the date that is 30 days after the Effective Date.

**2)    Classes of Priority Unsecured Claims**

Certain priority claims that are referred to in Code Sections 507(a)(3), (4), (5), (6), (7), (8), (9), and (10) are required to be placed in classes. These types of claims are entitled to priority treatment as follows: the Code requires that each holder of such a claim receive cash on the Effective Date equal to the allowed amount of such claim. However, a class of unsecured priority claimholders may vote to accept deferred cash payments of a value as of the Effective Date, equal to the allowed amount of such claims.

The following lists all classes containing REINHART's 507(a)(3-10) claims:

REINHART has no priority unsecured claims pursuant to 507(a)(3-7 or 9-10), but he does have the following 507(a)(8) claims:

a.    Internal Revenue Service:  Filed at $31,698, but estimated by REINHART at less. Unless this claim dispute is resolved, and unless the IRS and Debtor otherwise agree or this Court orders differently, REINHART intends to file an objection to same, but will pay 100% of the principal balance of IRS' allowed priority claim, and all prepetition and postpetition statutory interest thereon at the IRS' normal rate(s),  at the rate of at least $100/month starting 30 days after the Effective Date of the Plan, with any balance due being paid in full no later than July 6, 2014, and shall be paid in full prior to the payment of the claims of any allowed  general unsecured creditors.

b    CA Franchise Tax Board:  Filed at $17,972, but estimated by REINHART at less. Unless this claim dispute is resolved, and unless the FTB and Debtor otherwise agree or this Court orders differently, REINHART intends to file an objection to same, but will pay

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

Deleted: 2NDAm

100% of the principal balance of IRS' allowed claim, and all prepetition and postpetition

statutory interest thereon at the FTB's normal rate(s),  at the rate of at least $100/month

starting 30 days after the Effective Date of the Plan, with any balance due being paid in full no

later than July 6, 2014, and shall be paid in full prior to the payment of the claims of any

allowed  general unsecured creditors.

**3)      Class of General Unsecured Claims**

General unsecured claims are unsecured claims not entitled to priority under Code

Section 507(a). The following chart identifies this Plan's treatment of the class containing all of

REINHART's general unsecured claims.    Attached to this Disclosure Statement is a list of

each unsecured creditor and its allowed claim amount.

| CLASS | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 19 | General Unsecured claims = Approx. 33 claims<br><br>Total amount of claims = approx. $400,000 | Y | Pymt Interval – 1 pmt at close of escrow from the first available net sales proceeds of the above real properties, but no later than December 31, 2012.<br>Interest rate 5%<br>Total  Payout =approx. $450,000 |

**4)      Class(es) of Interest Holders**

Interest holders are the parties who hold ownership interest (i.e., equity interest) in the

Debtor. If the Debtor is a corporation, entities holding preferred or common stock in the Debtor

are interest holders.  If the Debtor is a partnership, the interest holders include both general

and limited partners.  If the Debtor is an individual, the Debtor is the interest holder. The

following chart identifies the Plan's treatment of the class of interest holders.

-43-

Disclosure Statement-3rdAm

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

Deleted: 2NDAm

| Class | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 20 | Interest holder – CARL H Reinhart | N | After all other classes of creditors, administrative claims, and taxes have been paid in full, the class 20 claimholder will retain all properties and receive whatever sums remain |

D.    **Means of Effectuating the Plan**

   1)    **Funding for the Plan**

   The Plan will be funded by operations, sale and/or refinance of the above-described real properties, as well as REINHART's post-bankruptcy earnings.

   2)    **Post-Confirmation Management**

   REINHART will remain in control of the Debtor and all estate assets.

   3)    **Disbursing Agent**

   REINHART shall act as the disbursing agent for the purpose of making all distributions provided for under the Plan, other than payments to be made through any escrow in connection with the sale of any real property.   The Disbursing Agent shall serve without bond and shall not be compensated for distribution services rendered. The net proceeds of sale or refinance will be maintained in a segregated interest-bearing account ("Fund").  The Fund will be used for payments required under the Plan.

