Stephen F. Lambert (SBN 113868)
Patrick T. Sullivan (SBN 263613)
LAMBERT & ROGERS, APLC
359 West Madison Avenue, Suite 100
El Cajon, California 92020
Tel: (619) 588-7600/Fax: (619) 588-7889

Attorneys for Secured Creditor
COMMERCIAL BANK OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| IN RE:<br><br>CARL H. REINHART,<br><br>Debtor and<br>Debtor-in-Possession | Case No. : 8:09-bk-16774-TA<br><br>SECOND SUPPLEMENTAL OPPOSITION OF COMMERCIAL BANK OF CALIFORNIA TO DEBTOR'S MOTION FOR ORDER (1) APPROVING SECURED FINANCING PURSUANT TO SECTION 364(d); (2) DETERMINING GOOD FAITH FINDINGS; (3) FINDING 11 U.S.C. §363(c) APPLIES; (4) AUTHORIZING DEBTOR'S USE OF FUNDS; (5) AUTHORIZING REASONABLE LOAN COSTS AND LOAN FEES; DECLARATION OF RON DEL TORO<br><br>Date: April 14, 2011<br>Time: 2:30 p.m.<br>Courtroom 5B |

Commercial Bank of California ("Bank"), a secured creditor of Debtor and Debtor-in-Possession Carl H. Reinhart ("Debtor"), hereby opposes Debtor's *MOTION FOR ORDER (1) APPROVING SECURED FINANCING PURSUANT TO SECTION 364(d); (2) DETERMINING GOOD FAITH FINDING; (3) FINDING 11 U.S.C. §363(c) APPLIES; (4) AUTHORIZING DEBTOR'S USE OF THE FUNDS; (5) AUTHORIZING REASONABLE LOAN COSTS AND LOAN FEES*, Docket No. 113, as follows:

1.    Bank requests that the Court take judicial notice of its *OPPOSITION TO DEBTOR'S*

1 | *MOTION FOR ORDER (1) APPROVING SECURED FINANCING PURSUANT TO SECTION 364(d); (2) DETERMINING GOOD FAITH FINDING; (3) FINDING 11 U.S.C. §363(c) APPLIES; (4) AUTHORIZING DEBTOR'S USE OF THE FUNDS; (5) AUTHORIZING REASONABLE LOAN COSTS AND LOAN FEES*, Docket No. 126, and its *SUPPLEMENTAL OPPOSITION TO DEBTOR'S MOTION FOR ORDER (1) APPROVING SECURED FINANCING PURSUANT TO SECTION 364(d); (2) DETERMINING GOOD FAITH FINDING; (3) FINDING 11 U.S.C. §363(c) APPLIES; (4) AUTHORIZING DEBTOR'S USE OF THE FUNDS; (5) AUTHORIZING REASONABLE LOAN COSTS AND LOAN FEES*, Docket No. 139, and incorporates said oppositions by this reference.

2. Following the March 2, 2011, initial hearing on the Motion Bank has attempted to negotiate with Debtor a loan in the amount of $950,000 to complete construction of the Residence. However, said negotiations have not produced a loan agreement based upon Debtor's inability to supply Bank with necessary information and Debtor's refusal to accept the required terms and conditions.

3. Following the March 30, 2011, continued hearing on the Motion, Bank and Debtor continued to negotiate a loan. As part of these negotiations, with the permission of Debtor through his counsel, Bank's representatives along with experienced contractors with whom Bank has had extensive dealings, met with George Helland at the Ladd Property where they walked and viewed the Ladd Property and inspected the interior and exterior of the partially completed Residence. Bank's representative was supplied with the house plans that were produced in court on March 30, 2011 and asked Mr. Helland for any and all bids from subcontractors relating to the line item budget and asked for any additional detailed schedules for the completion of the Residence as well as the engineering and bids for the necessary road work and completion of landscaping and any other necessary site work. Bank's representative was informed that no such additional documents existed. Likewise, Bank's representative did not see any schedules, specifications or details as to the type, nature, brand, method of finish or installation of any appliance, trim, fixture, floor or wall covering, paving, flatwork, drainage or grading. Based upon its careful consideration of the state of completion of the Residence, the additional work necessary for completion, including the additional planning, bidding, estimating and coordinating the various tradesmen and suppliers, the uncertainty concerning the completed value of the Ladd Property, and Bank's lack of confidence in Debtor's ability to complete construction of the Residence in a timely manner and within a

1 budget, Bank could not, in its sound business judgment, approve any additional financing for this project.

2     4.    Given the uncertainties concerning the work needed for completion of the Residence, the value of the Ladd Property upon completion of the Residence, and a Debtor's questionable ability to complete construction of the Residence in a timely manner and within a budget, Bank's interest in the Ladd Property could not be deemed adequately protected if Bank's first and second position deeds of trust were to become subject to another loan encumbering the Ladd Property.

