Alan Steven Wolf, Bar No. 94665
Daniel K. Fujimoto, Bar No. 158575
THE WOLF FIRM
A Law Corporation
2955 Main Street, Second Floor
Irvine, CA  92614
Telephone:  (949) 720-9200
Facsimile:   (949) 608-0128

Attorneys for Creditor, The Huntington National Bank, as Trustee for Franklin Mortgage Asset Trust 2009-A, by Franklin Credit Management Corporation as Servicing Agent

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Carl Heinz Reinhart aka Carl H. Reinhart Jr.,<br><br>Debtor. | Bankruptcy No. 8:09-bk-16774-TA<br><br>Chapter 11<br><br>OPPOSITION TO DEBTOR'S THIRD AMENDED DISCLOSURE STATEMENT AND PLAN<br><br>Date: May 11, 2011<br>Time: 10:00 a.m.<br>Ctrm: 5B |

**TO THE HONORABLE THEODOR ALBERT, UNITED STATES BANKRUPTCY COURT JUDGE, DEBTOR AND DEBTOR'S COUNSEL, AND ALL OTHER PARTIES IN INTEREST**:

    The Huntington National Bank, as Trustee for Franklin Mortgage Asset Trust 2009-A, by Franklin Credit Management Corporation as Servicing Agent ("Franklin Credit") hereby objects to Debtor's Third Amended Disclosure Statement and Plan, and sets forth as follows:

    Franklin Credit is the holder of a claim secured only by a security interest in the Debtor's principal residence located at 19312 Fisher Lane, Santa Ana, CA 92705 (the

"Fisher Property.") On December 3, 2009 Franklin Credit filed a secured proof of claim in the amount of $64,020.22, including pre-petition arrears of $2,945.87. No objection has been filed to this claim. Franklin Credit is currently classified as Class 8 in the Third Amended Plan.

Franklin Credit is aware that there is a pending motion by the Debtor to approve a sale of the Fisher Property which motion is set for hearing on May 11, 2011, and that if the proposed sale thereafter closes on the terms set forth in the Debtor's motion, Franklin Credit would be paid in full out of escrow. Should the Court approve the sale, and if the sale closes, this objection will be moot, and will be withdrawn.

According to Debtor's Petition, the Debtor resided in the Fisher Property at the time he filed this case. According to Debtor's Schedule A, the value of the Fisher Property is $1,000,000.00. It is difficult to determine the claims against the Fisher Property; however, there appears to be a senior deed of trust held by Wells Fargo Bank in the approximate amount of $302,000, and three junior deeds of trust. Thus it would appear that Franklin Credit's claim is fully secured.

**THE DEBTOR'S PRIMARY RESIDENCE IS THE FISHER STREET PROPERTY AND FRANKLIN CREDIT'S CLAIM THEREFORE PROTECTED FROM MODIFICATION.**

The Fisher Property is listed as the Debtor's residence address on the Chapter 11 Petition. Claims secured by a security interest in a Debtor's primary residence are protected from modification by 11 U.S.C. § 1123(b)(5). Franklin Credit objected to the Debtor's prior Disclosure Statements and Plans on the basis that its' claim was secured by the Debtor's primary residence and thus cannot be modified [Docket No. 130]. The Debtor filed a response [Docket No. 131] to the prior objection stating that the Debtor no longer lives at the Fisher Property, and therefore reasoned that Franklin Credit's claim from the anti-modification protection afforded by 11 U.S.C. § 1123(b)(5).

1  The issue that presents itself here is "when is the determination of primary residence made?"  The Debtor apparently did reside at the Fisher Property when this proceeding was filed, but now claims to live somewhere else.

This factual scenario was recently addressed in the Chapter 11 case of In re Christopherson, 2011 Bankr. LEXIS 848 (N.D. Ohio 2011).  The Bankruptcy Court in that case surveyed case law, finding that there are two main lines of decisions; the majority viewpoint holding that the determination is made at the time the petition was filed, and the minority viewpoint holding that the determination is made based on the intent of the parties at the time the loan agreement was entered into.

> "The majority of courts has determined that the critical date is the petition filing date. In re Baker, 398 B.R. 198 (Bankr.N.D. Ohio 2008); See, e.g., In re Howard, 220 B.R. 716, 718 (Bankr.S.D.Ga. 1998); In re Lebrun, 185 B.R. 665, 666 (Bankr.D.Mass. 1995); In re Wetherbee, 164 B.R. 212, 215 (Bankr.D.N.H. 1994). This rationale is supported by the policy against postpetition modification. Courts following this view reason that the failure to consider the petition date could lead to creditor manipulation. In re Dinsmore, 141 B.R. 499, 505-06 (Bankr.W.D.Mich.1992).
> A minority of courts hold that a debtor's primary residence is determined at the time the security interest was created. In re Smart, 214 B.R. 63 (Bkrtcy.D.Conn., 1997)."

Presuming the Debtor did change his residence post-petition, the application of the above analysis to the instant case is straightforward because neither the majority nor the minority view hold that determination of primary residence is anytime later than the petition date.  In the present situation, the Debtor's post-petition move to a property other than the Fisher Property is irrelevant to the determination of primary residence.  Section 1123(b)(5) applies.

///

3

**THE PROPOSED PLAN VIOLATES 11 U.S.C. § 1123(b)(5)**

Debtor proposes to modify Franklin Credit's loan in that no payments will be made on the note and deed of trust. Instead, Franklin Credit's claim will be paid in a single lump sum from the sale of the Fisher Property no later than December 31, 2012.

Such a proposed modification violates 11 U.S.C. §1123(b)(5), which provides that a Chapter 11 Plan "may modify the rights of holders of secured claims, **other than a claim secured only by a security interest in real property that is the debtor's principal residence**…" See also Lievsay v. Western Fin. Sav. Bank, F.S.B. (In re Lievsay) (B.A.P. 9th Cir. 1996) 199 B.R. 705. Unless the Debtor's plan proposes to maintain current ongoing payments and cure arrears, the plan impermissibly modifies Franklin Credit's loan. As Franklin Credit's claim is fully secured by a deed of trust recorded against real property that qualifies as the Debtor's principal residence, Franklin Credit's claim is therefore protected against such a modification, the Third Amended Plan as proposed cannot be confirmed.

Because the proposed Third Amended Plan is not confirmable on its face, the Court cannot approve the Debtor's Third Amended Disclosure Statement. California Fed. Bank, F.S.B. v. Moorpark Adventure (In re Moorpark Adventure) (Bankr. C.D. Cal. 1993) 161 B.R. 254, 258. Franklin Credit therefore requests that the Court deny approval of Debtor's Third Amended Disclosure Statement.

Dated: April 21, 2011                    Respectfully submitted,

THE WOLF FIRM

By: /s/ Daniel K. Fujimoto
Daniel K. Fujimoto
Attorneys for Creditor, The Huntington National Bank, as Trustee for Franklin Mortgage Asset Trust 2009-A, by Franklin Credit Management Corporation as Servicing Agent