**R. GIBSON PAGTER JR**
California State Bar No.  116450
**PAGTER AND MILLER**
525 N. Cabrillo Park Drive, Suite 104
Santa Ana, CA 92701
Telephone: (714) 541-6072
Facsimile:  (714) 541-6897
Email: gibson@pagterandmiller.com

Attorneys for Debtor and Debtor in Possession

IN THE UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>CARL HEINZ REINHART,<br><br><br><br><br><br><br><br><br><br><br>          Debtor and Debtor-in-Possession. | Case No.  8:09-bk-16774 TA<br><br>Chapter  11<br><br>Supplemental<br>OPPOSITION BY DEBTOR TO MOTION FOR CONVERSION OR DISMISSAL; DECLARATION OF CARL REINHART AND R. GIBSON PAGTER, JR.<br><br>DATE:   5/10/11<br>TIME:   10:00 a.m.<br>PLACE: Courtroom 5B, 5th Floor<br>             411 W. Fourth Street<br>             Santa Ana, CA 92701 |

Debtor and Debtor in Possession, CARL HEINZ REINHART ("CARL"), opposes the Motion for Conversion or Dismissal by Secured Creditor, COMMERCIAL BANK OF CALIFORNIA ("CBC"), as follows.

Pagter and Miller
525 N Cabrillo Park Drive
Suite 104
Santa Ana, CA 92701
(714) 541-6072

Reinhart/Opp-by-DR-M-Convert-or-Dismissal-by-CCB-supp          1

1.  Debtor has filed a 3rd Amended Plan of Liquidation, which will provide more for creditors than they would get in a Chapter 7 case. As such, the case should not be converted or dismissed at this time, since it would not be in the best interest of all creditors, as is required under Section 1112 of the Bankruptcy Code, which states, in pertinent part that:

> "(b)(1) Except as provided in paragraphs (2) of the subsection (c) of this section, and section 1104(a)(3), on request of a party in interest, and after notice and hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interest of creditors and the estate, the court shall convert a case under this chapter to a case under Chapter 7 or dismiss a case under this chapter, whichever is in the best interests of the creditors and the estate, <u>if the movant establishes cause</u>. [Emphasis added.]
>
> (2)  The relief provide in paragraph [b](1) shall not be granted absent unusual circumstances specifically identified by the court that establish such relief is not in the best interests of creditors and the estate, if the debtor or another party in interest objects and establishes that --(A) there is a reasonable likelihood that a plan will be confirmed within… a reasonable period of time….

The attached Declaration of CARL details the status of his efforts to: (a) get LADD parcelized into a 5.4 acre parcel with the incomplete luxury home and an 86.4 acre remainder parcel, and (b) the OCTA Board's recent positive actions in placing the remainder on its short list for conservation acquisition.

Debtor seeks to liquidate all, and for most of this bankruptcy case has been trying to liquidate, most or all of the estate's saleable assets. What would a Chapter 7 trustee do with them? Exactly the same, but s/he would: (a) retain real estate brokers, at a 6%+ commission basis on sales, where CARL proposes to pay 0%; and (b) retain new lawyers and perhaps CPA(s), who will need to be educated on the complexities of this case at an enormous

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

Reinhart/Opp-by-DR-M-Convert-or-Dismissal-by-CCB-supp          2

expense to general unsecured and undersecured creditors; and (c) not reap the benefits of several years of CARL's post-confirmation personal services income as a real estate broker.. Where is CBC's proof that either conversion or dismissal of this case is in the best interests of ALL creditors? Absent proof of the required cause specified in the Code and case law, Debtor avers neither dismissal nor conversion is appropriate.

The "best interests of the estate" test focuses on whether the economic value of the estate is greater inside or outside of bankruptcy. In re Staff Investment Co., 146 B.R. 256, 261 (Bankr. E.D. Cal. 1992) (citations omitted) (the court in balancing the interest of the parties determines whether dismissal or conversion is in the best interest of the creditors and the estate). See also, In re Superior Siding & Window, Inc., 14 F. 3D 240 (4TH Cir. 1994). No such showing has been made by CBC in this case, and the Motion should therefore be denied.

## I. CONCLUSION

Based on the foregoing, Debtor respectfully requests that the Commercial Bank of California's Motion be denied.

DATED: 5/5/11        PAGTER AND MILLER

/S/ R. GIBSON PAGTER, JR., CA SBN 116450
R. GIBSON PAGTER, JR,
Attorney for Debtor and Debtor-in-Possession

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

Reinhart/Opp-by-DR-M-Convert-or-Dismissal-by-CCB-supp        3

## DECLARATION OF CARL HEINZ REINHART

I, CARL H. REINHART, Debtor and Debtor-in-Possession ("DEBTOR") in the above-referenced case, declare that I am over the age of 18 years. The facts contained herein are true and correct and of my personal knowledge.

1.  I am the Debtor and Debtor-in-Possession in the above-entitled case

2.  **SUMMARY OF STATUS of REAL PROPERTIES —changes since March 2011**

**19312 FISHER LANE, NORTH TUSTIN, CA:** A Motion to approve a sale of this property is set for hearing on 5/11/11, and should net the Estate over $71,000.