E.    **Risk Factors**

   The proposed Plan has at least he following risks:  REINHART may be unable to complete and sell LADD, and a lender secured thereon may foreclose on it. If LADD is foreclosed, this Plan may not be completed. REINHART may be unable to sell FISHER at a price sufficient to pay all debt secured thereon. REINHART may be unable to sell Property 4 and 5 described above.

Pagani and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

Deleted: 2NDAm

F.    **Other Provisions of the Plan**

    1)    **Executory Contracts and Unexpired Leases**

REINHART is not a party to any executory contracts, but is the lessor to Canyon Market under an unexpired lease. Upon Confirmation of the Plan REINHART will assume that lease. All other unexpired leases are month to month.

    2)    **Governmental Regulation**

Debtor is not subject to governmental regulatory commission approval of its rates.

G.    **Tax Consequences of Plan**

CREDITORS AND INTEREST HOLDERS CONCERNED WITH HOW THE PLAN MAY AFFECT THEIR TAX LIABILITY SHOULD CONSULT WITH THEIR OWN ACCOUNTANTS, ATTORNEYS, AND/OR ADVISORS. The following disclosure of possible tax consequences is intended solely for the purpose of alerting readers abut possible tax issues this Plan may present to the Debtor.  REINHART CANNOT AND DOES NOT represent that the tax consequences contained below are the only tax consequences of the Plan because the Tax Code embodies many complicated rules which make it difficult to state completely and accurately all the tax implications of any action.

The following are the tax consequences which the Plan will have on the Debtor's tax liability:  REINHART anticipates that neither the sale of FISHER nor the sale of a 5 acre portion of LADD with the improved or unimproved home on it will trigger any tax consequences to the Estate, and the sale of the other real properties will result the same way, or generate sufficient funds to pay all required income taxes thereon, as well as pay all creditors in full. However, a sale of the entire 92 acres of LADD with the completed home upon it probably will trigger tax consequences for the Estate, but after paying all allowed claims DEBTOR estimates he still will be able to defer any such gains in an IRS Code Section 1031 exchange.

H    **Objections to Claims**

REINHART shall have 180 days after confirmation of the Plan to file any objection to any claim that he may have.

-45-

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

Disclosure Statement-3rdAm

Deleted: ¶

Deleted: 2NDAm

IV.

CONFIRMATION REQUIREMENTS AND PROCEDURES

PERSONS OR ENTITIES CONCERNED WITH CONFIRMATION OF THIS PLAN SHOULD CONSULT WITH THEIR OWN ATTORNEYS BECAUSE THE LAW ON CONFIRMING A PLAN OF REORGANIZATION IS VERY COMPLEX. The following discussion is intended solely for the purpose of alerting readers about basic confirmation issues, which they may wish to consider, as well as certain deadlines for filing claims. REINHART CANNOT AND DOES NOT represent that the discussion contained below is a complete summary of the law on this topic.

Many requirements must be met before the Court can confirm a Plan. Some of the requirements include that the Plan must be proposed in good faith, acceptance of the Plan, whether the Plan pays creditors at least as much as creditors would receive in a Chapter 7 liquidation, and whether the Plan is feasible. These requirements are not the only requirements for confirmation.

A.    **Who May Vote or Object**

1)    **Who May object to Confirmation of the Plan**

A creditor or interest holder has a right to vote for or against the Plan if that creditor or interest holder has a claim which is both (1) allowed or allowed for voting purposes and (2) classified in an impaired class.

a)    What is an Allowed Claim/Interest

As noted above, a creditor or interest holder must first have an allowed claim or interest to have the right to vote. Generally, any proof of claim or interest will be allowed, unless a party in interest brings a motion objecting to the claim. When an objection to a claim or interest is filed, the creditor or interest holder holding the claim or interest cannot vote unless the Court, after notice and hearing, either overrules the objection or allows the claim or interest for voting purposes.