Dated: April 7, 2011                    LAMBERT & ROGERS, APLC


By:    */s/ Patrick T. Sullivan*
         Patrick T. Sullivan, Esq.
         Attorneys for Secured Creditor
         COMMERCIAL BANK OF CALIFORNIA

## DECLARATION OF RON DEL TORO

I, Ron del Toro, declare as follows:

1. If sworn as a witness, I would testify to the following facts of my own knowledge.

2. I am employed by Secured Creditor COMMERCIAL BANK OF CALIFORNIA ("Bank") as its Executive Vice-President and Manager of its Real Estate Loan Department. In connection with my duties as Department Manager, I supervise the Bank's files and records related to its real estate loans. The Bank's files and records are maintained and updated in the regular course of business, with each entry being made at or about the time of occurrence.

3. I am familiar with the Bank's loan file on loans to Debtor CARL H. REINHART ("Debtor") secured by the real property commonly known as 14311 Ladd Canyon Road, Silverado, California (the "Ladd Property"). I was the original loan officer for the Bank of Debtor's loan and I have closely monitored the Ladd Property since the loan inception.

4. Bank has made two loans to Debtor secured by the Ladd Property. A first in priority Deed of Trust secures a loan amount of approximately $1,907,000 A second in priority Deed of Trust secures a loan amount of approximately $498,000.

5. I have been a commercial real estate lender for over 25 years. My educational background includes a Bachelors of Science degree and a Masters in Business Administration (with a real estate development concentration) from the University of Southern California. I have extensive experience in residential subdivision financing and during my career I have financed the development of thousands of lots and homes located in many subdivisions and master-planned communities throughout Southern California.

6. Following the March 2, 2011, hearings on Debtor's Motion to Borrow and Approval of Debtor's Second Amended Disclosure Statement, myself, Carl Patsko, Bank's Executive Vice President and Chief Credit Officer, and K.P. Balkrishna, Bank's President, along with Bank's attorney, Stephen F. Lambert, met with Debtor and his attorney, R. Gibson Pagter, Jr., to discuss a loan from Bank to Debtor in the amount of $950,000 to finance the completion of the Residence on the Ladd Property.

7. Following this meeting, Bank's counsel prepared a Stipulation for Secured Financing Pursuant to 11 U.S.C. § 364(d), which I reviewed and approved, containing the terms and conditions that

Bank deemed acceptable and typical of a construction loan where, as in this case, repayment is likely to be completely collateral dependent. Among these terms and conditions were requirements that Debtor present Bank with detailed plans and specifications and budget for the completion of the Residence for Banks use in completing a cost analysis of the budget. Other Bank conditions were a stringent restriction on the use of the loan funds, certain deadlines for completion and sale of the Residence, and remedies for any default on the terms and conditions.

8. Debtor rejected many of the terms and conditions of the proposed Stipulation, including the restrictions on using the loan proceeds strictly within the budget and the requested deadlines for obtaining a certificate of occupancy and selling the Ladd Property.

9. On or about April 5, 2011, with the permission of Debtor through Debtor's counsel, I went to the Ladd Property accompanied by Curt Ensign and Frank Graceffa of New West Home, a home builder with whom Bank has an extensive relationship.

10. The three of us met with George Helland at the Ladd Property for about one hour. We walked and viewed the Ladd Property and inspected the interior and exterior of the partially-completed home on the Ladd Property (the "Residence"). We discussed with Mr. Helland the status of obtaining bids from sub-contractors who would be completing the remaining work on the Residence. Mr. Helland indicated that bids for the remaining work had not been received and that it would be a two to three week process, or maybe longer in some cases, before the estimates in the cost breakdown could be firmed up with actual bids from subcontractors.

11. We also discussed the cost to complete and pave the road leading to the Residence. Mr. Helland indicated this would require engineering work to be performed and submitted to the county for approval and only then could quantities of materials be estimated and the job bid with an actual paving contractor.

12. We discussed the status of the plans and Mr. Helland indicated they were complete enough for sub-contractors to be able to come and do take-offs in order to come up with bids for the remaining Residence construction and finishing items. However, before this could be accomplished many finishing decisions still needed to be made and these decisions would be made as things progressed. An example was the decision to install barnwood paneling or drywall with a textured paint finish. It was not possible

to bid the barnwood or the amount of drywall needed until this decision was made. Many other finishing decisions like this needed to be made before the costs in the budget could be backed up with bids. Based on this, all at the meeting agreed there was no way to know for sure what the remaining budget needed to be until bids and contracts from sub-contractors could be obtained. In a discussion with Messrs. Ensign and Graceffa after the meeting, both indicated it is in the finishing of a custom house like the Residence where cost over-runs and change orders are most likely to occur.