3.  **92 ACRES, LADD CANYON ROAD, SILVERADO, CA ("LADD"):** The Court denied my Motion to Borrow, but I have obtained a signed Listing Agreement from Engels & Voelker to market the property. In March 2010, I applied to the County of Orange for a tentative tract map, parcelizing LADD to allow the sale of the above single-family home on a small portion of the entire property, which I believe will provide for a maximum value of the entire property to my bankruptcy estate. A hearing is set on 5/18/11 for approval of a subdivision into a 5.4 acre parcel with the house, and a remainder parcel of 86.4 acres. The County of Orange staff has advised me it will recommend to the Subdivision Committee that my application be approved on 5/18/11.

In addition, on 4/18/11, the Orange County Transportation Authority Board approved for placement six (6) additional properties on its Group 2 list for future acquisition funding consideration. The remainder parcel is one of these six. I also have been working with the Silverado-Modjeska Recreation and Parks District District Board to encourage OCTA to buy my remainder parcel quickly, since it is now in the process of trying to acquire property to the immediate north (3rd TD holder, Takahashi) and south (CCRC, creditor secured on other property of my bankruptcy estate) of the remainder, and the bulk of the remainder could easily be added in that ongoing purchase process.

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

Reinhart/Opp-by-DR-M-Convert-or-Dismissal-by-CCB-supp        4

4. **28192-28222 Silverado Canyon (aka Properties 3, 4, 5, and 6)**

At the request of CCRC Farms, the senior secured creditor on these properties, I employed a broker of its choice, and have spent many hours working with that person toward agreeable listing and sales/leases. We have had several interested parties visit the site, especially the restaurant space, but have no firm contracts yet.

5.   If this case is dismissed, CBC will resume its trustee's foreclosure sale, originally set for a trustee's sale in July 2009, but stayed by the filing of this case. If CBC forecloses its 1st position deed of trust, it will render its $500,000 (+-) note/deed of trust unsecured, and render the existing $400,000 (+-) 3rd position note/deed of trust unsecured, and render the 4th position $35,000 (+-) note/deed unsecured. How will anyone but CBC be benefited by dismissal? Also, if CBC takes all the possible equity in LADD by foreclosure, how will all the priority and general unsecured creditors be in a better position that they are now?

I declare under penalty of perjury that the foregoing is true and correct. Executed on 5/5/11 at Orange County at Silverado, California.

*[signature]*

CARL REINHART

### DECLARATION OF R. GIBSON PAGTER

I, R. Gibson Pagter, Jr., declare:

1. I am a shareholder of Pagter and Miller, attorneys of record for Carl H. Reinhart, Debtor and Debtor-in-Possession ("Debtor") in the above-entitled matter. The facts contained herein are true and correct and of my personal knowledge.

2. I set aside my entire day on 5/3/11 to work on CARL's Supplement to Opposition to CBC's Motion to Dismiss or Convert and preparation of a new Plan and Disclosure Statement. At 100 AM on 5/3/11 I developed a high fever, and was bedridden until 5/4/11, when I (still feverish) had to appear at a contested Plan confirmation hearing in Los Angeles, a hearing which I could not pass off to anyone else in my office, and a hearing that lasted from 1 PM until 5 PM. I apologize to anyone prejudiced by this tardy filing.

I declare under penalty of perjury that the foregoing is true and correct. Executed on 5/5/11 at Santa Ana, California.

_____
R. GIBSON PAGTER, JR.

| In re: CARL H. REINHART, | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 8:09-bk-16774 TA |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **525 N. Cabrillo Park Drive, Suite 104, Santa Ana, CA 92701**

A true and correct copy of the foregoing document **SUPPLEMENTAL OPPOSITION BY DEBTOR TO MOTION FOR CONVERSION OR DISMISSAL; DECLARATION OF CARL REINHART AND R. GIBSON PAGTER, JR.** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **5/5/11** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On _____ served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Those on the attached list will be served by U.S. Mail

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **5/5/11** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**Hon. Theodor Albert – Courtesy Copy – 411 W. Fourth Street, Room 5097, Santa Ana, CA 92701**
**(Via Personal Delivery by O.C. Corporate Courier)**

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 5/5/11 | IMELDA BYNOG | /s/ *Imelda Bynog* |
|---|---|---|
| Date | Type Name | Signature |

Pagter and Miller
525 N Cabrillo Park Drive
Suite 104
Santa Ana, CA 92701
(714) 541-6072

| | |
|---|---|
| In re: CARL H. REINHART, | CHAPTER 11 |
| Debtor(s). | CASE NUMBER 8:09-bk-16774 TA |

## TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

- **Alan Steven Wolf:** wdk@wolffirm.com
- **Evan C Borges:** eborges@irell.com, bblythe@irell.com
- **Deborah Conley:** bkmail@prommis.com
- **Nancy S Goldenberg:** nancy.goldenberg@usdoj.gov
- **Christopher M McDermott:** ecfcacb@piteduncan.com
- **John D Schlotter:** ecfmail@aclawllp.com
- **Patrick T Sullivan:** patricksullivan@lambertrogers.com
- **David A Tilem:** davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
- **Linh K Tran:** bline.chapter13@blinellc.com
- **United States Trustee (SA):** ustpregion16.sa.ecf@usdoj.gov
- **Alan Steven Wolf:** wdk@wolffirm.com

## TO BE SERVED VIA EMAIL

**Stephen F. Lambert** - slambert@lambertrogers.com
**Jim T. Tice** - Jim.T.Tice@gmail.com

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

Reinhart/Opp-by-DR-M-Convert-or-Dismissal-by-CCB-supp        8