THE BAR DATE FOR FILING A PROOF OF CLAIM IN THIS CASE passed on May 25, 2010. A creditor or interest holder may have an allowed claim or interest even if a proof of

-46-

Parker and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

Disclosure Statement- 3rdAm

| Deleted: 2NDAm |

1  claim or interest was not timely filed.  A claim is deemed allowed if (1) it is scheduled on the

2  Debtor's schedules and such claim is not scheduled as disputed, contingent or unliquidated,

3  and (2) no party in interest has objected to the claim.  An interest is deemed allowed if it is

4  scheduled and no party in interest has objected to the interest.    See the foregoing pages to

5  determine if your claim or interest has been characterized.

6          b)      What is an Impaired Claim/Interest

7          As noted above, an allowed claim or interest only has the right to vote if it is in a class

8  that is impaired under the Plan.  A class is impaired if the Plan alters the legal, equitable, or

9  contractual rights of the members of that class.  For example, a class comprised of general

10  unsecured claims is impaired if the Plan fails to pay the members of that class 100% of what

11  they are owed.

12          In this case, REINHART believes that all classes of creditors are impaired and that most

13  claims will be allowed as filed.  As such, every creditor in every class of claims is allowed to

14  vote.  Parties who dispute REINHART's characterization of his/her/its/their claim or interest as

15  being impaired or unimpaired may file an objection to the Plan contending that REINHART

16  incorrectly has characterized it or its role in a class.

17          c)      Who is Not Entitled to Vote

18          The following four types of claims are not entitled to vote: (1) claims that have been

19  disallowed: (2) claims in unimpaired classes; (3) claims entitled  to priority pursuant to Code

20  sections 507(a)(1), (a)(2) and (a)(8); and (4) claims in classes that do not receive or retain any

21  value under the Plan. Claims in unimpaired classes are not entitled to vote because such

22  classes are deemed to have accepted the Plan.  Claims entitled to priority pursuant to Code

23  sections 507(a)(1), (a)(2), and (a)(8) are not entitled to vote because such claims are not

24  placed in classes and they are required to receive certain treatment specified by the Code.

25  Claims in classes that do not receive or retain any value under the Plan do not vote because

26  such classes are deemed to have rejected the Plan.  EVEN IF YOUR CLAIM IS OF THE TYPE

27  DESCRIBED ABOVE, YOU MAY STILL HVE A RIGHT TO OBJECT TO CONFIRMATION OF

28  THE PLAN.

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6092

-47-

**Deleted:** 2NDAm

1           d)     Who can Vote in More than One Class

2          A creditor whose claim has been allowed in part as a secured claim and in part as an

3    unsecured claim is entitled to accept or reject a Plan in both capacities by casting one ballot for

4    the secured part of the claim and another ballot for the unsecured claim.

5           e)     Votes Necessary to Confirm the Plan

6          If impaired classes exist, the Court cannot confirm the Plan unless (1) at least one

7    impaired class has accepted the Plan without counting the votes of any insiders within that

8    class, and (2) all impaired classes have voted to accept the Plan, unless the Plan is eligible to

9    be confirmed by "cramdown" on non-accepting classes, as discussed later in Section IV.A.8.

10           f)     Votes Necessary for a Class to Accept the Plan

11          A class of claims is considered to have accepted the Plan when more than one-half

12    (1/2) in number and at least two-thirds (2/3) in dollar amount of the claims which actually voted,

13    voted in favor of the Plan. A class of interests is considered to have accepted the Plan when at

14    least (2/3) in amount of the interest-holders of such class which actually voted, voted to accept

15    the Plan.

16           g)     Treatment of Nonaccepting Classes

17          As noted above, even if <u>all</u> impaired classes do not accept the proposed Plan, the Court

18    may nonetheless confirm the Plan if the nonaccepting classes are treated in the manner

19    required by the Code.  The process by which nonaccepting classes are forced to be bound by

20    the terms of the Plan is commonly referred to as "cramdown".  The Code allows the Plan to be

21    "crammed down" on nonaccepting classes of claims or interests if it meets all consensual

22    requirements except the voting requirements of 1129(a)(8) and if the Plan does not

23    "discriminate unfairly" and is "fair and equitable" toward each impaired class that has not voted

24    to accept the Plan as referred to in 11 U.S.C. §1129(b) and applicable case law.