13. In conclusion, the remaining costs to complete are still just estimates by Debtor and Mr. Helland. Additional time and work remains to be certain about the budget, including county approvals for the road, finishing decisions, and additional planning, bidding, and coordinating the various tradesmen and suppliers.

14. After the meeting I met and conferred with Bank's senior management concerning the proposed loan. We carefully considered the Residence's state of completion, the remaining work needed to finish the Residence and the work needed to pave a road leading to the Residence. The uncertainty of the budget for the Residence and the road, together with the uncertainty concerning the completed value of the Ladd Property, the inability of Debtor to be able to cover cost over-runs, and our lack of confidence in Debtor's ability to timely complete the work within budget, leads us to the decision that we are unable to approve any additional financing for this project.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on April 7, 2011, at Costa Mesa, California.

_____
Ron del Toro

| In re:<br>CARL HEINZ REINHART | | CHAPTER 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER 8:09-bk-16774-TA |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
LAMBERT & ROGERS, APLC
359 West Madison Avenue, Suite 100
El Cajon, CA 92020

A true and correct copy of the foregoing document described <u>SECOND SUPPLEMENTAL OPPOSITION OF COMMERCIAL BANK OF CALIFORNIA TO DEBTOR'S MOTION FOR ORDER APPROVING SECURED FINANCING</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>April 8, 2011</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Evan C Borges    eborges@irell.com, bblythe@irell.com
- Deborah Conley    bkmail@prommis.com
- Christine M Fitzgerald    cfitzgerald@scckg.com
- Daniel K Fujimoto    wdk@wolffirm.com          ☒    Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On   April 8, 2011                                I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

JUDGE                                                                  DEBTOR
Hon. Theodor C. Albert                                       Carl Heinz Reinhart
United States Bankruptcy Court - Central District of California    P.O. Box 4476
411 West Fourth Street, Suite 5085                    Irvine, CA 92616
Santa Ana, CA 92701-4593                 ☒    Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 8, 2011 | Janice L. Rogers | _(signature)_ |
|---|---|---|
| Date | Type Name | Signature |

| In re: <br> CARL HEINZ REINHART                    Debtor(s). | CHAPTER 11 <br> CASE NUMBER 8:09-bk-16774-TA |
|---|---|

**ADDITIONAL SERVICE INFORMATION:**

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**

- Nancy S Goldenberg    nancy.goldenberg@usdoj.gov
- Christopher M McDermott    ecfcacb@piteduncan.com
- R G Pagter    gibson@pagterandmiller.com, pandm@pagterandmiller.com;pagterandmiller@yahoo.com
- John D Schlotter    ecfmail@aclawllp.com
- Patrick T Sullivan    patricksullivan@lambertrogers.com
- David A Tilem    davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
- Linh K Tran    bline.chapter13@blinellc.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Alan Steven Wolf    wdk@wolffirm.com

**II. SERVED BY U.S. MAIL:**

**MANUAL NOTICE LIST:**
SELECT PORTFOLIO SERVICING, INC.
PO Box 65777
Salt Lake City, UT 84165

Jim T Tice
38 Sorrento
Irvine, CA 92614

**TWENTY LARGEST UNSECURED CREDITORS**

American Express
Attn Managing Agent
P.O. Box 981535
El Paso, TX 79998

Capital One
Attn Managing Agent
P.O. Box 30273
Salt Lake City, UT 84130

Chase
Attn Managing Agent
P.O. Box 15298
Wilmington, DE 19850

Citi Bank
Attn Managing Agent
P.O. Box 6000
The Lakes, NV 89163

Eoin L. Kreditor, Esq.
Friedman Stroffe & Gerard PC
19800 MacArthur Blvd #100
Irvine, CA 92612

Franchise Tax Board
Special Procedures Branch
P.O. Box 2952
Sacramento, CA 95812-2952

Ganahl Lumber
P.O. Box 31
Anaheim, CA 92815

George Helland
2626 29th Street
San Diego, CA 92104

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

Lincoln Wholesale Electric Co.
Attn Managing Agent
1451-A Lincoln Blvd
Santa Monica, CA 90401

Marguerite Reinhart
18800 Florida St #333
Huntington Beach, CA 92648

Michael Britt
28435 Zurita
Mission Viejo, CA 92692

Michael Lanphere, Esq.
400 N Tustin Ave, Ste 225
Santa Ana, CA 92705

Peninsula Investment RE Broker
Attn Managing Agent
P.O. Box 14130
Irvine, CA 92623

Union Bank of California
Attn Managing Agent
Wilcox, AZ 85643

WB Contento
P.O. Box 6397
Santa Ana, CA 92701

Wells Fargo Bank
Attn Managing Agent
P.O. Box 10347
Des Moines, IA 50306

Yocum-Baldwin Development
Attn Managing Agent
3299 Horseless Carriage Dr
Norco, CA 92860

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1