25           h)     Request for Confirmation Despite Nonacceptance by Impaired Class(es)

26          The party proposing this Plan, REINHART, asks <u>the Court</u> to confirm this Plan by

27    cramdown on impaired classes, if such classes are determined to exist, and if any of these

28    classes do not vote to accept the Plan.

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

-48-

Disclosure Statement-3rdAm

Deleted: 2NDAm

Please note that the proposed Plan treatment described by this Disclosure Statement cannot be crammed down on the following classes: NOT APPLICABLE. AS A RESULT, IF ANY OF THESE CLASSES DO NOT VOTE TO ACCEPT THE PLAN, THE PLAN MAY NOT BE CONFIRMED.

B.    **Liquidation Analysis**

Another confirmation requirement is the "Best Interest Test" which requires a liquidation analysis.  Under the Best Interest Test, if a claimant or interest holder is in an impaired class and that claimant or interest holder does not vote to accept the Plan, then that claimant or interest holder must receive or retain under the Plan property of a value not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code.

In a Chapter 7 case, a Debtor's assets are usually sold by a Chapter 7 Trustee. Secured creditors are paid first from the sales proceeds of properties on which the secured creditor has a lien.  Administrative claims are paid next.  Next, unsecured creditors are paid from any remaining sales proceeds, according to their rights to priority.  Unsecured creditors with the same priority share in proportion to the amount of their allowed claim in relationship to the amount of total allowed unsecured claims.  Finally, interest holders receive the balance that remains after all creditors are paid, if any.

For the Court to be able to confirm this Plan, the Court must find that all creditors and interest holders who do not accept the Plan will receive at least as much under the Plan as such holders would receive under a Chapter 7 liquidation.  REINHART maintains that this requirement is met here for the following reasons:  REINHART is proposing a Plan that will pay all at least 105% of their allowed claims.  If the case were converted and a Chapter 7 Trustee administered the estate's assets, REINHART estimates that all creditors would receive no better treatment.

C.    **Feasibility**

Another requirement for confirmation involves the feasibility of the Plan, which means that confirmation of the Plan is not likely to be followed by the liquidation, or the need for

-49-

Pagner and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

Disclosure Statement-3rdAm

Deleted: 2NDAm

1 further financial reorganization, of the Debtor or any successor to the Debtor under the Plan,

2 unless such liquidation or reorganization is proposed in the Plan.  Liquidation or refinance of

3 various real properties is proposed in the Plan.

4         There are at least two important aspects of a feasibility analysis.  The first aspect

5 considers whether the Debtor will have enough cash on hand on the Effective Date of the Plan

6 to pay all the claims and expenses which are entitled to be paid on such date.  REINHART

7 maintains that this aspect of feasibility is satisfied as illustrated here:

8         Cash Debtor will have on hand by the Effective Date          >$25,000

9         Est. Administrative Claims                    $80,000-100,000 (to be paid

10 when unencumbered funds are available, by agreement)

11         Other Plan Payments due on the
         Effective Date                                    None Known

12

13         Balance due, after paying these amounts          > TBD, after fee application.

14         The sources of the cash Debtor expects to have on hand by the Effective Date are cash

15 on hand in non-cash-collateral DIP accounts, net unencumbered proceeds of sale/refinance

16 and operations of real properties, and personal service income from Peninsula.  The second

17 aspect considers whether REINHART will have enough cash over the life of the Plan to make

18 the required Plan payments, and REINHART anticipates he will, from all of the above sources.

19

20         In summary the Plan proposes to pay over 100% to all creditors.  As the above

21 valuations indicate, Debtor expects to have sufficient funds to pay all allowed claims,

22 administrative costs and any post-confirmation taxes in full.

23         Debtor's proposed Plan is feasible.

24

25

26

27

28

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

-50-

Disclosure Statement-3rdAm

Deleted: 30
Deleted: 50

Deleted: After
Deleted: .

Deleted: Past and/or projected
Financial statements will be filed as a
supplement to this Disclosure
Statement prior to the hearing on
approval of same.

Deleted: 2NDAm

V.

EFFECT OF CONFIRMATION OF PLAN

A.1.    **Discharge**

Upon completion of all payments under the Plan, the Debtor shall be discharged of all

claims, liens, obligations and charges of any kind existing or arising prior to the Effective Date,

to the extent provided in and permitted by Section 1141(d)(5) of the Bankruptcy Code, of any

and all debts of, claims against, and liens on the Debtor and its assets or property, which debts

claims, and liens arose at any time before the entry of the Confirmation Order.  The discharge

of the Debtor shall be effective upon completion of all payments under the Plan as to each

claim, regardless of whether a Proof of Claim was filed, whether the Claims is an Allowed

Claim or whether the holder votes to accept the Plan.

A.2.    **Permanent Satisfaction and Injunction**

The rights afforded herein, and the treatment of all claims and interests set forth herein,

shall be in full exchange for, and in complete satisfaction, discharge and release of, all claims

and interests of any kind or nature whatsoever, whether known or unknown, matured or

contingent, liquidated or unliquidated, existing, arising or accruing, whether or not yet due,

prior to the Effective Date, including without limitation any claims, or interest on claims,

accruing on or after the Debtor's Petition Date, against the Debtor, the Estate or any assets or

property of either Debtor or the Estate.  Except as, and to the extent, expressly provided in the

Plan, upon the completion of all payments under the Plan: (a) all such claims against the

Debtor, the Estate or any assets or property of either of the foregoing, shall be deemed fully

and finally satisfied, discharged and released; and (b) all persons shall be fully and finally

barred, enjoined and precluded from asserting against Debtor or Estate or any of his/its

-51-

Disclosure Statement-3rdAm

Papper and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

**Deleted:** Notwithstanding any other provision of

**Deleted:** or the Bankruptcy Code on the Confirmation Date

**Deleted:** and the Confirmation Order shall operate as a discharge pursuant

**Deleted:** , and to

**Deleted:** fully

**Deleted:** on the Effective Date

**Deleted:** the Confirmation Order

**Deleted:**

**Deleted:** 2NDAm

respective assets, any such claims or interests, or any other claims or interests based upon any act or omission, transaction, agreement, right, privilege, duty entitlement, obligation or other event or activity of any kind or nature whatsoever that occurred prior to the Effective Date.

### A.3.  Exculpation

Upon the completion of all payments under the Plan, the Debtor and its agents and professionals (including counsel to the Debtor) shall be deemed to have no liability for any act or omission following the Petition Date in connection with relating to, or arising out of, the Debtor, the Bankruptcy Case, the administration of the Plan or the Disclosure Statement, or the property to be distributed under the Plan.  Nothing in this section shall be construed to release or exculpate any entity from fraud, gross negligence, willful misconduct, malpractice, criminal conduct, ultra vires acts or to discharge the Debtor prior to the receipt of its discharge pursuant to the Plan.

### B.  Revesting of Property in the Debtor

All non-exempt property of the Estate shall revest in Debtor only after all creditors provided for herein are paid as provided for under the Plan.

### C.  Modification of the Plan

REINHART may modify the Plan at any time before confirmation.  However, the Court may require a new disclosure statement and/or revoting on the Plan.

REINHART may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated and (2) the Court authorizes the proposed modifications after notice and a hearing.

Deleted: occurrence

Deleted: the Effective Date

Deleted: 2NDAm

Disclosure Statement-3rdAm

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

D.    **Post-Confirmation Status Report**

Within 120 days of the entry of the order confirming the Plan, REINHART shall file a

status report with the Court explaining what progress has been made toward consummation of

the confirmed Plan.  The status report shall be served on the United States Trustee, the twenty

largest unsecured creditors, and those parties who have requested special notice.  Further

status reports shall be filed every 120 days and served on the same entities until this case is

closed.

E.    **Quarterly Fees**

Quarterly fees accruing under 28 U.S.C. §1930(a)(6) to date of confirmation shall be

paid to the United States Trustee on or before the Effective Date of the Plan.  Quarterly fees

accruing under 28 U.S.C. §1930(a)(6) after confirmation shall be paid to the United States

Trustee in accordance with 28 U.S.C. §1930(a)(6) until entry of a final decree, or entry of an

order of dismissal or conversion to Chapter 7.

F.    **Post-Confirmation Conversion/Dismissal**

A creditor or party in interest may bring a motion to convert or dismiss the case under

§1112(b), after the Plan is confirmed, if there is a default in performing the Plan.  If the Court

orders the case converted to a Chapter 7 after the Plan is confirmed, then all property that had

been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan,

will revest in the Chapter 7 estate. The automatic stay will be reimposed upon the revested

property, but only to the extent that relief from stay was not previously authorized by the Court

during this case.

The order confirming the Plan may also be revoked under very limited circumstances.

The Court may revoke the order if the order of confirmation was procured by fraud and if the

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

Disclosure Statement-3rdAm

Deleted: 2NDAm

1   party in interest brings an adversary proceeding to revoke confirmation within 180 days after

2   the entry of the order of confirmation.

3   G.    **Final Decree**

4           Once the estate has been fully administered as referred to in Bankruptcy Rule 3022,

5   REINHART, or other party as the Court shall designate in the Plan Confirmation Order, shall

6

7   file a motion with the Court to obtain a final decree to close the case.

8   Date: 3/28/2011                                                                          Deleted: 1/21

9   _____

10  CARL H. REINHART

11  _____

12  R. Gibson Pagter, Jr.
    Pagter and Miller

13  Attorneys for CARL H. REINHART

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072
                                   -54-                                          Deleted: 2NDAm

Disclosure Statement-3rd△m

## EXHIBIT A - LIST OF ALL ASSETS

See Schedule B filed in this case on 7/22/09, and the amended Schedule B filed herein on 8/26/09.

## EXHIBIT B – FINANCIAL STATEMENTS

Unaudited balance sheet and income statement (accrual basis) as of 12/31/2010 and a set of post-Plan projections have been filed herein on 2/8/11 as Docket No. 124 and on 2/23/11 as Docket No 135.

> **Deleted:** will be
> **Deleted:** prior to the hearing
> **Deleted:** the Disclosure Statement

## EXHIBIT C – UNEXPIRED LEASES TO BE ASSUMED

Canyon Market Lease, where Debtor is lessor

> **Deleted:** .

## EXHIBIT D – EXECUTORY CONTRACTS TO BE ASSUMED

None.

## EXHIBIT E – LIQUIDATION ANALYSIS

Filed herein on 2/23/11 as Docket No 135.

> **Deleted:** Filed Separately with this Disclosure Statement¶

## EXHIBIT F – LIST OF ADMINISTRATIVE EXPENSE CLAIMS

Pagter and Miller, general counsel to Debtor.  Fees and costs allowed to Date: $0.  Paid to Date: Pre-petition retainer received $35,500; Applied to pre-petition services $5,925.80.

Paid after properly noticed Professional Fee Statements as of 1/19/2011 $29,574.20.

Estimated fees and costs incurred and to be incurred through Plan confirmation: approx. $80-100,000.

> **Deleted:** $30-50

## EXHIBIT G – LIST OF PRIORITY UNSECURED CLAIMS

|        | Claim as Filed | Claim, according to Debtor |
|--------|----------------|----------------------------|
| IRS    | $31,698        | $28,000 (approx.)          |
| FTB    | $17,972        | $10,000 (approx.)          |
| OC Tax | $  331         | $   331                    |

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

Disclosure Statement 3rdAm

> **Deleted:** 2NDAm

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### EXHIBIT H – LIST OF GENERAL UNSECURED CLAIMS

All unsecured Claims are in class 19; all are impaired.  No objections have been filed but REINHART anticipates he may object to one or more of such unsecured claims.

CREDITOR'S NAME        CLAIM as filed OR SCHEDULED        Whether DISPUTED

SEE ATTACHED

Papier and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

Disclosure Statement-3rdAm

-56-

Deleted: 2NDAm

Case 8:09-bk-16774-TA    Doc   Filed 01/21/11   Entered 01/21/11 17:13:35    Desc
Main Document    Page 57 of 58

Exhibit H - LIST OF GENERAL UNSECURED CLAIMS

All unsecured Claims are in class 19, all are impaired.  No objections have

been filed and REINHART anticipates he may object to one or more of such

unsecured claims.

| CREDITOR'S NAME | CLAIM as filed/SCHEDULED | Whether DISPUTED |
|---|---|---|
| Alan Short | $800/$2,008 | Yes |
| American Express | $17,000/$16,265 | No |
| Capital One | $7302/$7475 | No |
| Capital One (by PRA) | $13,000/$13,051 | No |
| Chase | $40,619/$41,899 | No |
| Citibank | $19,699/ | |
| Citibank | $24,155/ | No |
| City of NB | $250 | No |
| E. Kreditor | $2,000/$3,719 | No |
| Franchise Tax Bd | $Unk/$3,365 | Yes |
| Ganahl Lumber | $3,000/2,623 | No |
| Gladych & Asso | $1341/ | No |
| Geo Helland/R Reinhart | $50,000/ | No |
| HFC | $10,474/$10,723 | No |
| IRS | Unk/$3,086 | Yes |
| Juniper | $7762/NA | No |
| Kathy Shade | $10,000/NA | No |
| Lincoln Wholesale Elec | $3500/ | No |
| M Reinhart | $30,000/NA | No |

# Exhibit-H

| | | |
|---|---|---|
| M Britt | $2,500/ | Yes |
| M Lanphere | $1,700/ | Yes |
| Nat Constr Rental | $650/1265 | Yes |
| Orkin Pest | $210/ | No |
| Union Bank | $25059/$25383 | No |
| Walters Wholesale/ | $21,033//$1,200 | Yes |
| (nka Martin Vellandi/Plumbing Customs) | | |
| Walters Whoesale,By Ass'ec, CRA | $0/$1146 | Yes |
| Waste Mgmt | $500/ | No |
| Wells Fargo | $13,216/$12,848 | No |
| Wells Fargo | $4667/$4638 | No |
| Yocom-Baldwin | $40,000/ | No |

# Exhibit-H

| In re: CARL H. REINHART, | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 8:09-bk-16774 TA |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered have been placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **525 N. Cabrillo Park Drive, Suite 104, Santa And, CA 92701**

A true and correct copy of the foregoing document **REDLINED – THIRD AMENDED DISCLOSURE STATEMENT OF DEBTOR, CARL H REINHART, DESCRIBING CHAPTER 11 PLAN DATED 3/28/2011** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **3/28/11** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On **3/28/11** served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed. Those on the attached list will be served by U.S. Mail

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **3/28/11** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

**Hon. Theodor Albert - Courtesy Copy – 411 W. Fourth Street, Room 5097, Santa Ana, CA 92701 (Via Personal Delivery by O.C. Corporate Courier)**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 28, 2011 | IMELDA BYNOG | /s/ *Imelda Bynog* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                    **F 9013-3.1**

| In re: CARL H. REINHART, | | CHAPTER 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER 8:09-bk-16774 TA |

## TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

- **Christine M Fitzgerald:** cfitzgerald@scckg.com
- **Nancy S Goldenberg:** nancy.goldenberg@usdoj.gov
- **Patrick T Sullivan:** patricksullivan@lambertrogers.com
- **United States Trustee (SA):** ustpregion16.sa.ecf@usdoj.gov

## ALL SERVED BY U.S. MAIL

Jim T Tice
38 Sorrento
Irvine, CA 92614

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                           **F 9013-3.1**